UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                  :

UNITED STATES OF AMERICA         :

                                  :

       -v.-                     :        22 Cr. 650 (JPO)

                                  :

MARTIN MIZRAHI               :

                                  :

                Defendant.     :

                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**THE DEFENDANT MIZRAHI'S PROPOSED**
**<u>EXAMINATION OF PROSPECTIVE JURORS</u>**

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
26 Federal Plaza, 38th Floor
New York, New York 10278

Benjamin Klein
Emily Deininger
Assistant United States Attorneys
    - Of Counsel -

Richard Portale, Esq.
Chad Mair, Esq.
Louis Fasulo, Esq.
Portale Randazzo LLP
245 Main Street, Suite 605
White Plains, New York 10601
Attorneys for the Defendant, Martin Mizrahi

UNITED   STATES   DISTRICT   COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

       - v. -

                                 22 Cr. 650 (JPO)

Martin Mizrahi,


                     Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## THE DEFENDANT'S PROPOSED
## <u>EXAMINATION OF PROSPECTIVE JURORS</u>

The Defendant respectfully requests, pursuant to Rule 24(a) of the Federal Rules of

Criminal Procedure, that the Court include the following questions in its examination of

prospective jurors.  The Defendant further respectfully request that the Court pursue more detailed

questioning if a prospective juror's answer reveals that further inquiry is appropriate and, in such an

instance, that the Court conclude with an inquiry as to whether the particular facts or circumstances

at issue would influence the prospective juror in favor of or against either the Government or the

Defendant.

## I.      <u>INTRODUCTORY INSTRUCTIONS</u>

Good morning/afternoon, ladies and gentlemen.  Welcome to the United States District Court

for the Southern District of New York.  My name is J. Paul Oetken, and I will be the judge presiding

over this matter.

Thank you for being here.  Jury service is one of the most important duties of citizenship, and our system of justice depends on citizens who are willing to meet their civic responsibilities. And so, while I know that this may not be the most convenient time for some of you to be here, your presence is important, and we are grateful to each of you for being here.

As you entered the courtroom, you should have received a questionnaire and a pencil from my courtroom Deputy.  Please do not read the questions or write anything on the questionnaires yet. I'd like to give you some preliminary instructions first.  I will then go over each list with you question by question.  Please listen carefully.

We are here to select a jury to try a criminal case titled *United States v. Martin Mizrahi.* This trial is expected to finish in March.  We will begin each weekday at 9:30 a.m. and conclude at 5 p.m., with a lunch break in the middle of the day. *(This is an example presented by the Defense. The Court will determine the trial schedule and breaks.)*

Our purpose is to make sure that we have a jury of citizens who will decide the issues in this case both fairly and impartially, and without any bias or prejudice in favor of, or against, either side; and who will decide the case based only on the evidence that is presented in court during the trial.  In order to do that, I am going to ask certain questions of each of you— questions about your personal background, your family, some of your beliefs and attitudes about certain matters, how you are employed, and so forth. You will in a minute be placed under an oath to answer my questions truthfully and completely. Do not leave out anything that is responsive to my questions.

My questioning is not intended to pry into your lives, but to make sure that we select fair and impartial jurors, who can listen to the evidence with an open mind, and decide the issues in this case based only on the sworn testimony given in this courtroom, on the exhibits received in evidence, and on my instructions as to the law.  The selection of such a jury is our goal at this point.

From your answers to my questions I will be able to determine whether you should be excused for cause—that is, for a good reason.  Your answers will also allow the Defense to make intelligent use of their peremptory challenges.  Peremptory challenges give each party the right to excuse a certain number of jurors without giving any reason for doing so.

If you are excused from serving as a juror in this case, you will be asked to return to the jury assembly room, where you will likely be sent to another courtroom to go through the same process in a different matter.  If you are excused, do not consider that a reflection on you personally.  This is all part of our system of justice, which is intended to provide all defense with a fair and impartial jury.  You will have done your duty by your presence and your readiness to serve if chosen.

My questions to you, and your answers to them, are not evidence in this case, and you should not regard them as having any bearing in this case.

Even though what you and I say here is not evidence, it is very important that you not say in open court something about the Defense in this case or about any other matter which might affect the open-mindedness and fairness of the other potential jurors.  If there are any matters that you feel should be disclosed to me because they might influence the other jurors, or any matters of a sensitive nature, you should ask to approach the bench to discuss them and I will have you speak with me and the attorneys in a private setting.

As I said, this is a criminal case.  The charges against the Defendant are set forth in an indictment.  An indictment is a formal document accusing a Defendant of a crime.  It is not evidence of any kind, and it is not proof that the Defendant did anything wrong at all; it merely states what crimes the government intends to try to prove the Defendant committed.  It is the government's burden to establish the Defendant's guilt beyond a reasonable doubt.  I will instruct the jury on what this burden of proof means after the evidence is presented.

