UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

UNITED STATES OF AMERICA,       :

                                   :

        - v. -              :                    S2 22 Cr. 650 (JPO)

                                   :

MARTIN MIZRAHI,             :
      a/k/a "Marty Mizrahi,"     :

                                   :

               Defendant.     :

                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# GOVERNMENT'S PROPOSED VOIR DIRE


                                          DAMIAN WILLIAMS
                                          United States Attorney
                                          Southern District of New York

Emily Deininger
Benjamin Klein
Assistant United States Attorneys
     *- Of Counsel -*

The Government requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

A.     **The Charges**

1.     Before I begin, let me tell you a little bit about the case.  This is a criminal case against MARTIN MIZRAHI, a/k/a "Marty Mizrahi," the defendant.  Mr. Mizrahi has been charged with committing federal crimes in an Indictment returned by a grand jury sitting in this District.

2.     The indictment in this case contains seven counts, or "charges."  Count One charges the defendant with conspiracy to commit wire fraud and bank fraud. Count Two charges the defendant with wire fraud. Count Three charges the defendant with bank fraud. Count Four charges the defendants with conspiracy to commit money laundering. Count Five charges the defendant with money laundering.  Count Six charges the defendant with aggravated identity theft.  Count Seven charges the defendant with conspiracy to operate an unlicensed money transmitting business.

3.     At trial, the Government expects to show that, starting in at least February 2021 and continuing through at least June 2021, Mr. Mizrahi received money, in the form of both cash and wire transfers, from the sale of narcotics, as well as money from email hacking fraud schemes, and that he helped launder those funds by converting them into cryptocurrency for his co-conspirators.  The Government further expects to show that, during the same time

period, Mr. Mizrahi participated in a scheme to obtain and launder fraud proceeds by running fraudulent credit card charges, using stolen identities and credit card information, through a business that Mr. Mizrahi owned, without providing any legitimate goods or services.  According to the Government, Mr. Mizrahi did all of this in exchange for a fee, or a cut of the money that he received and laundered.  Mr. Mizrahi denies that he participated in any fraud or money laundering scheme or conspiracy.

4.      Keep in mind that the Indictment and the summary of the case I have just given are not not evidence.  The Indictment simply contains the charges that the Government is required to prove beyond a reasonable doubt.  Mr. Mizrahi has pled not guilty to those charges and he is presumed to be innocent, and that presumption of innocence remains with him now, and throughout the trial.  The presumption of innocence is removed only if, at the conclusion of the case, after you have heard all the evidence and arguments and my instructions on the law, you decide the Government has proven Mr. Mizrahi's guilt beyond a reasonable doubt.

5.      Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described it?  Have you heard anything about this case, in the newspaper, on the radio, on the internet, on television, in podcasts, or from others?  [*If answer is "Yes," the Court is respectfully asked to inquire, at the bench or in the robing room, about the extent and basis of knowledge, and whether that knowledge would affect impartiality.*]

B.      **General Questions**

6.      We are about to select from among you the jurors who will sit in this case. Both sides are entitled to know something about the people who sit as jurors.  The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial.  For this reason, I am going to ask you certain questions.  It is vital that you provide truthful

2

answers to these questions.  They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.

7.    The trial is expected to last approximately two weeks.  Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to last that long.

8.    Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

9.    Do any of you have any difficulty in reading or understanding English in any degree?

10.   Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

**C.    Knowledge of the Trial Participants**

11.   There is one defendant in this case: MARTIN MIZRAHI, a/k/a "Marty Mizrahi."

12.   *[Please ask MARTIN MIZRAHI to stand].*  Do any of you know, or have you had any dealings, directly or indirectly, with MARTIN MIZRAHI, or with any relative, friend or associate of MARTIN MIZRAHI?

13.   To your knowledge, do any of your relatives, friends, associates, or employers know MARTIN MIZRAHI?

14.   MARTIN MIZRAHI is represented by Richard Portale and Chad Mair from the law firm Portale Randazzo, LLP, and Louis Fasulo from the law firm Fasulo Giordano & Di Maggio, LLP.  [*Please ask defense counsel to stand.*]  Do any of you know Mr. Portale, Mr.