The Defendant has pleaded "not guilty" to the indictment.  That is, he has denied the charges made by the government.  The accusations, and the Defendant's denial of those accusations, raise issues of fact that must be decided by a jury on the basis of evidence that will be presented in court.  Under our Constitution, the Defendant is presumed to be innocent, and that presumption remains with him throughout this whole process, even though the government has filed an indictment, and even though you are being called to serve as a juror. That presumption remains with him unless, if ever, the government proves the Defendant's guilt by competent evidence beyond a reasonable doubt. The Defendant is presumed to be innocent of the charges contained in the indictment.

## II.    THE CHARGES

Before we proceed, let me give you a brief summary of the case so that you have some sense of what it is about as we go through jury selection.  As I told you a moment ago, however, nothing I say is evidence. I remind you that the indictment is also not evidence.

This is a criminal case.  The Defendant, Mr. Martin Mizrahi, has been charged in an indictment with violating certain federal laws.  The indictment was returned by a grand jury sitting in this district and it simply contains the charges that the Government is required to prove beyond a reasonable doubt.

The indictment contains seven counts, or charges, against the Defendant, which I will briefly summarize:

- Count One charges the Defendant with conspiracy to commit wire fraud and bank fraud. As to the charge in Count One, the Defendant is alleged to have participated with others in a conspiracy to defraud corporations, banks, credit card companies, and other entities and to launder the fraud proceeds received, from those victims. The indictment alleges the conspiracy took place from at least in or about April 2021 through at least in or about June 2021, in the Southern District of New York and elsewhere.

- Count Two charges the Defendant with wire fraud.

It is alleged from at least in or about April 2021 through at least in or about June 2021, in the Southern District of New York and elsewhere, the Defendant knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, the Defendant participated in a scheme to defraud corporations, credit card companies and other entities through BEC schemes and by making unauthorized credit card charges using stolen credit card information, using interstate wires, including wire transfer requests and emails.

- Count Three charges the Defendant with bank fraud. It is alleged that from at least in or about April 2021 through at least in or about June 2021, in the Southern District of New York and elsewhere, the Defendant knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, the Defendant participated in a scheme to defraud financial institutions by submitting false information to banks and credit card companies regarding the purpose, intended use, and authorizations for wire transfers and credit card charges, using interstate wires, including emails.

- Count Four charges the Defendant with conspiracy to commit money laundering. It is alleged that from at least in or about February 2021 through at least in or about May 2021, the Defendant is alleged to have participated in a scheme to launder bulk cash narcotics proceeds by converting it into cryptocurrency, among other things, on behalf of individuals involved in a drug trafficking organization. The Defendant participated in a scheme to convert large amounts of bulk cash into cryptocurrency and then sent that cryptocurrency to cryptocurrency wallets controlled by the individuals who had provided the bulk cash.

- Count Five charges the Defendant with money laundering. It is alleged that from at least in or about February 2021 through at least in or about June 2021, in the Southern District of New York and elsewhere, the Defendant knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of a specified unlawful activity, to wit, the wire fraud and bank fraud charged in Counts Two and Three of this Examination, and the sale and distribution of narcotics, in violation of Title 21, United States Code, Section 841, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity.

- Count Six charges the Defendant with aggravated identity theft. It is alleged that from at least in or about April 2021 through at least in or about June 2021, in the Southern District of New York and elsewhere, the Defendant knowingly transferred, possessed, and

used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, in connection with the offenses alleged in Counts One, Two, and Three of this Examination, in or about May 2021, the Defendant received pictures of a driver's license and credit card of a third party along with directions for making charges on the third party's card, at which time the Defendant is alleged to have used this information to make charges on the third party's card.

- Count Seven charges the Defendant with conspiracy to operate an unlicensed money transmitting business. It is alleged that from at least in or about February 2021 through at least in or about June 2021, in the Southern District of New York and elsewhere, the Defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

## III.   <u>FUNCTION OF JURY</u>

Before I ask you specific questions, let me explain a few basic rules of law that must guide all of us during this trial.  The function of the jury is to decide questions of fact.  You who are chosen as jurors will be the only judges of the facts, and nothing the Court or the Defense say or do may in any way intrude on your role as the exclusive fact-finders, based only on the evidence presented.  When it comes to the law, as distinguished from the facts, however, you must take your instructions from the Court—that is, from me—and you are bound by those instructions.  You may not substitute your own ideas of what the law is or what you think it should be.  At the conclusion of the case, your job will be to determine whether the government has proven the Defendant's guilt beyond a reasonable doubt.

Let me add that, during the course of the trial, you will receive all the evidence you properly may consider to decide the case.  Because of this, unless and until you are excused as a juror, you must not attempt to gather any information on your own relating to the case.  Do not engage in any outside reading on this case; do not attempt to visit any places mentioned in the case; do not use the internet (including Google, Facebook, Twitter, or any other social media  site or website) to learn anything about the case, the law, or anyone involved in the case.  Do not do research of any nature. From this moment on it's very important for you not to talk to anyone—not even your fellow members of the jury panel or your family and friends—about the facts of the case or anyone involved in it. On your oath as jurors, you shall not violate this direction by me.