3

Mair, or Mr. Fasulo?  Are any of you familiar with their law firms?  Have you or your family members or close friends had any dealings either directly or indirectly with Mr. Portale, Mr. Mair, Mr. Fasulo, or any lawyer at their law firm?

15.     The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Damian Williams.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Emily Deininger and Benjamin Klein.  [*Please ask the Government attorneys to stand*.]  Do any of you know Mr. Williams, Ms. Deininger, or Mr. Klein?  Have you or your family members or close friends had any dealings either directly or indirectly with them?

16.     The Assistant United States Attorneys will also be assisted in this case by Federual Bureau of Investigation Special Agents Louis "Sonny" Hillyard and Lawrence "Larry" Lonergan, as well as Dean Iannuzzelli and Nerlande Pierre, paralegal specialists in the United States Attorney's Office.  [*Please ask Special Agents Hillyard and Lonergan, Mr. Iannuzzeli and Ms. Pierre to stand*.]  Have you or your family members or close friends had any dealings either directly or indirectly with Special Agents Hillyard or Lonergan, or Mr. Iannuzzeli or Ms. Pierre?

17.     I will now read a list of names of individuals and businesses whose names may be mentioned during the trial, or who may be witnesses in this case:

[*The Government will provide the Court with a list of names of individuals and businesses before trial*.]

Do any of you know any of these people?  Have you had any dealings either directly or indirectly with any of these individuals?

D.      **Relationship with Government and Others**

18.      Do any of you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York or the Federal Bureau of Investigation (FBI)?

19.      Are you, or is any member of your family or a close friend, employed by any law enforcement agency, whether federal, state, or local?

20.      Have you, or any member of your family or a close friend, ever been employed by any law enforcement agency?

21.      Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice or other feelings for or against the United States Attorney's Office?  For or against the FBI?

22.      This case involves alleged wire fraud, bank fraud, money laundering, aggravated identity theft, and operation of an unlicensed money transmitting business.  This is not a civil proceeding.  Is there anything about this type of case that would make you hesitate to sit on this jury?

23.      Have you, or has any member of your family or a close friend, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the FBI?

24.      Have you or any member of your family or any close friend ever had any education or training, applied or worked for, or volunteered in, any area of criminal defense, such as a public defender office, a law office, or a private investigation firm?  If yes, please describe

the training, job and the type of office and, if other than yourself, state the person's relationship to you.

**E.**     **Experience as a Witness, Defendant, or Crime Victim**

25.     Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a legislative committee, governmental agency, or licensing authority?

26.     Have you, or any of your relatives or close friends, ever been questioned in any matter by a federal, state, or local law enforcement agency?

27.     Have you, or any of your relatives or close friends, ever been a witness or a complainant in any federal, state, or local prosecution?

28.     Are you, or any of your relatives or close friends, now under subpoena or, to your knowledge, about to be subpoenaed, in any criminal case?

29.     Have you, or have any of your relatives, associates or close friends, ever been charged with a crime?   What crime?   [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of the charges.*]

30.     Have you, or have any of your relatives, associates or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any legislative committee or other governmental agency? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of the investigation.*]

31.     Have you, or any of your relatives or close friends, ever been a victim of a crime?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.*]

32.     Have you, or any of your relatives or close friends, had any experience with law enforcement that you think may affect your ability to render a fair verdict?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the law enforcement agents.*]

**F.      Prior Jury Service**

33.     Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court?  If so, when and where did you serve?

34.     Have you ever served as a juror in any court?  If so, when, and in what court did you serve, and was it a civil or criminal case?  What was the nature of the case? Without saying what it was, did the jury reach a verdict?

**G.      Ability to Render a Fair and Impartial Verdict**

35.     Does the fact that the case involves an alleged wire fraud affect your ability to render a fair verdict?

36.     Does the fact that the case involves an alleged bank fraud affect your ability to render a fair verdict?

37.     Does the fact that the case involves alleged money laundering affect your ability to render a fair verdict?

38.     Does the fact that the case involves identity theft affect your ability to render a fair verdict?

7

39.     Does the fact that the case involves the alleged operation of an unlicensed money transmitting business affect your ability to render a fair verdict?