The reason for these rules, as I am certain you understand, is that your decision in this case must be made solely on the evidence presented at the trial.

## IV.   <u>SCHEDULE</u>

Before we turn to the questionnaires you received, let me briefly tell you about the schedule, although I will return to this topic later with the jurors who are selected.

Beginning tomorrow, we will start testimony promptly at 9:00am in the morning, and we will end each day at 4:30 in the afternoon, with one break in the morning, one break in the afternoon, and one half-hour break in the middle of the day, for lunch. *(This is an example presented by the Defense. The Court will determine the trial schedule and breaks.)*

And as long as we keep to this schedule—and I will do my part to make sure we do—we will get as much trial time each day.

## V.   <u>QUESTIONS TO JURORS</u>

Now, please listen carefully as I explain how we are going to proceed.  For reasons that I will explain, it is important for all of you to listen.  I am first going to ask each of you to answer the questions on the General Juror Questionnaire.

9

Before we proceed any further, I will ask my Deputy to administer the oath to all of you.

With that, please turn to the General Juror Questionnaire.

I am going to begin by reading aloud the questions on the General Juror Questionnaire. As I do, all of you should follow along on the questionnaire.  If your answer to any question on the General Juror Questionnaire is "yes," please use your pencil to circle the number of that question on your copy of the questionnaire.

After I finish reading aloud the questions, I am going to ask Juror Number One to tell us the number of each question on the General Juror Questionnaire to which he/she answered "yes." I may then ask that juror follow-up questions.

After I have heard Juror Number One's answers, I will then hear Juror Number Two's answers.

## VI.   <u>GENERAL JUROR QUESTIONNAIRE</u>

### *Ability to Sit as Jurors*

1.   Please state your juror number.  What is your name?

2.   Do you have a problem with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

3.   Do you have any medical problems that might interfere with your service as a juror in this case?

4.   Would sitting as a juror in this trial cause you any personal or financial hardship?

5.   Do you have any difficulty understanding or reading English?

6.   I expect this trial to take up to four weeks.  Do you have any commitments (such as work, travel, child or elder care, or the like), medical issues, or personal  problems that would interfere with your ability to serve as a juror during this time?

7.   Do you have any religious or ethical beliefs that would prevent you from rendering a fair and impartial verdict in a criminal case based upon the law and evidence?

10

### *Knowledge of the Case*

8.   Do you have any personal knowledge of the charges in the indictment, as I have described them?

9.   Have you read or heard anything about this case, or any similar case, in the media, on the internet, or through any other source that would prevent you from rendering a fair and impartial judgment in this case?

10. Do you know anything about this case other than what you have heard in open court?

*(If yes, the Defense respectfully request that the Court follow up, at side bar if appropriate, with the following)*:

a.      From whom did you hear about the case? (e.g., a friend, the newspaper, television) What did you hear/read/see?

b.      Based on anything that you have read, seen, or heard, have you formed any opinions about the investigation, the case, the charges, the Defendant, or the Government that might make it difficult for you to be a fair and impartial juror in this case?

### *Knowledge of the Defense, Lawyers, and Witnesses*

11. The Defendant in this case is Mr. Martin Mizrahi.  [*Please ask the Defendant to stand.*] He owns and was previously the president of LV.net LLC.  Do you know, or have you had any dealings, directly or indirectly, with the Defendant, or with any relative, friend, or associate of the Defendant?

12. To your knowledge, do any of your relatives, friends, associates, or employers know the Defendant?

13. The Defendant is represented by Richard Portale, a partner with the law firm Portale Randazzo, LLP.  He will be assisted by Chad Mair, an attorney with that law firm, and Louis Fasulo, of counsel to the firm Fasulo, Giordano, and DiMaggio, LLP. [*The Defense respectfully requests that the Court direct counsel and any paralegal to rise at this time.*]

11

14. Do you know Mr. Portale, Mr. Mair, Mr. Fasulo, or anyone who works at Portale Randazzo, LLP or Fasulo, Giordano, and DiMaggio?

15. Have you or your family members or close friends had any dealings, either directly or indirectly, with Mr. Portale, Mr. Mair, Mr. Fasulo, or anyone who works at Portale Randazzo, LLP or Fasulo, Giordano, and DiMaggio?

16. Do you have any knowledge of or experience with the law firm Portale Randazzo, Mr. Mair, Mr. Fasulo, or anyone who works at Portale Randazzo or Fasulo, Giordano, and DiMaggio that would affect your ability to be fair and impartial?

17. The United States, referred to here as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Damian Williams.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Benjamin Klein and Emily Deininger.  [*The Defense respectfully requests that the Court direct the AUSAs to rise at that time.*] Do any of you know U.S. Attorney Williams, Mr. Klein, or Ms. Deininger? To your knowledge, have you, your family members, or your close friends had any dealings, either directly or indirectly, with any of them?