40.     The defendant is charged with acting with others in committing the alleged crimes.  Those other individuals are not on trial in this case.  You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from that fact.  You also may not speculate as to the reason why other persons are not on trial at this time.  Would you have difficulty following this instruction or have difficulty rendering a fair and impartial verdict for this reason?

**H.      Law Enforcement Witnesses**

41.     The Government witnesses in this case may include at least one law enforcement officer—specifically, one or more Special Agents with the FBI and other law enforcement officers.  Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency?  Would any of you be less likely to believe a witness merely because he or she is member of a law enforcement agency?

42.     Does anyone have any personal feelings or experiences concerning law enforcement witnesses, that would in any way affect their ability to be fair and impartial in this case?

**I.      Investigative Techniques**

43.     Would any of you be unable to follow the Court's instructions that the Government is not required to use any particular technique in order to investigate evidence of a crime?

44.     You will hear testimony in this case that law enforcement officers recovered certain evidence from searches of email accounts and personal phones.  The searches

were perfectly legal.  Do any of you have any feelings about such searches by law enforcement that would make it difficult for you to render a fair and impartial verdict?

**J.     Function of the Court and Jury**

45.     The function of the jury is to decide questions of fact.  You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder.  When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think it should be.  As I said at the beginning, Mr. Mizrahi is presumed to be innocent of the charges, and the Government has the burden of proving him guilty beyond a reasonable doubt.  The defendant has no burden whatsoever.  I do not expect this to happen, but if his lawyer were to do or say nothing at all at this trial, he would still be entitled to the presumption of innocence and the Government would be still be required to prove him guilty beyond a reasonable doubt.  If the Government fails to do that, even if the defense did nothing at all, you would be obligated to find him not guilty. At the conclusion of the case, your job will be to determine whether or not the the Government has met its burden to prove beyond a reasonable doubt that the defendant is guilty as charged in the Indictment.  Do any of you have any bias or prejudice or belief that might prevent you from accepting the instructions of law that I will give you in this case?

46.     Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty?

47.     Will each of you accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not on

each count, and that only the evidence produced here in Court may be used by you to answer the question of guilt on each count?

48.     It is not a particularly pleasant duty to sit in judgment of another individual.  Do any of you feel that even if the evidence established a defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

49.     Do any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

### K.     <u>Other Biases</u>

50.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice — and according to the law as it will be explained to you?

### L.     <u>Juror's Background</u>

51.     The Government respectfully requests that the Court ask each juror to state the following information:

a.     the juror's age;

b.     the area in which the juror resides, and any other areas in which the juror has resided during the last 10 years;

c.     the juror's educational background, including the highest degree obtained;

d.     the juror's occupation;

e.    the name and location of the juror's employer;

f.    the same information concerning any other employment within the last five years;

g.    the same information with respect to the juror's spouse and any working children;

h.    whether the juror has served in the military;

i.    which newspapers and magazines the juror regularly reads;

j.    which television programs the juror regularly watches; and

k.    the juror's hobbies and leisure-time activities and organizations.

**M.    <u>Requested Instruction Following Impaneling of the Jury</u>**

52.    From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family and your friends.  If your friends or family ask you about the trial, you may simply tell them that you are a juror in a criminal case and that the judge has instructed you not to discuss it.

53.    If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

54.     Please do not read or watch anything in newspapers, television, or on the Internet that relates to the case or any of its participants in any way.  This means no Google searches, or looking anything up on the Internet regarding the case or anyone involved in it.  My instruction that you cannot discuss the case also applies to instant messages, chats, texts, emails, and social media, including Facebook, Twitter, Instagram, Snapchat, blogs, etc.  Do not discuss the case at all, and do not write or post anything about the case at all.


Dated:  New York, New York
        January 18, 2024

                        Respectfully submitted,

                        DAMIAN WILLIAMS
                        United States Attorney
                        Southern District of New York


            By:     s/_____
                        Emily Deininger
                        Benjamin Klein
                        Assistant United States Attorneys