18. The Assistant United States Attorneys will also be assisted in this case by X, a Special Agent of the Federal Bureau of Investigation, or FBI, and a paralegal in the United States Attorney's. [*The Defense respectfully requests that the Court direct Special Agent and the paralegal to rise at this time.*].  Do any of you know the Special Agent or paralegal?  Have you or your family members or close friends had any dealings, either directly or indirectly, with them?

19. Have you or your family members or close friends had any dealings, either directly or indirectly, with the United States Attorney's Office, or with the FBI, or any other law enforcement agencies involved in this case? *(Government to provide names of all federal and state agencies that will be referenced during the course of the Government's case. As to any prospective juror who*

*answers affirmatively, the Defense respectfully request that the Court inquire at sidebar into the circumstances of each matter and whether anything relating to their relationship to those entities may affect his or her ability to serve as a fair and impartial juror in this case.)*

20. I will now read the names of potential witnesses in this case, as well as other individuals or entities whose names may be mentioned during the trial.  If you know, or have heard of, any of these individuals, please indicate the letter which precedes that individual's name.

*(The Defense respectfully request permission to amend this list to add and/or remove names prior to the beginning of jury selection.)*

21. Do you know any of those people?  Are you familiar with any of these entities?  Have you had any dealings, directly or indirectly, with any of these people or entities?  To your knowledge, have any of your relatives, friends, or associates had any dealings with any of these people or entities?

22. Are you familiar with anyone else present in the courtroom, including your fellow jurors, any Court personnel, or me?

### *Experience With, and Opinions of, the Law Generally*

23. Have you, or has any close friend or relative of yours, ever studied or practiced law, or worked in any capacity for a law office?

24. Have you, or has any close friend or relative of yours, ever been involved in or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?

25. Have you, or has any close friend or relative of yours, been questioned in any matter by a law enforcement agency? (*As to any prospective juror who answers affirmatively, the Defense respectfully request that the Court inquire at sidebar into the circumstances of each matter and whether anything about that experience may affect his or her ability to serve as a fair and impartial juror in this case*.)

26. Have you, or has any close friend or relative of yours, ever been a witness or a complainant in any hearing or trial?

27. You may hear testimony in this case from a cooperating witness, that's a witness who at one time was involved in illegal activity but who now has pled guilty to crimes and is testifying on behalf of the government in the hope of receiving a lower sentence. Do you have any experience with, or feelings about, the use of cooperating witnesses generally, or the use of evidence or information obtained from cooperating witnesses that would make it difficult for you to render a fair and impartial verdict if you heard testimony from a cooperating witness?

28. Would you have any bias for or against the government because of evidence obtained in this manner?

29. Have you, or has any close friend or relative of yours, ever been charged with a crime? (*As to any prospective juror who answers affirmatively, the Defense respectfully request that the Court inquire at sidebar into the circumstances of each charged crime and whether anything about that experience may affect his or her ability to serve as a fair and impartial juror in this case.*)

30. Have you, or has any close friend or relative of yours, ever been the victim of a crime? (*As to any prospective juror who answers affirmatively regarding being the victim of a crime, the Defense respectfully request that the Court inquire at sidebar into the circumstances of each crime, whether the juror was satisfied with how law enforcement handled the investigation of that crime, and whether anything about that experience may affect his or her ability to serve as a fair and impartial juror in this case.*)

31. Have you, either through any experience you or a family member or close friend have had, or anything you have seen or read, developed any bias, prejudice, or other feelings for or against either Prosecutor's attorneys or Defense's attorneys?

32. Have you followed any criminal trials in the newspapers, magazines, on the Internet or on TV? Do you have any opinions or beliefs as a result of watching those trials which would make it difficult for you to evaluate the evidence in this case fairly and impartially in accordance with the Court's instructions?

33. Certain conduct at issue in this case took place at the following locations, does any juror know of any of the following locations:

> *(The Defense will provide the Court with a list of relevant places that may be mentioned during the trial.)*

### Case-Specific Questions

34. Have you formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes, or that the laws governing these offenses should not be enforced criminally, or that these crimes should not be prosecuted?  Do you believe that actions charged in the Indictment, as I have described them to you, should be prosecuted more aggressively than are presently being prosecuted, or that the punishments you believe may be imposed are insufficient?

35. During the trial, you will hear evidence concerning cryptocurrency.  Does anything about the fact that the charges involve cryptocurrency affect your ability to render a fair and impartial verdict?

36. During the trial, you will hear evidence concerning Bitcoin.  Does anything about the fact that the charges involve Bitcoin affect your ability to render a fair and impartial verdict?

37. During the trial, you will hear evidence concerning credit card processing.  Does anything about the fact that the charges involve credit card processing affect your ability to render a fair and impartial verdict?

38. Do you believe the use of Bitcoin or cryptocurrency is illegal in or itself?

39. Do you have any familiarity with the regulations surrounding cryptocurrency, Bitcoin, or credit card processing?

40. Have you or any of your relatives, close friends, or associates have any financial training, or have you (or they) ever worked in/for a credit card processing company, cryptocurrency company, or a Bitcoin mining company? *(If yes, the Defense respectfully request that the Court follow up, at side bar if appropriate, with the following):*

    a.  What is this person's relationship to you?  How do you know him/her?  For how long?

    b.  In what capacity does or did that person work in the credit card processing company, cryptocurrency company, or a Bitcoin mining company?  Where does or did he/she work? For how long?

    c.  Is there anything about that individual's experience in the financial investments, Bitcoin investments, cryptocurrency investments, or credit card processing (or what you have learned about it) that would affect your ability to render a fair and impartial verdict in this case?

    d.  Do you think there should be more or less regulation of cryptocurrency?

41. Would you be more inclined or less inclined to believe a witness solely because he or she works, or used to work, in the cryptocurrency industry?

42. Have you, either through any experience you've had or anything you've seen or read, developed any bias or prejudice, either for or against, cryptocurrency or Bitcoin?

43. Do you have any experience with Bitcoin, cryptocurrency, credit card processing or other financial transaction platforms that might affect your ability to be fair and impartial in this case? *(If so: the Defense respectfully requests to inquire, at the bench or in the robing room, about whether that specific experience would affect impartiality.)*

44. Do you, any member of your family, or any close friend own or have owned Bitcoin or any other cryptocurrency? *(If so: the Defense respectfully requests to inquire, at the bench or in the robing room, about whether same would affect impartiality.)*

45. Do you, any member of your family, or any close friend invest in or have invested in credit card processing companies? (*If so: the Defense respectfully requests to inquire, at the bench or in the robing room, about whether those specific investments would affect impartiality.*)

46. Have you or any of your relatives, close friends, or associates have any financial training, or have you (or they) ever worked in/for banking or financial institution?

    a.   In that role, did you or they have knowledge of federal rules and regulations regarding banking transactions?

47. Have you, any member of your family, or any close friend ever gained or lost money or investments related to Bitcoin or cryptocurrency that would make it difficult for you to render a fair and impartial verdict? (*If so: the Defense respectfully requests to inquire, at the bench or in the robing room, about whether those gains or losses would affect impartiality.*)

48. Have you, any member of your family, or any close friend ever been a victim of credit card fraud or identity theft? (*If so: the Defense respectfully requests to inquire, at the bench or in the robing room, about whether same would affect impartiality.*)

49. Some of the activity in this case involved activity taking place in the city or Las Vegas, Nevada.

    a.   Have you ever lived in Las Vegas, Nevada?

    b.   Have you ever worked in Las Vegas, Nevada?

        i.   If so, where and in which industry?

    c.   Have you ever visited Las Vegas, Nevada?

        i.   If so, for what purpose?

    d.   Have you, any member of your family, or any close friend participated in gambling, either recreationally or habitually?

    e.   Do you have an opinion on Las Vegas, Nevada as the gambling capital of the United States?

   i. Would that opinion affect your ability to remain impartial in this case?

50. During the course of this trial, there may be mention of drugs. *(Defense reserves the right to supplement their Voir Dire instructions dependent on the Court's ruling on the Motions in Limine)*

  a. Do you have an opinion on drugs or global drug trade?

   i. Would that opinion affect your ability to remain impartial in this case?

  b. Have you or any of your relatives, or close friend have been affected by drug addiction? (*If so: the Defense respectfully requests to inquire, at the bench or in the robing room, about whether same would affect impartiality.*)

  c. Do you have an opinion on the Government's efforts to reduce drug trade in the United States and address drug sale worldwide?

   i. Does the fact that there will be mention of drug affect your ability to remain impartial in this case?

51. Do you have a job that causes you to work with any law enforcement officer or agency? Have you or any member of your family or close friends worked with or applied for a position in a U.S. Attorney's Office, a District Attorney's Office, local prosecutor's office, the Federal Bureau of Investigation, the Drug Enforcement Administration, the New York City Police Department, at a jail or prison, or any other law enforcement agency, in any location?

52. Have you, or has any close friend or relative, ever worked in law enforcement—for example, as a police officer; at a jail or prison; in a local, state, or Federal prosecutor's office; or in some other law enforcement capacity?

53. Have you had any contact with anyone in law, law enforcement, the justice system, or the courts that might influence your ability to evaluate this case fairly and impartially?

54. Do you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of a United States Attorney's Office, including the United States Attorney's Office for the Southern District of New York or with the FBI?

55. Have you, or has any close friend or relative of yours, ever been questioned in a matter by law enforcement?  If so, does anything about that experience make it difficult for you to render a fair and impartial verdict? (*If so: the Defense respectfully requests to inquire, at the bench or in the robing room, about whether same would affect impartiality.*)

56. Are you, or is any close friend or relative of yours, under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

57. Have you ever served as a member of a grand jury?  If so, when and where did you  serve? Were you the foreperson, Deputy foreperson, or secretary? Was there anything about that experience that would affect your ability to be fair and impartial in this case, with these charges, and this Defendant? (*If so: the Defense respectfully requests to inquire, at the bench or in the robing room, about whether that experience would affect impartiality.*)

58. Have you, or has any member of your family or close friend, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States or any of the offices, departments, agencies, or employees of the United States? (*If so: the Defense respectfully requests to inquire, at the bench or in the robing room, about whether those gains or losses would affect impartiality.*)

59. The Defendant is charged with conspiring with other individuals to commit some of the charged crimes.  The other individuals are not on trial here and may not testify either.  You may not draw any inference, favorable or unfavorable, toward the Government or the Defendant from that fact.  You also may not speculate as to the reason why other persons are not on trial or testifying here.  Would you have any difficult following that instruction?

***Ability to Render a Fair Verdict***

60. Mr. Mizrahi is a follower of the Jewish religion. There has been significant press and many protests even here in New York City surrounding the War in Gaza. Many people hold deep seeded feelings about this. Do you have any bias for or against Mr. Mizrahi because of his chosen religion?

61. A Defendant in a criminal case has the right to testify and the right not to testify. A Defendant's choice not to testify may not enter into a jury's deliberation at all and you may not infer anything adverse to the Defendant by his decision. Should a Defendant decide to testify, that does not shift the burden of proof to him or diminish the obligation of the government to prove the Defendant's guilt beyond a reasonable doubt. Would you have any difficulty accepting and applying this rule of law?

62. Under the law, a Defendant is presumed to be innocent and cannot be found guilty of a crime charged in the Indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves the Defendant's guilt of each and every element of the charged crime beyond a reasonable doubt. Would you have any difficulty accepting and applying this rule of law? Even though I will instruct you that the Government has to prove its case beyond a reasonable doubt, would you think that a Defendant should be required to prove that he is not guilty?

63. In a criminal case, the prosecution has the only burden of proof, and that is to prove each and every element of the charged crime beyond a reasonable doubt. The Defendant is not required to prove that he is not guilty or that he is innocent or to prove anything at all. For the jury to return a verdict of guilty against the Defendant, the prosecution must prove beyond a reasonable doubt that the Defendant is guilty. Would you have any difficulty accepting and applying this rule of law?

64. Under the law, the question of punishment is for the Court—that is, for me—to decide. Thus, the issue of possible punishment must not enter into your deliberations as to whether the Defendant has been proven guilty.  Would you have any difficulty accepting and applying this rule of law?

65. Do you believe that—for reasons that have nothing to do with the law or the evidence— you might be reluctant to render a verdict of either guilty or not guilty?

66. Would it be difficult for you to follow the law which states that the government and the Defendant must be treated equally in this case and that the law does not favor either side?

67. The function of the jury is to decide questions of fact.  You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders.  However, when it comes to the law, you must take your instructions from the Court, and you are bound by those instructions.  You may not substitute your notions of what the law is or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the Defendant is guilty as charged in the Indictment. Would you have any difficulty accepting and applying these principles?

68. Do you have any reason to think that you will not be able to deliberate based solely on the evidence presented at trial and not based on any other information?

69. Do you have any reason to think that you will not be able to evaluate each witness's credibility objectively, without bias or prejudice?

70. Do you believe that our system of criminal justice improperly favors either the prosecution or the Defense?

71. Do you have any prejudices or biases or feelings that would make it difficult for you to follow my instructions as to the law?

72. As a juror, you would be the sole judges of facts, and nothing the Court or the attorneys say or do could properly intrude in any way on your role as the exclusive finder of fact. However, when it comes to the law, you are to take your instructions from the Court, that's me, and you're bound by those instructions. You may not substitute your ideas of what the law is or what you think the law should be. At the conclusion of this case, your job would be to determine whether or not the Government has proved the Defendant is guilty as charged in the indictment. Do you have any difficulty with this principle or any problem in accepting and following the instructions on the law which I will give in this case?

73. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Do you have any doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as I will explain it to you?

## VII.  **BIOGRAPHICAL JUROR QUESTIONNAIRE**

1.   What is your county of residence? Please tell me each county of residence during the past five years. If you live outside of New York City, please tell me your City or Town of residence.

2.   How old are you?

3.   What is your highest level of education or degree?

4.   Have you served in the military? If so, in what capacity, branch, and for what duration? Did you have any law enforcement responsibilities while you served?

5.   What kind of work do you do? (If retired or unemployed, please describe your career employment.)

6.   Who is your employer?

7.   What is your job title? Do you supervise any other employees or contractors?

8.  How long have you been employed in your current position?  If fewer than five years, where else did you work in the last five years?

9.  Who are the members of your household?  What are their ages?

10. If there are any members of your household who work outside the home, what kind of work do they do?

11. Do you have grown children who do not live with you?  What kind of work do they do?

12. What newspapers and magazines do you read on a regular basis?

13. What websites or news apps do you visit or read on a regular basis?

14. What television shows, podcasts, and/or or radio programs do you watch or listen to on a regular basis?

15. Do you belong to or volunteer your time to any associations, organizations, clubs, or unions?  Which ones?

16. What do you like to do in your spare time?

**VIII.**  **PRELIMINARY INSTRUCTIONS**

[*The parties respectfully request that after the jury is selected, the courtroom Deputy administer the oath.*]

You may be seated.  Good morning/afternoon, members of the jury.  You have been sworn as jurors and this case is now officially on trial.  As I stated earlier, the trial is scheduled to last up to four weeks, but it could end sooner.  We will begin each morning at 9:00 a.m. sharp. To help ensure that we can start on time, please be in the jury room each morning by 8:45 a.m. at the latest so that we can begin without delay.  As I told you before, we will take breaks during the day. *(This is an example presented by the Defense. The Court will determine the trial schedule and breaks.)*

### A. *Order of Trial*

Now that you have been sworn, let me give you some instructions about your duties as jurors. At the end of the trial, I will give you more detailed instructions, and those instructions will control your deliberations in this case. But for now, let me explain how the trial will proceed.

The first step in the trial will be opening statements. The Government will make an opening statement. After that, I expect the lawyer for the Defendant to make an opening statement as well, but he is not required to do so. Those statements are not evidence. They are made by the attorneys to give you an idea in advance of the evidence that the lawyers expect you to hear from the witnesses. Those statements permit the lawyers to tell you a little bit of what the case is all about, but remember that the only evidence comes from the witnesses and the exhibits.

After opening statements, the government will present its evidence. The Government's evidence will consist of the testimony of witnesses as well as documents and exhibits. The government will examine the witnesses, and then the Defendant's lawyer may cross-examine them.

Following the Government's case, the Defendant may present a case if he wishes, which may include the testimony of witnesses and/or documents and exhibits. Again, because of the presumption of innocence, the Defendant is not required to offer any proof, either by witnesses or exhibits. If the Defendant does present a defense case, the Defense witnesses will testify, and the government will have the opportunity to cross-examine them.

After the presentation of evidence is completed, the parties will deliver their closing arguments to summarize and interpret the evidence. Just as the parties' opening statements are not evidence, their closing arguments are not evidence either.

Following closing arguments, I will instruct you on the law. Then, you will retire to deliberate on your verdict, which must be unanimous as to each charge you are considering and must be based on the evidence presented at trial. Your deliberations are secret. You will never have to explain your verdict to anyone. You alone will decide what evidence or witness you find

credible and persuasive, and whether the government has proven the charges beyond a reasonable doubt.

Under the law, a Defendant in a criminal case is presumed innocent and cannot be found guilty of the crimes charged unless a jury, after having heard all the evidence in the case, unanimously decides that the evidence proves the Defendant guilty beyond a reasonable doubt. In a criminal case the burden of proof remains at all times with the prosecution—the government.

For the jury to return a verdict of guilty as to the Defendant, the government must prove that the Defendant is guilty beyond a reasonable doubt on each and each element in the Indictment. A person charged with a crime has absolutely no burden to prove that he is not guilty, and if the Defendant chooses not to present any proof, that decision cannot be held against him and may not enter into your deliberations at all. I will instruct you fully on the burden of proof after all of the evidence has been received.

### B. The Judge's and Jury's Role

Now, let me explain the jobs that you and I are to perform during the trial. I will decide which rules of law apply to this case. I will decide that by making legal rulings during the presentation of the evidence, and also — as I told you — by giving final instructions to you after the evidence and arguments are completed.

In order to do my job, I may have to interrupt the proceedings from time to time to confer with the parties about the rules of law that should apply here. Sometimes we will talk here, at the bench, outside your hearing. But some of these conferences may take more time than others, so, as a convenience to you, I may excuse you from the courtroom. I will try to avoid such interruptions as much as possible, but please be patient and understand that these conferences are necessary to ensure the fairness of the trial and often make the trial faster.

While I decide the law that applies to this case, you, ladies and gentlemen of the jury, are the triers of fact. You will weigh the evidence presented and decide whether the government has proved beyond a reasonable doubt that the Defendant is guilty of any of the charges in the Indictment. You must pay close attention to all of the evidence presented, and you must base your decision only on the evidence in the case and my instructions about the law.

### C. What Is and Isn't Evidence

What, then, is evidence? Evidence consists only of the testimony of witnesses, documents and other things admitted as exhibits, or stipulations agreed to by the parties. Some of you probably have heard the terms "circumstantial evidence" and "direct evidence." I will explain these terms to you at the appropriate time. You are to consider all the evidence given in this trial.

Certain things are not evidence and must not be considered by you. The following is a list of what is not evidence:

- First, arguments, statements, and questions by the lawyers are not evidence. Nor are statements I make or questions I ask of a witness.

- Second, objections to questions are not evidence. The lawyers have an obligation to make an objection when they believe a question or evidence being offered is improper under the rules of evidence. You should not be influenced by objections or by my rulings on them. If the objection is sustained, ignore the question and any answer that may have been given. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

- Third, testimony that I have excluded or told you to disregard is not evidence and must not be considered.

- Fourth, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

26

### D. *Evaluating the Evidence*

There is no formula to evaluate testimony or exhibits. For now, suffice it to say that you bring with you into this courtroom all of the experience and background of your lives. Do not leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you should apply in deciding how much weight, if any, to give to the evidence in this case.

The law does not require you to accept all of the evidence admitted at trial. In determining what evidence you accept, you must make your own evaluation of the testimony from each of the witnesses and the exhibits that are received in evidence.

It is essential, however, that you keep an open mind until you have heard all of the evidence in the case. A case can be presented only step by step, witness by witness, before all evidence is before you.

You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances. Again, I cannot emphasize enough that you must keep an open mind until the trial is over. You should not reach any conclusions until you have all the evidence before you.

### E. *Rules of Conduct*

Finally, let me caution you about certain rules and principles governing your conduct as jurors in this case. First, you must not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict. One reason for this requirement is that you must not reach any conclusion on the charges until all of the evidence has been presented. As I have said, keep an open mind until you start your deliberations at the end of the case.

Second, do not communicate with anyone else about this case or with anyone who has anything to do with it until the trial has ended and you have been discharged as jurors.  This includes members of your family and your friends and also means not communicating anything about the trial on social media, including Facebook, Twitter, blogs, or any other form of social media.  You may tell your family and friends that you are a juror in a criminal case, but please do not tell them anything else about it until you have been discharged by me.  People outside this jury have not been determined by this Court to be impartial and unbiased, and what they say to you may influence you in a way that makes you no longer an impartial and unbiased juror.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If any person should attempt to communicate with you about this case at any time throughout the trial, either in or out of the courthouse, you must immediately report that to my Deputy and to no one else.  When I say report that communication to no one else, I mean that you should not tell anyone, including your fellow jurors.

To minimize the possibility of any such improper communication, it is important that you go straight to the jury room when you arrive in the morning and that you remain in the jury room for the duration of the trial day.  You should use the bathrooms in the jury room rather than the other bathrooms on this floor; as you were probably told already, you may not use the cafeteria; and you should not linger in the public areas of the courthouse, on this floor or elsewhere.  Given that we will be taking only one break, and a relatively short one at that, it is best that you remain in the jury room if you can.

Fourth, just as you must not have any in-person communications about this case, you must not communicate with anyone about the case by cellphone, through email, iPhone, text messaging or Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, Instagram, LinkedIn, or YouTube. Similarly, you must not use these tools to post any information about the case on the internet. Do not do any

research or conduct any investigation about the case or about anyone who has anything to with the case on your own.  Do not go visit any place described in the trial.  Do not read or listen to or watch any news reports about the case.  Do not go on the internet or use whatever digital or other communications device it is you use to try to inform yourself about this matter.

That is because your decision in this case must be made solely on the evidence presented at the trial.  In other words, all that you need to know will be presented here in open court by the parties.  You must inform me immediately through my Deputy if you become aware of another juror's violation of these instructions.

My Deputy is about to pass out to each of you a written juror pledge not to use the internet or conduct any research in connection with this case.  I will require each of you to read it and sign it.  My Deputy will collect the signed copies.

Finally, each of you has been given a notepad and pen.  That is because I permit jurors to take notes.  But you do not have to take notes.  Notes are just an aid to your own recollection. The court reporters in this case record everything that is said in the courtroom, and so any portion of the testimony can be read back to you during your deliberations.  If you do take notes, be aware that note-taking may distract you from something important that is happening on the witness stand. Remember it is what is contained in the court reporters record that is in evidence, not what is in your notes. Whether or not you take notes, rely on your own recollections, and don't be influenced by the fact that another juror has taken notes.  If you do take notes, all notes must be left each day in the jury room, in manila envelopes with your name on the envelope.  My Deputy will make sure that they are secure.

From this point until the time when you retire to deliberate, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case.  In that regard, please understand that the parties and counsel in this case have been instructed to have no contact with any of you.  If you happen to see any of them outside this courtroom, and they do

not acknowledge you, say hello, or make small talk, please do not take offense.

They are not being rude—they are simply following my instructions.

## IX.   **CONCLUSION**

That concludes my preliminary instructions to you.  Now we will begin with the initial

stage of the case, which, as I said to you, is opening statements, and we are going to begin with the

government.  So at this time I am going to ask all of you to give your undivided attention to the

lawyers as they make their opening statements.

Dated:  New York, New York
        January 18, 2024

                        Respectfully submitted,

                        RICHARD PORTALE, ESQ.
                        Portale Randazzo, LLP


            By:   /s/_____
                        Chad Mair, Esq.
                        Louis Fasulo, Esq.