UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

MARTIN MIZRAHI,
   a/k/a "Marty Mizrahi,"

               Defendant.

S2 22 CR 650 (JPO)

**THE GOVERNMENT'S PROPOSED REQUESTS TO CHARGE**

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Benjamin Klein
Emily Deininger
Assistant United States Attorneys
    *-Of Counsel-*

## Table of Contents

Request No. 1:      General Requests ...................................................................................1
Request No. 2:      The Indictment..................................................................................2
Request No. 3:      Summary of the Indictment ...............................................................3
Request No. 4:      Definitions: Knowingly, Willfully ....................................................5
Request No. 5:      Count Two: Wire Fraud .....................................................................6
Request No. 6:      Count Two: Wire Fraud (Elements)...................................................7
Request No. 7:      Count Two: Wire Fraud (First Element – Existence of Scheme to Defraud).................................................................................................8
Request No. 8:      Count Two: Wire Fraud (Second Element – Intent to Defraud)............10
Request No. 9:      Count Two: Wire Fraud (Third Element – Use of Interstate Wires).........1
Request No. 10:     Count Three: Bank Fraud (Elements of the Offense) ..............................3
Request No. 11:     Count Three: Bank Fraud (First Element – Existence of a Scheme).........4
Request No. 12:     Count Three: Bank Fraud (Second Element - Intent).............................7
Request No. 13:     Count Three: Bank Fraud (Third Element – Federally Insured Financial Institution) ...........................................................................10
Request No. 14:     Good Faith (Wire Fraud and Bank Fraud)...........................................11
Request No. 15:     Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (General Conspiracy Instructions)....................................................12
Request No. 16:     Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (Elements).....................................................................................14
Request No. 17:     Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (First Element – Existence of the Conspiracy)....................................15
Request No. 18:     Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (First Element – Objectives of the Conspiracy) ...................................18
Request No. 19:     Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (Second Element – Membership in the Conspiracy)............................19
Request No. 20:     Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (Acts and Declarations of Co-Conspirators) .........................................22
Request No. 21:     Count Five: Money Laundering .......................................................23
Request No. 22:     Count Five: Concealment Money Laundering (Elements).....................24
Request No. 23:     Count Five: Concealment Money Laundering (First Element – Financial Transaction) ...................................................................25
Request No. 24:     Count Five: Concealment Money Laundering (Second Element – Proceeds of Specified Unlawful Activity)...........................................27
Request No. 25:     Count Five: Concealment Money Laundering (Third Element – Knowledge) ..................................................................................28
Request No. 26:     Count Five: Concealment Money Laundering (Fourth Element – Purpose of the Transaction) .........................................................29
Request No. 27:     Count Four: Conspiracy to Commit Money Laundering (Elements).....31
Request No. 28:     Count Four: Conspiracy to Commit Money Laundering (First Element – Existence of Conspiracy) .................................................32
Request No. 29:     Count Four: Second Object - Transactions in Criminally Derived Property Object (Elements) ............................................................33

Request No. 30:     Count Four: Second Object - Transactions in Criminally Derived Property Object (First Element) ...............................................34

Request No. 31:     Count Four: Second Object - Transactions in Criminally Derived Property Object (Second Element).......................................35

Request No. 32:     Count Four: Second Object - Transactions in Criminally Derived Property Object (Third Element).............................................36

Request No. 33:     Count Four: Conspiracy to Commit Money Laundering (Second Element – Participation in Conspiracy)...............................37

Request No. 34:     Count Six: Aggravated Identity Theft (Elements).........................38

Request No. 35:     Count Six: Aggravated Identity Theft (First Element – Use of Means of Identification) ...............................................39

Request No. 36:     Count Six: Aggravated Identity Theft (Second Element – Predicate Offense) .................................................40

Request No. 37:     Count Six: Aggravated Identity Theft (Third Element – Without Lawful Authority) ...........................................41

Request No. 38:     Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (Elements)......................................42

Request No. 39:     Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (First Element) .................................43

Request No. 40:     Count Seven: Definition of Unlicensed Money Transmitting Business ...........................................44

Request No. 41:     Count Seven: Definition of Operate ...........................................46

Request No. 42:     Count Seven: Definition of Interstate or Foreign Commerce.................47

Request No. 43:     Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (Second Element)...............................48

Request No. 44:     Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (Third Element – Overt Act).............................49

Request No. 45:     Counts Two, Three, Five, and Six: Aiding and Abetting Liability .........50

Request No. 46:     Conscious Avoidance [If Appropriate] ...................................52

Request No. 47:     Motive.......................................................................55

Request No. 48:     False Exculpatory Statements [If Applicable] .......................56

Request No. 49:     Venue.......................................................................57

Request No. 50:     Variance in Dates ........................................................59

Request No. 51:     Particular Investigative Techniques Not Required [If Applicable].........60

Request No. 52:     Stipulations [If Applicable] .......................................61

Request No. 53:     Charts and Summaries [If Applicable] .............................62

Request No. 54:     Law Enforcement and Government Employee Witnesses ....................63

Request No. 55:     Preparation of Witnesses [If Applicable]...............................64

Request No. 56:     Government Cooperating Witnesses .....................................65

Request No. 57:     Testimony of Experts [If Applicable] .................................67

Request No. 58:     Uncalled Witnesses—Equally Available .............................68

Request No. 59:     Persons Not on Trial .....................................................69

Request No. 60:     Defendant's Testimony [If Applicable] .............................70

Request No. 61:     Defendant's Right Not to Testify [If Applicable, and if Requested by the Defendant] .........................................71

Request No. 62:     Statements of the Defendant....................................................72
Request No. 63:     Use of Evidence Obtained in Searches ..............................................73
Request No. 64:     Use of Recordings [If Applicable]....................................................74
Request No. 65:     Transcripts and Translations [If applicable] .........................................75
Request No. 66:     Similar Acts Evidence [If Applicable]................................................76
Request No. 67:     Conclusion ...........................................................................77

**Request No. 1:**                **General Requests**

 The Government respectfully requests that the Court give its usual instructions to the jury on the

following matters:

   a.  Function of Court and Jury
   b.  Government Treated Like Any Other Party
   c.  Burden Of Proof and Presumption of Innocence
   d.  Reasonable Doubt
   e.  Indictment Not Evidence
   f.  Statements of Court and Counsel Not Evidence
   g.  Motions, Objections, and Questions by the Court
   h.  Redactions [if applicable]
   i.  Direct and Circumstantial Evidence
   j.  Inferences
   k.  Credibility of Witnesses
   l.  Character Testimony [if applicable]
   m.  Right to See Exhibits and Have Testimony Read During Deliberations
   n.  Punishment Is Not to Be Considered By the Jury
   o.  Verdict of Guilt or Innocence Must Be Unanimous
   p.  Jury's Recollection Governs
   q.  Note-Taking by Jurors
   r.  Duty to Base Verdict on Evidence
   s.  Improper Considerations
   t.  Duty to Weigh Evidence Without Prejudice
   u.  Sympathy:  Oath as Jurors
   v.  Duties of Foreperson and Return of Verdict Form

**Request No. 2:**          **The Indictment**

The Defendant, MARTIN MIZRAHI, a/k/a "Marty Mizrahi," is formally charged in a seven-count Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.

**Request No. 3:**          **Summary of the Indictment**

The Indictment contains a total of seven counts, or charges.

Count One charges that MIZRAHI participated in a conspiracy to commit wire fraud and bank fraud from in or about April 2021 up to and including in or about June 2021.  As I will explain in more detail later, a conspiracy, such as the one charged in Count One, is an agreement or understanding by two or more people to violate the law.

Count Two charges that from in or about April 2021 up to and including in or about June 2021, MIZRAHI committed wire fraud.  This is what is called a substantive count.

Count Three charges that from in or about April 2021 up to and including in or about June 2021, MIZRAHI committed bank fraud.  This is also what is called a substantive count.

Later on, I will explain to you the differences between a conspiracy count and a substantive count.  For now, just keep in mind that a conspiracy count is different from a substantive count.  Count One charges MIZRAHI with conspiring, or agreeing, to commit bank and wire fraud, whereas Counts Two and Three charge MIZRAHI with substantive counts of wire fraud and bank fraud, that is, the actual commission of the substantive crimes of wire fraud and bank fraud.

Count Four charges that from in or about February 2021 up to and including in or about June 2021, MIZRAHI participated in a conspiracy to commit money laundering.

Count Five charges that from in or about in or about February 2021 up to and including in or about June 2021, MIZRAHI committed money laundering.  This is another substantive count.

Count Six charges that from in or about April 2021 up to and including in or about June 2021, MIZRAHI committed aggravated identity theft.

Count Seven charges that from in or about February 2021 up to and including in or about June 2021, MIZRAHI participated in a conspiracy to operate an unlicensed money transmitting business.

This is a summary of the seven counts in the Indictment.  In a moment, I will instruct you on each of these charges in more detail.  At the outset, however, let me instruct you that you must consider each count separately, and you must return a separate verdict of guilty or not guilty for each count.  Whether you find MIZRAHI guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

**Request No. 4:**          **Definitions: Knowingly, Willfully**

Before I instruct you on each of the counts specifically, I will define some terms and concepts that will come up repeatedly throughout these instructions.

One set of terms relates to the state of mind of the Defendant. Specifically, the Defendant cannot be convicted of any crime unless, as I will instruct you in more detail in a minute with regard to the specific crimes, he acted "knowingly," or "willfully."

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law. The Defendant need not have known that he was breaking any particular law or any particular statute. The Defendant need only have been aware of the generally unlawful nature of his act. "Willfully" means to act deliberately and with a bad purpose, rather than innocently.

Adapted from the charges of the Honorable Ronnie Abrams in *United States v. Patrick Muraca*, 17 Cr. 739 (RA) (S.D.N.Y. 2018) and *United States v. Tagliaferri*, 13 Cr. 115 (RA) (S.D.N.Y. 2014).

**Request No. 5:**          **Count Two: Wire Fraud**

Let us turn first to the substantive charges of wire fraud and bank fraud.  These are listed in the Indictment as Counts Two and Three, but it is more convenient to discuss them first.

Count Two charges the Defendant with violating Section 1343 of Title 18 of the United States Code, which is the wire fraud statute.  Count Two alleges that the Defendant participated in a scheme to defraud corporations, credit card companies, and other entities through business email compromise schemes and by making unauthorized credit card charges using stolen credit card information.

The wire fraud statute provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or television communications in interstate, or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

Adapted from the charge of Judge Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990); the charge of Judge Charles S. Haight, Jr. in United   States

**Request No. 6:**          **Count Two: Wire Fraud (Elements)**

To prove the Defendant guilty of wire fraud, the Government must separately establish beyond a reasonable doubt the following three essential elements:

First, that on or about the times alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises.

Second, that the Defendant knowingly devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, the Defendant used, or caused the use by others, of interstate or foreign wires, as specified in the Indictment.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3 (based on the charge of the Honorable Edward Weinfeld in *United States* v. *Ranney*, 82 Cr. 771 (EW) (1983)); and the charge of the Honorable Michael B. Mukasey in *United States* v. *Uccio*, 88 Cr. 906 (MBM) (1989), aff'd, 917 F.2d 80 (1990); the charge of the Honorable John G. Koeltl in *United States* v. *Szur*, 97 Cr. 108 (JGK) (1998); and the charge of the Honorable Charles S. Haight, Jr. in *United States* v. *Rogers*, 90 Cr. 377 (1991); *see also United States* v. *Dinome*, 86 F.3d 277, 283 (2d Cir. 1996); *United States* v. *Altman*, 48 F.3d 97, 101 (2d Cir. 1995); United *States* v. *Mittelstaedt*, 31 F.3d 1208, 1216 (2d Cir. 1994); *United States* v. *Miller*, 997 F.2d 1010, 1017 (2d Cir. 1993); United *States* v. *Wallach*, 935 F.2d 445, 461 (2d Cir. 1991); *United States* v. *Rodolitz*, 786 F.2d 77, 80 (2d Cir.) (discussing elements of analogous mail fraud violation), *cert. denied*, 479 U.S. 826 (1986); *Polycast Technology Corp.* v. *Uniroyal, Inc.*, 728 F. Supp. 926 (1989) (elements of wire fraud).

**Request No. 7:**          **Count Two: Wire Fraud (First Element – Existence of Scheme to Defraud)**

The first element the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective. "Fraud" is a general term. It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth.  The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle. The scheme to defraud is alleged to have been carried out by making false or fraudulent statements, representations, claims and documents. A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive. Deceitful statements, half-truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute. You may also find the existence of such a scheme if you find that the Defendant in question conducted himself in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

You may find that a scheme to defraud existed only if the Government has proven beyond a reasonable doubt the existence of the scheme alleged in the Indictment, which I summarized for you a few moments ago.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

The false representations and pretenses involved in the scheme to defraud must be "material." A "material" fact is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement in making a decision. That means if you find a particular statement or omission to have been untruthful or misleading, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such a decision.  In particular, you must find that the statement or omission was one that would have mattered to a reasonable person in a pecuniary or monetary way.  Actual reliance by the person on the representations is not required; it is sufficient if the misrepresentation is one that can influence the person's decision and is intended by the Defendant to do so.

If you find that the Government has sustained its burden of proof that a scheme to defraud others of money or property did exist, as charged, you next should consider the second element.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-2.

**Request No. 8:**          **Count Two: Wire Fraud (Second Element – Intent to Defraud)**

The second element of wire fraud that the Government must establish beyond a reasonable doubt is that the Defendant devised or participated in the fraudulent scheme knowingly and with the specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

To satisfy this element, I remind you that it is not necessary for the Government to establish that the Defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the Defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the Defendant participate in or have knowledge of all the operations of the scheme. The guilt of a defendant is not governed by the extent of his participation.

It also is not necessary that a defendant have participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the

10

unlawful goals become a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if a defendant participated in the scheme to a lesser degree than others, he is nevertheless guilty, so long as that defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

As I have previously noted, before a defendant may be convicted of the fraud charged here, he must also be shown to have acted knowingly and with a specific intent to defraud. I have previously explained the meaning of knowingly, and you should apply that instruction here. For this count, however, the Government must prove beyond a reasonable doubt that the Defendant acted not only knowingly, but also with the specific intent to defraud others of money or property. To act with intent to defraud means to act with the specific intent to deceive, for the purpose of causing some financial loss to another.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves the Defendant's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words,

11

conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the Defendant you are considering possessed or lacked an intent to defraud, you need not limit yourself to just what the particular Defendant said, but you may also look at what the Defendant did and what others did in relation to the Defendant and, in general, everything that occurred.

Adapted from the charge of the Honorable Kimba M. Wood in
*United States* v. *Shapiro*, 06 Cr. 357 (KMW) (2009).

**Request No. 9:**                **Count Two: Wire Fraud (Third Element – Use of Interstate Wires)**

The third and final element that the Government must establish beyond a reasonable doubt as to the wire fraud count is that interstate or foreign wire facilities were used in furtherance of the scheme to defraud. The term "wire facilities" includes telephones, faxes, e-mail, radios, and television.

The "interstate" or "foreign" requirement means that the wire communication must pass between two or more states as, for example, a transmission of computer signals between New York and another state, such as California or Nevada, or between the United States and another country.

It is not necessary for the Defendant to be directly or personally involved in any wire communication, if the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the Defendant is accused of participating. In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the Defendant caused the wires to be used by others; and this does not mean that the Defendant himself must have specifically authorized others to execute a wire communication. When one does an act with knowledge that the use of the wire will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he or she causes the wires to be used. Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including the victim of the alleged fraud.

The use of the wire need not itself be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud.

The Government must establish beyond a reasonable doubt the particular use charged in the Indictment.  However, the Government does not have to prove that the wire was used on the exact date charged in the Indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wire was used on a date reasonably near the date alleged in the Indictment.

Let me add the following: only the wire communication must be reasonably foreseeable, not its interstate or foreign component. Thus, if you find that the wire communication was reasonably foreseeable, and the interstate or foreign wire communications actually took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national lines.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7 (based on the charge of the Honorable Edward Weinfeld in *United States* v. *Ranney*, 82 Cr. 771 (EW) (1983)); the charge of the Honorable Michael B. Mukasey in *United States* v. *Uccio*, 88 Cr. 906 (MBM) (1989), *aff'd*, 917 F.2d 80 (2d Cir. 1990); the charge of the Honorable Charles S. Haight, Jr. in *United States* v. *Rogers*, 90 Cr. 377 (CSH) (1991); and the charge of the Honorable John G. Koeltl, *United States* v. *Szur*, S5 97 Cr. 108 (JGK) (1998); *see United States* v. *Blackmon*, 839 F.2d 900, 907-08 (2d Cir. 1988) (regarding foreseeability of interstate nature of communication); *United States* v. *Keats*, 937 F.2d 58 (2d Cir.) (Defendant need not have personally sent charged wire communication; affirming conviction where Government agent and informant initiated charged telephone calls), *cert. denied*, 502 U.S. 950 (1991); *United States* v. *Muni*, 668 F.2d 87, 89-91 (2d Cir. 1981) (extended discussion of "foreseeability" of wire communication); *Schmuck* v. *United States*, 489 U.S. 705 (1989); *United States* v. *Paccione*, 949 F.2d 1183, 1196 (2d Cir. 1991), cert. *denied*, 112 S. Ct. 3029 (1992); *United States* v. *Keats*, 937 F.2d 58, 64 (2d Cir.), *cert. denied*, 112 S. Ct. 399 (1991).

**Request No. 10:**          **Count Three: Bank Fraud (Elements of the Offense)**

Count Three charges bank fraud, in violation of 18 U.S.C. § 1344.  Count Three alleges that the Defendant participated in a scheme to defraud financial institutions and to obtain money under the custody and control of such financial institutions by submitting false information to banks and credit card companies regarding the purpose, intended use, and authorizations for wire transfers and credit card charges.

The elements of bank fraud are as follows:

First, that there was a scheme to defraud a bank or credit union or a scheme to obtain money owned by or under the custody or control of a bank or credit union, by means of false or fraudulent pretenses, representations, or promises;

Second, that the Defendant executed or attempted to execute the scheme with the intent either to defraud the bank or credit union or to obtain money or funds owned by or under the custody or control of the bank or credit union; and

Third, that the bank or credit union involved was federally insured.

> Adapted from the charge of the Honorable Shira A. Scheindlin in *United States* v. *Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); Sand, *Modern Federal Jury Instructions*, Instr. 44-9.  *See* 18 U.S.C. § 1344.

**Request No. 11:        Count Three: Bank Fraud (First Element – Existence of a Scheme)**

The first element of bank fraud is that there was a scheme to defraud a bank or credit union or a scheme to obtain money owned by or under the custody or control of a bank or credit union, by means of false or fraudulent pretenses, representations, or promises.

This element requires proof of the existence of only one of these.  That is, either that there existed a scheme to defraud a bank or credit union or a scheme to obtain property under the custody or control of a bank or credit union by means of fraudulent pretenses, representations, or promises.

In order to prove the first theory of bank fraud, that there was a "scheme to defraud a bank or credit union," the Government must prove beyond a reasonable doubt that there was a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank or credit union into releasing property.

In order to prove the second theory of bank fraud, the Government must prove beyond a reasonable doubt that there was a scheme to obtain money or property owned by or under the custody and control of a bank or credit union by means of false or fraudulent pretenses, representations or promises. A representation is fraudulent if it was falsely made with the intent to deceive. Deceitful statements of half truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

With respect to the second theory of bank fraud, it is not necessary that the false or fraudulent pretenses, representations, or promises were made directly to the bank itself.  It is sufficient if they were made to any person, so long as the false or fraudulent pretenses, representations or promises were the mechanism naturally inducing the bank (or custodian of bank property) to part with money in its control.

As to either theory, a fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

In considering this element of bank fraud, it is unimportant whether a bank actually relied on a misrepresentation.  It is sufficient if the misrepresentation is one that is merely capable of influencing the bank's decision.

Moreover, the deception need not be premised upon spoken or written words alone. The arrangement of the words, the omission of words, or the circumstances in which they are used may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

It is not necessary for the Government to prove that the financial institutions actually lost money or were deprived of property as a result of the scheme. It also does not matter whether any of the banks involved might have discovered the fraud had the bank probed further.  If you find that a scheme or artifice existed, it is irrelevant whether you believe that any of the banks involved was careless, gullible, or even negligent.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-10; *see also Loughrin v. United States*, 573 U.S. 351, 363 (2014) ("Section 1344(2)'s 'by means of' language is satisfied when, as here, the Defendant's false statement is the mechanism naturally inducing a bank (or custodian of bank property) to part with money in its control."); *Neder v. United States*, 527 U.S. 1, 25 (1999) (holding that federal fraud statutes do not incorporate a reliance element); *United States v. Shapiro*, 29 F. App'x 33, 35 (2d Cir. 2002) ("[A]ctual reliance is not an element of bank fraud."); *United States v. Rodriguez,* 140 F.3d 163, 167 (2d Cir.1998) ("A misrepresentation

is material if it's capable of influencing the bank's actions.");
*United States v. Cherico*, No. 08 Cr. 786 (S.D.N.Y.) (CM), Oct. 31,
2011 Tr. at 1498:20-2 (bank's negligence is irrelevant).

**Request No. 12:          Count Three: Bank Fraud (Second Element - Intent)**

The second element of bank fraud is about the Defendant's intent.  There are two ways that this element can be met.

The first way this element can be met is if the Defendant executed, attempted to execute, or participated in the scheme or artifice knowingly, willfully, and with the intent to defraud the bank or credit union.  I've already provided you with the definitions of knowingly and willfully and you should apply those same definitions here.  To act with a "specific intent to defraud" requires the Defendant intended, at least in part, to deceive one or more federally insured banks or credit unions.  The Defendant need not intend to cause the banks or credit unions any financial loss.

The second way this element can be met is if the Defendant executed or attempted to execute the scheme knowingly and willfully and with the intent to obtain money or funds owned or under the custody or control of the bank.  With respect to this theory of bank fraud, it is not necessary that the Defendant intended to defraud a bank.  It is also not necessary that the Defendant intended to cause harm to the issuing bank or credit union (such as by causing them to lose money), or to anyone else.

This element requires that the Defendant engaged in, or participated in, the scheme alleged with an understanding of its fraudulent or deceptive character and with an intention to help it succeed.  It is not required that the Defendant participate in or have knowledge of all the operations of the scheme.  The guilt of the Defendant is not governed by the extent of his participation.  It also is not necessary that the Defendant originated the scheme to defraud, or that the Defendant participated in the alleged scheme from the beginning.  A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is

legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the Defendant participated in the scheme to a lesser degree than others, he is nevertheless guilty, so long as the Defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

The questions of whether a person acted knowingly, willfully, and with intent to defraud are questions of fact for you to determine, like any other fact question. These questions involve the state of mind of the Defendant.

As I previously instructed you, direct proof of knowledge and fraudulent intent is often unavailable. Indeed, it is not typical that a person writes or states that as of a given time in the past he or she committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

When deciding whether the Defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the Defendant said, but you may also look at what the Defendant did and what others did in relation to the Defendant and, in general, everything that occurred.

> Adapted from the charge of the Honorable Shira A. Scheindlin in *United States v. Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); Sand, *Modern Federal Jury Instructions*, Instrs. 44-5, 44-11. *See also United States v. Schwartz*, 924 F.2d 410, 420 (2d Cir. 1991) ("It need not be shown that the intended victim of the fraud was actually harmed it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."); *United States v. King*, 860 F.2d 54, 55 (2d Cir. 1988) (same); *United States v. Karro*, 257 F.3d 112, 118 (2d Cir. 2001) (Defendant who intentionally provides false information to lender about her identity

to obtain credit card has intent to defraud, whether or not she intended to repay debts); *Loughrin v. United States*, 573 U.S. 351, 355-356 (2014) (holding that Section 1344(2) of the bank fraud statute does not require that a defendant intended to defraud a bank); *United States v. Nejad*, No. 18-CR-224 (AJN), 2020 WL 883500, at *3 (S.D.N.Y. Feb. 24, 2020) (citing *Loughrin*, 573 U.S. at 355-57; *United States v. Lebedev*, 932 F.3d 40, 49 (2d Cir. 2019))

**Request No. 13:**          **Count Three: Bank Fraud (Third Element – Federally Insured Financial Institution)**

The third element of the crime of bank fraud is that a financial institution in question was federally insured at the time of the scheme.  This simply means that the financial institution was a bank insured by the Federal Deposit Insurance Corporation or a credit union with accounts insured by the National Credit Union Share Insurance Fund during the time frame alleged in the Indictment.  The Government need not show that the Defendant knew that a financial institution was federally insured to satisfy this third element.

*See* Sand, *Modern Federal Jury Instructions*, Instr. 44-11; 18 U.S.C. § 20(1) & (2).

**Request No. 14:**         **Good Faith (Wire Fraud and Bank Fraud)**

Because an intent to defraud is an essential element of wire fraud, and an intent to defraud or an intent to use fraudulent representations to obtain money or other property from a bank is an essential element of bank fraud, a defendant's good faith is a complete defense to these charges. A statement made with good faith belief in its accuracy does not amount to an intentional false or misleading statement, and is not a crime. This is so even if the statement is itself inaccurate or misleading. If the Defendant believed in good faith he was acting properly in making such a statement or causing it to be made, even if he was mistaken in that belief and even if others were injured by his conduct, there would be no crime.

A defendant is under no burden to prove his good faith.  Rather, the burden of proof of establishing criminal intent and lack of good faith rests upon the Government.

In considering whether the Defendant acted in good faith, you are instructed that a belief by the Defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not mean that the Defendant acted in good faith.

> Adapted from the charge of the Honorable Jed. S. Rakoff in *United States v. Margulies*, 17 Cr. 638 (JSR).

**Request No. 15:**      **Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (General Conspiracy Instructions)**

Now I will turn back to Count One, the conspiracy to commit wire fraud and bank fraud. As I said earlier, Count One charges the Defendant with participating in a conspiracy to commit wire fraud and bank fraud, from in or about April 2021 up to and including in or about June 2021, in violation of Title 18, United States Code, Section 1349.

Section 1349 provides in relevant part that:

> Any person who attempts or conspires to commit any offense under this chapter[, including wire fraud and bank fraud,] shall be [guilty of a crime].

A conspiracy is a criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

Conspiracy simply means agreement, and the crime of conspiracy to violate a federal law is an independent offense, separate and distinct from the commission of a substantive crime. Thus, if a conspiracy exists, it is still punishable as a crime, even it if should fail to achieve its purpose. Consequently, for a defendant to be guilty of conspiracy, there is no need for the Government to prove that he, she, or any other conspirator were actually successful in their criminal goals.  You may thus find a defendant guilty of the crime of conspiracy even if you find that the substantive crimes that were the objects of the conspiracy were never actually committed.

Each member of a conspiracy may perform separate and individual acts. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. When people enter into a conspiracy to accomplish an unlawful end, they become agents and partners of one another in carrying out the conspiracy. In fact, even a single act may be sufficient to draw a defendant within the scope of a conspiracy.

> Adapted from the charges of the Honorable J. Paul Oetken in *United States v. Danskoi*, 21 Cr. 92 (S.D.N.Y. 2022); Cathy Seibel in *United States v.*

*Moslem*, 19 Cr. 547 (CS) (S.D.N.Y. 2021); the Honorable Nelson S. Román in *United States v. Graham*, 16 Cr. 786 (NSR) (S.D.N.Y. 2019); the Honorable Loretta A. Preska in *United States* v. *Olangian*, 12 Cr. 798 (LAP) (S.D.N.Y. 2016); the Honorable John F. Keenan in *United States* v. *Kassir*, S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2256); and the Honorable Leonard B. Sand in *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 19-2 (2012); *United States* v. *Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is the objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.")

**Request No. 16:**          **Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (Elements)**

In order to find the Defendant guilty on Count One, the Government must prove beyond a reasonable doubt the following two elements:

<u>First</u>, that the conspiracy charged in Count One existed.  In other words, that from at least in or about April 2021 up to and including in or about June 2021, or any portion of that time period, there was an agreement or understanding among two or more persons to violate one or more of those provisions of the law which make it illegal to commit (1) wire fraud or (b) bank fraud; and

<u>Second</u>, that the Defendant knowingly and willfully became a member of the conspiracy, with intent to further its illegal purpose – that is, with the intent to achieve an illegal object of the charged conspiracy.

Now, let us separately consider the two elements.

> Adapted from the charges of the Honorable J. Paul Oetken in *United States v. Danskoi*, 21 Cr. 92 (S.D.N.Y. 2022); Honorable Cathy Seibel in *United States v. Moslem*, 19 Cr. 547 (CS) (S.D.N.Y. 2021); the Honorable Nelson S. Román in *United States v. Graham*, 16 Cr. 786 (NSR) (S.D.N.Y. 2019); the Honorable William H. Pauley III in *United States* v. *Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. Apr. 30, 2010); and the Honorable Leonard B. Sand in *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992).  *See United States* v. *Labat*, 905 F.2d 18, 21 (2d Cir. 1990); Sand, *Modern Federal Jury Instructions*, Instr. 19-3, 19-12 (2012).

**Request No. 17:**     **Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (First Element – Existence of the Conspiracy)**

The first element that the Government must prove beyond a reasonable doubt is that the conspiracy existed.

What is a conspiracy?  Simply defined, a conspiracy is an agreement by two or more persons to accomplish one or more unlawful objectives by working together.

The essence of the crime of conspiracy is the agreement to accomplish an unlawful objective.  It is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed. Indeed, you may find the Defendant guilty of conspiracy despite the fact that it was factually impossible for the Defendant to commit the substantive crime or goal of the conspiracy. This is because the success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator. The crime of conspiracy is complete once the unlawful agreement is made and an act is taken in furtherance of that agreement.

To establish a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator. Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans. From its very nature, a conspiracy is almost invariably secret in its origin and execution.

15

It is sufficient if two or more persons in any way, either explicitly or implicitly, come to a common understanding to violate the law. Express language or specific words are not required to indicate assent or attachment to a conspiracy. Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed. You need only find two or more persons entered into the unlawful agreement alleged in the Indictment and that an act was committed in furtherance of that agreement in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose. The adage "actions speak louder than words" is applicable here. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

Often, the only evidence of a conspiracy available is that of disconnected acts that, when taken together and considered as a whole, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof, such as evidence of an express agreement.

Of course, proof concerning the accomplishment of the object or objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.  But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In considering whether a conspiracy existed, you should consider all of the evidence that has been admitted with respect to the conduct and statements of each alleged coconspirator and any inferences that may reasonably be drawn from that conduct and those statements.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators agreed, as I have explained, to work together in furtherance of one or more of the objects alleged in Count One of the Indictment.

> Adapted from the charges of the Honorable Leonard B. Sand in *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); the Honorable Kevin T. Duffy in *United States* v. *Ogarro*, 92 Cr. 114 (KTD)(S.D.N.Y. 1992) and *United States* v. *Burnett*, 92 Cr. 731 (KTD) (S.D.N.Y. 1993); the Honorable Peter K. Leisure in *United States* v. *Parra*, 02 Cr. 348 (PKL) (S.D.N.Y. 2003); the Honorable William H. Pauley III in *United States* v. *Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. Apr. 30, 2010); the Honorable Richard J. Sullivan in *United States* v. *Hussain*, 12 Cr. 45 (S.D.N.Y. 2013); the Honorable Nelson S. Román in *United States v. Graham*, 16 Cr. 786 (NSR) (S.D.N.Y. 2019); and the Honorable Cathy Seibel in *United States v. Moslem*, 19 Cr. 547 (CS) (S.D.N.Y. 2021). *See United States* v. *Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the Government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); *United States* v. *Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the Government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the Government can demonstrate that the Defendant acted together with others to realize a common goal") (citations omitted); *United States* v. *Rubin*, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

**Request No. 18:**     **Count One: Conspiracy to Commit Wire Fraud and Bank Fraud**
                        **(First Element – Objectives of the Conspiracy)**

In this case, Count One of the Indictment charges that there were two objectives of the conspiracy:  wire fraud and bank fraud.  I have already instructed you on the elements of these substantive crimes in connection with my instructions for Counts Two and Three.

If you find that the conspirators agreed to accomplish any one or more of these two objectives, then the illegal purpose element will be satisfied. In other words, you need not find that the conspirators agreed to accomplish both objectives. An agreement to accomplish any one of the objectives is sufficient.

However, you must be unanimous as to that objective or those objectives. That is, you must all be in agreement with respect to *at least one* of the two alleged objectives of the conspiracy. You all have to be in agreement on the specific object of the conspiracy that you find to exist before you can find the conspiracy charged in the Indictment existed.

> Adapted from the charges of the Honorable J. Paul Oetken in *United States v. Danskoi*, 21 Cr. 92 (S.D.N.Y. 2022)**;** Honorable Nelson S. Román in *United States v. Graham*, 16 Cr. 786 (NSR) (S.D.N.Y. 2019); and the Honorable Robert P. Patterson, Jr., in *United States v. Kalish*, 05 Cr. 646 (RPP) at 2723-24 (S.D.N.Y. 2007).

**Request No. 19:**   **Count One: Conspiracy to Commit Wire Fraud and Bank Fraud**
   **(Second Element – Membership in the Conspiracy)**

In order to satisfy the second element of Count One, the Government must prove beyond a reasonable doubt that the Defendant willfully and knowingly entered into the conspiracy, that is, that the Defendant agreed to take part in the conspiracy with knowledge of and in furtherance of its unlawful purposes.

I've already provided you with the definitions of knowingly and willfully and you should apply those same definitions here.

Now, knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you do have before you the evidence of certain acts and conversations alleged to have taken place involving the Defendant or in his presence.  You may consider this evidence in determining whether the Government has proven beyond a reasonable doubt the Defendant's knowledge of the unlawful purposes of the conspiracy.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his or her part.  To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of the activities of all of its participants. It is not even necessary for a defendant to know every other member of the conspiracy.

Nor is it necessary that the Defendant received any monetary benefit from his participation in the conspiracy, or had a financial stake in the outcome. However, although proof of a financial interest in the outcome of a scheme is not essential or determinative, if you find that the Defendant had a financial or other interest, that is a factor you may properly consider in determining whether the Defendant was a member of the conspiracy.

The duration and extent of a defendant's participation has no bearing on the issue of his or her guilt. He or she need not have joined the conspiracy at the outset and need not have received any benefit in return. A defendant may have joined it for any purpose at any time in its progress, and he or she will be held responsible for all that was done before he or she joined and all that was done during the conspiracy's existence while he or she was a member, if those acts were reasonably foreseeable and within the scope of a defendant's agreement.

Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles in the scheme. One participating in a conspiracy is no less liable because his or her part is minor and subordinate. An equal role or an important role is not what the law requires. In fact, even a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

A person's mere association with a member of the conspiracy, however, does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without agreement and participation is not sufficient. What is necessary is that a defendant participate in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members.  So too, once a person is found to be a participant in the conspiracy, that person is presumed to continue being a participant in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and dissociated himself or herself from it.

It is not essential that the Government prove that a particular conspiracy alleged in the Indictment started or ended on any of the specific dates described for that conspiracy. It is sufficient if you find that the conspiracy was formed and that it existed for some time around or within the dates set forth in the Indictment.

In sum, the Government most prove beyond a reasonable doubt that a defendant, with an understanding of the unlawful nature of the conspiracy, knowingly and intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking. Only through that does a defendant becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

> Adapted from the charges of the Honorable J. Paul Oetken in *United States v. Danskoi*, 21 Cr. 92 (S.D.N.Y. 2022); the Honorable Cathy Seibel in *United States v. Moslem*, 19 Cr. 547 (CS) (S.D.N.Y. 2021); the Honorable Richard J. Sullivan in *United States* v. *Hussain*, 12 Cr. 45 (S.D.N.Y. 2013); the Honorable William H. Pauley III in *United States* v. *Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. 2010); the Honorable Lewis A. Kaplan in *United States* v. *Redden*, 02 Cr. 1141 (S.D.N.Y. 2004); the Honorable John F. Keenan, *United States* v. *Pa Smith*, 02 Cr. 104 (JFK) (S.D.N.Y. 2002); and Sand, *Modern Federal Jury Instructions*, Instrs. 19-6, 19-3S. *See United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The Defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member." (citations omitted)). *See also United States v. Miranda-Ortiz*, 926 F.2d 172, 175-6 (2d Cir. 1990) (generally discussing proof required to show membership in conspiracy); *United States v. Maldonado-Rivera*, 922 F.2d 934, 960 (2d Cir. 1990) (same).

**Request No. 20:**     **Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (Acts and Declarations of Co-Conspirators)**

I've admitted into evidence the acts and statements of others because those acts and statements were committed or made by persons who the Government alleges were co-conspirators of the Defendant.

You may consider as evidence against the Defendant the acts and statements of those who were co-conspirators of the Defendant. The reason for this rule has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each member becomes an agent for the other conspirators in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.

In determining the factual issues before you, you may consider against the Defendant any acts or statements made by any of the people who you find, under the standards I have already described, to have been their co-conspirators.  This is so even if such acts were done and statements made in the Defendant's absence and without his knowledge.

> Adapted from the charges of the Honorable J. Paul Oetken in *United States v. Danskoi*, 21 Cr. 92 (S.D.N.Y. 2022); the Honorable Cathy Seibel in *United States v. Moslem*, 19 Cr. 547 (CS) (S.D.N.Y. 2021); *see United States v. Mastropieri*, 685 F.2d 776, 786-90 (2d Cir. 1982) (specifically mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay).

**Request No. 21:**          **Count Five: Money Laundering**

I will now turn to Counts Four and Five.  Count Four alleges that the Defendant conspired to commit money laundering, and Count Five alleges that the Defendant committed the substantive offense of concealment money laundering.  Because the law relating to the money laundering that is charged in Count Five is relevant to my instructions on the conspiracy that is charged in Count Four, I will first instruct you on the substantive crime of concealment money laundering that is charged in Count Five.  Then I will turn back to the law of conspiracy.

Count Five alleges that the Defendant committed concealment money laundering, between in or about February 2021 up to and including June 2021, by agreeing to launder the proceeds of the wire fraud charged in Count Two, the bank fraud charged in Count Three, and proceeds from the sale and distribution of narcotics.

The federal money laundering statute, Title 18, United States Code, Section 1956, provides in pertinent part as follows:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity . . . knowing that the transaction is designed in whole or in part . . . to conceal or disguise the nature, the locations, the source, the ownership, or the control of the proceeds of specified unlawful activity . . . shall be [guilty of a crime].

**Request No. 22:**          **Count Five: Concealment Money Laundering (Elements)**

Concealment money laundering has the following elements:

<u>First</u>, that the Defendant conducted (or attempted to conduct) a "financial transaction," which must in some way or degree have affected interstate or foreign commerce;

<u>Second</u>, that the financial transaction at issue involved the proceeds of specified unlawful activity, which here was the wire fraud, the bank fraud, or the sale and distribution of narcotics;

<u>Third</u>, that the Defendant knew that the financial transaction involved the proceeds of some form of unlawful activity; and

<u>Fourth</u>, that the Defendant knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of the unlawful activity.

> Adapted from the jury charges of the Honorable Loretta A. Preska
> in *United States v. Adelekan*, 19 Cr. 291 (LAP) (Oct. 26, 2021); and
> from Sand et al., *Modern Federal Jury Instructions*, Instr. 50A-8.

**Request No. 23:**     **Count Five: Concealment Money Laundering (First Element –
Financial Transaction)**

The first element of concealment money laundering is that the Defendant conducted a
financial transaction.

The term "conducts" includes the action of initiating, concluding, or participating in
initiating or concluding a transaction.

The term "financial transaction" means (1) a transaction involving a financial institution –
including a bank – which is engaged in, or the activities of which affect, interstate or foreign
commerce in any way or degree, or (2) a transaction which involves the movement of funds by
wire or other means and in any way or degree affects interstate or foreign commerce.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer
between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock,
or any other payment, transfer, or delivery by, through or to a financial institution by whatever
means.

The term "funds" includes any currency, money, or other medium of exchange that can be
used to pay for goods and services, including digital or cryptocurrency.

Interstate commerce includes any transmission or transfer between persons or entities
located in different states, and foreign commerce means the same thing, except it is between a
person or entity in the United States and a person or entity in a foreign country.  The involvement
in interstate or foreign commerce can be minimal, and the Government satisfies its burden if it
proves any effect or involvement, regardless of whether it was beneficial or harmful.  It is also not
necessary for the Government to show that the Defendant actually intended or anticipated an effect
on interstate or foreign commerce by his actions or that commerce was actually affected.  All that

is necessary is that the natural and probable consequences of the acts the Defendant agreed to take

would affect interstate or foreign commerce.

> Adapted from the jury charges of the Honorable Jesse M. Furman in *United States v. Chastain*, 22 Cr. 305 (JMF) (Apr. 25, 2023), the Honorable Loretta A. Preska in *United States v. Adelekan*, 19 Cr. 291 (LAP) (Oct. 26, 2021); and from Sand et al., *Modern Federal Jury Instructions*, Instr. 50A-8.

> *See United States v. Ulbricht*, 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) (digital currency constituted "funds" within the meaning of the money laundering statute); *United States v. Budovsky*, No. 13 Cr. 368 (DLC), 2015 WL 5602853, at *13 (S.D.N.Y. Sept. 23, 2015) (same).

**Request No. 24:**       **Count Five: Concealment Money Laundering (Second Element –**
                          **Proceeds of Specified Unlawful Activity)**

The second element of concealment money laundering is that the financial transactions must involve the proceeds of "specified" unlawful activity.  Here, the "specified" unlawful activity is the wire fraud scheme charged in Count Two, the bank fraud scheme charged in Count Three, and the sale and distribution of narcotics, and I instruct you, as a matter of law, that the term "specified unlawful activity" includes wire fraud, bank fraud, and narcotics trafficking.

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity.

> Adapted from the jury charges of the Honorable Jesse M. Furman in
> *United States v. Chastain*, 22 Cr. 305 (JMF) (Apr. 25, 2023), and the
> Honorable Loretta A. Preska in *United States v. Adelekan*, 19 Cr. 291
> (LAP) (Oct. 26, 2021); and from Sand et al., *Modern Federal Jury
> Instructions*, Instr. 50A-8.

**Request No. 25:**          **Count Five: Concealment Money Laundering (Third Element –
                              Knowledge)**

The third element of concealment money laundering is that the Defendant knew that the

financial transactions at issue involved the proceeds of some form, though not necessarily which

form, of unlawful activity. If you find beyond a reasonable doubt that the Defendant committed

the wire fraud offense I have instructed you on in Count Two or the bank fraud offense I have

instructed you on in Count Three, and he knew that the proceeds came from that activity, that is

sufficient for you to find that the Defendant believed that the proceeds came from unlawful activity.

Keep in mind, however, that it is not necessary for the Defendant to believe that the proceeds

would come from wire fraud, bank fraud, or narcotics trafficking specifically. It is sufficient that

the Defendant believed that the proceeds came from some unlawful activity.

> Adapted from the jury charges of the Honorable Jesse M. Furman in
> *United States v. Chastain*, 22 Cr. 305 (JMF) (Apr. 25, 2023), and the
> Honorable Ronnie Abrams in *United States v. Rahmankulov*, 20 Cr.
> 652 (Aug. 22, 2022); and from Sand et al., *Modern Federal Jury
> Instructions*, Instr. 50A-9.

> *See United States v. Diggles*, 928 F.3d 380 (5th Cir. 2019) (holding
> knowledge funds came from unlawful activity satisfied when
> Defendant was perpetrator of underlying crime); *United States v.
> Chon*, 713 F.3d 812, 820 (5th Cir. 2013) (same); *United States v.
> Bohn*, 281 F. App'x 430, 441 (6th Cir. 2008) ("Because we have
> already determined that the circumstantial evidence was sufficient
> to show that [the Defendant] knew about the mail fraud scheme, it
> follows that the evidence was also sufficient to show that [he] knew
> that the money was from some form of unlawful activity); *United
> States v. Martinelli*, 454 F.3d 1300, 1311 (11th Cir. 2006) (holding
> that the Defendant simply had to know the funds were derived from
> the specified unlawful activity of mail fraud).

**Request No. 26:**   **Count Five: Concealment Money Laundering (Fourth Element –
Purpose of the Transaction)**

The fourth element that the Government must establish beyond a reasonable doubt for purposes of the concealment money laundering concerns the purpose of the transaction. Specifically, the Government must prove beyond a reasonable doubt that the Defendant agreed to conduct financial transactions with knowledge that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity. The Government need not prove that the intent to conceal or disguise was the only or even primary purpose of the Defendant, as long as it was an intent of the Defendant.

As I have previously instructed, to act knowingly means to act purposely and voluntarily and not because of a mistake, accident, or other innocent reason. That is, the acts must be the product of the Defendant's conscious objective. To prove that an act is done knowingly for the purposes of this element, the Government is not required to prove that the Defendant knew that his acts were unlawful. If you find that the evidence establishes beyond a reasonable doubt that the Defendant knew of the purpose of the particular transaction in issue and that he knew that the transaction was either designed to conceal or disguise the true origin or ownership of the property in question, then this element is satisfied. However, if you find that the Defendant knew of the transaction, but did not know that it was either designed to conceal or disguise the true origin of the property in question, but, instead, thought that the transaction was intended to further the innocent transaction, you must find that this element has not been satisfied and find the Defendant not guilty.

For the fourth element to be satisfied, the Defendant or the coconspirator need not know which specified unlawful activity he or she was agreeing to help conceal. Such person need only

know that a purpose of the financial transaction was concealing the nature, location, source, ownership, or control of the funds.

Conduct that is indicative of an intent to conceal includes, but is not limited to, engaging in convoluted financial transactions, inter-company transfers with no clear purpose, transactions consummated with unusual secrecy, depositing ill-gotten funds into another's bank accounts, and using third parties' names to conceal the real owner of the relevant funds.

> Adapted from the jury charges of the Honorable Jesse M. Furman in *United States v. Chastain*, 22 Cr. 305 (JMF) (Apr. 25, 2023); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-10.

> *See United States v. Willey*, 57 F.3d 1374, 1386 (5th Cir. 1995) ("in order to establish the design element of money laundering, it is not necessary to prove with regard to any single transaction that the Defendant removed all trace of his involvement with the money…").

> *See United States v. Technodyne LLC*, 753 F.3d 368, 385 (2d Cir. 2013) ("It is commonplace that the law recognizes that there may be multiple motives for human behavior; thus, a specific intent need not be the actor's sole, or even primary, purpose.").

> *See United States v. Bikundi*, 926 F.3d 761, 784 (D.C. Cir. 2019) ("hallmarks of an intent to conceal" include engaging in "convoluted financial transactions and inter-company transfers with no clear purpose"); *United States v. Turner*, 400 F.3d 491, 497 (7th Cir. 2005) ("certain types of transactions may be indicative of a design to conceal" such as "transactions surrounded in unusual secrecy, structured transactions, depositing ill-gotten funds into another's bank accounts, using third parties to conceal the real owner, or engaging in unusual financial moves which culminate in a transaction" or "convoluted, seller-financed and interest-free loan").

> *See United States v. Knapp*, 120 F.3d 928, 931 (9th Cir. 1997) ("As to money laundering, the Government is not required to prove that the Defendant knew that his acts or omissions were unlawful."); *United States v. Lonich*, 23 F.4th 881, 898 (9th Cir. 2022) ("To prove that an act is done knowingly, the Government is not required to prove that the Defendant knew that his or her acts were unlawful.").

**Request No. 27:          Count Four: Conspiracy to Commit Money Laundering (Elements)**

We have discussed Count Five of the Indictment, which charges substantive concealment money laundering.  I will now turn back to Count Four of the Indictment, which charges the Defendant with participating in a conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

Section 1956(h) provides, in relevant part that:

> Any person who conspires to commit any offense defined in [section 1956] or section 1957 shall be [guilty of a crime].

As previously discussed, a conspiracy is a kind of criminal partnership, an agreement of two or more persons to join together to accomplish some unlawful purpose.  In order to satisfy its burden of proof with respect to Count Four, the Government must establish each of the following elements beyond a reasonable doubt:

First, the existence of the conspiracy charged in the Indictment.

Second, that at some point the Defendant you are considering knowingly and willfully became a member of, and joined in, the conspiracy.

**Request No. 28:**          **Count Four: Conspiracy to Commit Money Laundering (First Element – Existence of Conspiracy)**

I previously instructed you, in connection with Count One, on the law relevant to determining whether a conspiracy existed.  You should rely on the instructions I gave you earlier and apply them to Count Four, except that the conspiracy charged in Count Four has as its objects concealment money laundering, which I just described with regard to Count Five, and, as a second object, engaging in monetary transactions greater than $10,000 in property derived from specified unlawful activity, which I will describe in a moment.  In deciding whether the conspiracy existed, you must unanimously determine and agree as to whether the conspirators agreed to accomplish at least one of those two objects.

**Request No. 29:**     **Count Four: Second Object - Transactions in Criminally Derived Property Object (Elements)**

As I mentioned, the first object of the conspiracy charged in Count Four is concealment money laundering, which I have already described.  The second alleged object of the conspiracy charged in Count Four is engaging in monetary transactions over $10,000 in property derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

Section 1957 provides, in relevant part, that:

> Whoever [is a United States person or while in the United States] knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity shall be [guilty of a crime].

The elements of this object are as follows:

First, the Defendant was a United States person or in the United States and engaged in a monetary transaction with a value greater than $10,000.

Second, the Defendant knew the property involved in the transaction was criminally derived property.

Third, the property involved in the transaction was actually derived from specified unlawful activity.

> Adapted from United States v. Carucci, 364 F.3d 339, 343 (1st Cir. 2004) ("To establish a violation of 18 U.S.C. § 1957, the Government must prove that (1) the Defendant engaged or attempted to engage in a monetary transaction with a value of more than $10,000; (2) the Defendant knew that the property involved in the transaction had been derived from some form of criminal activity; and (3) the property involved in the transaction was actually derived from specified unlawful activity."). See also United States v. Moparty, 11 F.4th 280, 298 (5th Cir. 2021) (adopting an alternative three-element formulation). The Modern Federal Jury Instructions use a five-element formulation for this offense. See Sand et al., *Modern Federal Jury Instructions*, Instr. 50A-26. While substantively the same, the three-element formulation is shorter and easier to understand.

**Request No. 30:**          **Count Four: Second Object - Transactions in Criminally Derived Property Object (First Element)**

The first element of this object is that the Defendant was a United States person or in the United States and agreed to engage in a monetary transaction with a value greater than $10,000.

A "United States person" is a citizen or national of the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

You must find that, had the object of the conspiracy been completed, the transaction would have affected interstate commerce in some way, however minimal. As I explained earlier, the effect on interstate commerce can be established in several ways, including, but not limited to that the source of the funds used in the transaction affected interstate commerce, or that the transaction itself involved an interstate transfer of funds.

The amount or value of the "financial transaction" must be greater than $10,000.

> Adapted from the jury charges of the Honorable Loretta A. Preska in *United States v. Adelekan*, 19 Cr. 291 (LAP) (Oct. 26, 2021); and from Sand et al., *Modern Federal Jury Instructions*, Instr. 50A-27.

> There is no need to treat an effect on interstate commerce as a separate element because proof of an effect on interstate commerce is required by the definition of the term "monetary transaction." *See* Sand et al., *Modern Federal Jury Instructions*, Instr. 50A-27, Cmt.

**Request No. 31:**          **Count Four: Second Object - Transactions in Criminally Derived Property Object (Second Element)**

The second element of this object is that the Defendant knew the property involved in the transaction was criminally derived property.

"Criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The Government must prove that the Defendant knew the transaction involved criminally derived property.  However, the Government is not required to prove that the Defendant knew the particular offense from which the criminally derived property was derived.

> Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr.
> 50A-28, 50A-30.

**Request No. 32:**        **Count Four: Second Object - Transactions in Criminally Derived Property Object (Third Element)**

The third element of this object is that the property involved in the transaction was actually derived from specified unlawful activity. The term "specified unlawful activity" was defined previously, and that definition applies equally to this second object of the conspiracy charged in Count Four.  Here too the "specified" unlawful activity is the wire fraud scheme charged in Count Two, the bank fraud scheme charged in Count Three, and the sale and distribution of narcotics, and I instruct you, as a matter of law, that the term "specified unlawful activity" includes wire fraud, bank fraud, and narcotics trafficking.

Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 50A-29.

36

**Request No. 33:**  **Count Four: Conspiracy to Commit Money Laundering (Second Element – Participation in Conspiracy)**

If you find that the Government has proved one or both objects of the money laundering conspiracy beyond a reasonable doubt, you should consider the second element.  The second element of Count Four is that the Defendant knowingly and willfully joined and participated in the conspiracy to commit money laundering.  I have already instructed you in connection with Count One on what it means for a defendant to knowingly and willfully become a member of and join a conspiracy, and you should apply those instructions here.

**Request No. 34:** **Count Six: Aggravated Identity Theft (Elements)**

Count Six charges the Defendant with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A.  Count Six alleges that, in connection with the wire fraud, bank fraud, and wire fraud and bank fraud conspiracy charged in Counts One, Two, and Three, the Defendant used images of a driver's license and credit card belonging to a third party to make charges on that person's credit card.

Section 1028A of Title 18 of the United States Code provides in relevant part:

> Whoever, during and in relation to any [enumerated] felony violation … knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall [be guilty of a crime].

In order to prove the Defendant you are considering guilty of aggravated identity theft, the Government must separately establish beyond a reasonable doubt the following three essential elements:

First, that the Defendant knowingly used (or transferred or possessed) a means of identification of another person;

Second, that the Defendant used the means of identification during and in relation to the offense of wire fraud (as charged in Count Two), bank fraud (as charged in Count Three) or conspiracy to commit wire fraud or bank fraud (as charged in Count One); and

Third, that the Defendant acted without lawful authority.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 39A-50, 39A-51.

**Request No. 35:**  **Count Six: Aggravated Identity Theft (First Element – Use of Means of Identification)**

The first element that the Government must prove beyond a reasonable doubt is that the Defendant knowingly used (or transferred or possessed) a means of identification of another person.

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, Social Security number, date of birth, official state or Government-issued driver's license or identification number, alien registration number, Government passport number, employer or taxpayer identification number, or "access device."  Access device means any card, plate, code, account number, electronic serial number,  mobile identification number, personal identification number, or other means of account access that can be used to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds.

In addition, the Government must prove both that the means of identification was that of an actual person (living or dead), and that the Defendant knew that the means of identification was that of an actual person.

I instructed you earlier on what it means to act knowingly and on the manner of proof you may consider when making a decision about the Defendant's state of mind.  Those same instructions apply to your decision here in determining whether the Defendant acted knowingly with respect to their use, transfer, or possession if any, of a means of identification of another person.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 39A-52.

39

**Request No. 36:**     **Count Six: Aggravated Identity Theft (Second Element – Predicate Offense)**

The second element that the Government must prove beyond a reasonable doubt is that the Defendant you are considering used (or transferred or possessed) the means of identification during and in relation to the offense of wire fraud (as charged in Count Two), bank fraud (as charged in Count Three), or conspiracy to commit wire fraud and bank fraud (as charged in Count One).

A defendant uses a person's means of identification "[d]uring and in relation to" an offense when the use of the means of another person's identification is at the crux of what makes that conduct criminal.  Put differently, the use of a means of identification of another person cannot merely be ancillary to what makes the conduct charged in Counts One, Two, or Three fraudulent. Instead, in connection with Counts One, Two, or Three, the means of identification specifically must be used in a manner that is fraudulent or deceptive.

If you find the Defendant not guilty on all three of Counts One, Two, and Three, then you must find the Defendant not guilty on this Count Six.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 39A-53; *see also Dubin v. United States*, 599 U.S. 110 (2023).

40

**Request No. 37:**     **Count Six: Aggravated Identity Theft (Third Element – Without Lawful Authority)**

The third element that the Government must prove beyond a reasonable doubt is that the Defendant acted without lawful authority.

The term "without lawful authority" does not require that the means of identification be stolen or taken without the owner's permission.  However, proof that the means of identification were stolen would satisfy this this element.

Without lawful authority also includes situations in which the Defendant comes into lawful possession of identifying information and had the lawful authority to use that information for a lawful purpose, but used the information for an unlawful purpose.

Instead, 18 U.S.C. § 1028A reasonably proscribes the transfer, possession, or use of another person's means of identification, absent the right or permission to act on that person's behalf in a way that is not contrary to the law.  In other words, regardless of how the means of identification is actually obtained, if its subsequent use breaks the law—specifically, during and in relation to the commission of the crime of wire fraud, bank fraud, or conspiracy to commit wire fraud or bank fraud—it is violative of 18 U.S.C. § 1028A.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 39A-54; *see also United States v. Valdés-Ayala*, 900 F.3d 20 (1st Cir. 2018).

41

**Request No. 38:**         **Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (Elements)**

Count Seven charges the Defendant with conspiring to operate an unlicensed money transmitting business between in or about February 2021 and in or about June 2021, in violation of Title 18, United States Code, Section 371.

In order to sustain its burden of proof with respect to the conspiracy charged in Count Seven, the Government must prove beyond a reasonable doubt each of the following three elements:

<u>First</u>, the existence of the conspiracy to operate an unlicensed money transmitting business.

<u>Second</u>, that the Defendant knowingly and willfully became a member of the conspiracy, with the intent of furthering its purpose.

<u>Third</u>, that any member of conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

Adapted: Jury Charge, *United States v. Rahmankulov*, 20 Cr. 653 (RA) (S.D.N.Y. 2022).

**Request No. 39:**       **Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (First Element)**

I previously instructed you, in connection with Count One, on the law relevant to determining the first element, whether a conspiracy existed.  You should rely on the instructions I gave you earlier and apply them to Count Seven, except that the conspiracy charged in Count Seven has as its object operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

Section 1960 provides in relevant part that:

> Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business shall be [guilty of a crime].

The crime of operating an unlicensed money transmitting business has three elements:

First, that an unlicensed money transmitting business existed.

Second, that the Defendant or a co-conspirator controlled, conducted, managed, supervised, directed, or owned all or part of that business with knowledge that it was used as an unlicensed money transmitting business; and

Third, that operation of the money transmitting business affected interstate or foreign commerce.

> Adapted: Jury Charge, *United States v. Rahmankulov*, 20 Cr. 653 (RA) (S.D.N.Y. 2022); Jury Charge, *United States v. Diaz*, 17 Cr. 77 (WHP) (S.D.N.Y.); Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-33.

**Request No. 40:**          **Count Seven: Definition of Unlicensed Money Transmitting Business**

I will now define for you the meaning of "unlicensed money transmitting business."

<u>Money Transmitting Business</u>

A "money transmitting business" is a business which accepts funds for transfer within or outside the United States.

As I instructed your earlier, the term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services, including digital or cryptocurrency.

The term "money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier.

A "business" is an enterprise that is carried on for profit or financial gain. Thus, a single isolated transmission of money is not a business under this definition. However, a business need not have a physical storefront, be formally incorporated, or otherwise operate in a conventional manner to be a money transmitting business. There is also no requirement under the law that the business exist solely for the purpose of engaging in money transmitting. Nor is there a requirement that the business offer its services to the general public, as opposed to some subset of the public.

> Adapted: Jury Charge, *United States v. Rahmankulov*, No. 20 Cr.
> 653 (RA) (S.D.N.Y. 2022); Jury Charge, *United States v. Diaz*, 17
> Cr. 77 (WHP) (S.D.N.Y.); *see also United States v. Mazza-Alaluf*,
> 607 F. Supp. 2d 484, 487, 489 (S.D.N.Y. 2009) (listing elements for
> 18 U.S.C. § 1960 and concluding that a company whose services
> "were varied, and included the transfer of funds to third parties on
> behalf of customers" functioned as unlicensed money transmitting
> business), *aff'd*, 621 F.3d 205 (2d Cir. 2010); ECF No. 41 at 11, 21-
> cr-439 (NSR) (S.D.N.Y. Aug. 17, 2022).

<u>Unlicensed</u>

The money transmitting business must also be unlicensed. For purposes of your deliberation, there are three different ways a money transmitting business can be unlicensed,

<u>First</u>, a money transmitting business must register with the U.S. Department of Treasury; if it fails to register, the business is unlicensed.

<u>Second</u>, a money transmitting business if it operates without an appropriate money transmitting license in a state where such operations is punishable as a crime under state law.

<u>Third</u>, a money transmitting business is unlicensed if it otherwise involves the transportation or transmission of funds that are known to the Defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity.

Although any of those ways is alone sufficient to show that the business is unlicensed, you must be unanimous that the money transmitting business was proven to be unlicensed for one of these reasons beyond a reasonable doubt.

The Government has the burden of proving that the Defendant knew that the business was unlicensed. However, you do not need to find that the Defendant—or any other member of the conspiracy—was aware that federal law required that the money transmitting business be licensed or registered. In other words, the Government does not need to prove that the Defendant knew the unlicensed money transmission business was illegal.

> Adapted: Jury Charge, *United States v. Rahmankulov*, No. 20 Cr. 653 (RA) (S.D.N.Y. 2022); Jury Charge, *United States v. Diaz*, 17 Cr. 77 (WHP) (S.D.N.Y.); *see also United States* v. *Elfgeeh*, 515 F.3d 100, 132-33 (2d Cir. 2008) (holding that the Government now "need prove only that the Defendant had 'know[ledge]' that the business was 'an unlicensed money transmitting business.'" (quoting 18 U.S.C. § 1960(a), as amended)); *United States v. Budovsky*, No. 13 Cr. 368 (DLC), 2015 WL 5602853, at *5–9 (S.D.N.Y. Sept. 23, 2015).

**Request No. 41:**          **Count Seven: Definition of Operate**

In this context, to "operate" an unlicensed money transmitting business means to conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business. The Government need not prove that the Defendant, in fact, actually operated an unlicensed money transmitting business, only that he intentionally joined a conspiracy knowing that the object of the conspiracy was to conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business.

> Adapted: Jury Charge, *United States v. Diaz*, 17 Cr. 77 (WHP)
> (S.D.N.Y.); Jury Charge, *United States v. Rahmankulov*, No. 20 Cr.
> 653 (RA) (S.D.N.Y. 2022).

**Request No. 42:**          **Count Seven: Definition of Interstate or Foreign Commerce**

The third and final element of the object of the conspiracy charged in Count Seven is that the Government must establish beyond a reasonable doubt that the operation of the unlicensed money transmitting business had some effect on interstate or foreign commerce. I have previously instructed you regarding the definition of interstate or foreign commerce and the law on determining whether such an effect has been established beyond a reasonable doubt, and you should apply those same instructions here.

> Adapted: Jury Charge, *United States v. Rahmankulov*, No. 20 Cr. 653 (RA) (S.D.N.Y. 2022); Jury Charge, *United States v. Diaz*, 17 Cr. 77 (WHP) (S.D.N.Y.); *see also United States v. Leslie*, 103 F.3d 1093, 1102–03 (2d Cir. 1997).

**Request No. 43:**     **Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (Second Element)**

If you find that the Government has proved beyond a reasonable doubt that a conspiracy existed to operate an unlicensed money transmitting business, you should consider the second element.  The second element of Count Seven is that the Defendant knowingly and willfully joined and participated in the conspiracy to operate an unlicensed money transmitting business.  I have already instructed you in connection with Count One on what it means for a defendant to knowingly and willfully become a member of and join a conspiracy, and you should apply those instructions here.

**Request No. 44:**     **Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (Third Element – Overt Act)**

The third element the Government must prove beyond a reasonable doubt for the conspiracy charged in Count Seven is that at least one of the conspirators committed at least one overt act in furtherance of the conspiracy. The overt act element is a requirement that the agreement went beyond the mere talking stage, that one or more actual steps was taken in furtherance of the conspiracy's illegal object.

You need not find that each and every member of the conspiracy committed or participated in the overt act, or that the Defendant you are considering personally did so; it is enough to find that one overt act was committed by one participant in the conspiracy.  You must be unanimous on at least one such overt act.

The overt act must have been knowingly done by at least one conspirator in furtherance of some unlawful object of the conspiracy. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

> Adapted: Jury Charge, *United States v. Rahmankulov*, No. 20 Cr. 653 (RA) (S.D.N.Y. 2022); Sand *et al.*, *Modern Federal Jury Instructions*, Instrs. 19-7, 19-8; *see also Braverman v. United States*, 317 U.S. 49, 53 (1942) (overt act "may be that of only a single one of the conspirators and need not be itself a crime").

**Request No. 45:          Counts Two, Three, Five, and Six: Aiding and Abetting Liability**

In addition to charging the Defendant, in Count Two, with wire fraud, in Count Three, with bank fraud, in Count Five, with money laundering, and in Count Six with aggravated identity theft, Counts Two, Three, Five, and Six of the Indictment also charge the Defendant with what is called aiding and abetting others in the commission of these crimes.

Aiding and abetting liability is its own theory of criminal liability.  A defendant can be convicted of committing a crime if he did not commit the crime himself, but helped someone else to commit the crime.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal.  A person who aids and abets another to commit a substantive crime is just as guilty of that crime as if he had personally committed it. You may thus find the Defendant guilty of wire fraud, bank fraud, money laundering, or aggravated identity theft if you find beyond a reasonable doubt that the Government has proven that another person actually committed the crime, and that the Defendant helped or assisted that person in the commission of the offense.

The first requirement of aiding and abetting liability is that somebody else has committed the crime at issue.  The Defendant cannot be convicted of aiding and abetting if nobody committed the underlying crime.  But if you do find that the underlying crime at issue was committed by someone other than the Defendant, you should consider whether the Defendant aided or abetted the person who actually committed the relevant offense.

To aid and abet another to commit a crime, the Defendant must have willfully and knowingly associated himself in some way with the crime, and he must have willfully and knowingly sought by some act to help make the crime succeed.  Participation in a crime is willful if action is taken voluntarily and intentionally.

The mere presence of a defendant in a place where a crime is being committed, even coupled with knowledge that a crime is being committed, is not enough to make him an aider and abettor. A defendant's acquiescence in the criminal conduct of others, even with guilty knowledge, is not enough to establish aiding and abetting. An aider and abettor must have his own affirmative interest in the criminal venture.

To determine whether the Defendant aided and abetted the commission of the crime, ask yourself these questions:

Did someone other than the Defendant commit the crime at issue?

If so, did the Defendant participate in that crime charged as something that he wished to bring about?

Did he associate himself with the attempt to commit the crime charged by other people knowingly and willfully?

Did he seek by his actions to make their criminal venture succeed?

If so, he is an aider and abettor, and therefore he is guilty of the offense under consideration. If not, then he is not an aider and abettor, and he is not guilty of the offense under consideration.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 11-2

**Request No. 46:**         **Conscious Avoidance [If Appropriate]**

As I explained with respect to each count charged in the Indictment, the Government is required to prove that the Defendant acted knowingly. In determining whether a defendant has knowledge of a fact, you may consider whether that defendant deliberately closed his eyes to what otherwise would have been obvious. As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact. We refer to this concept, this notion of blinding yourself to what is staring you in the face as "conscious avoidance" or "willful blindness."

Thus, if you find beyond a reasonable doubt that the Defendant acted with a conscious purpose to avoid learning some relevant fact, then you may treat the Defendant as though he knew that the fact existed. However, guilty knowledge may not be established by demonstrating that the Defendant was merely negligent, foolish, or mistaken, and you may not rely on willful blindness as the basis for treating the Defendant as though he was aware of the existence of a fact if you find that the Defendant actually believed that the fact did not exist. It is entirely up to you whether you find that the Defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

In determining whether the Defendant acted knowingly, you may consider whether he deliberately closed their eyes to what otherwise would have been obvious. Thus, if you find beyond a reasonable doubt that the Defendant knew there was a high probability that a criminal offense was being committed, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the Defendant actually believed that he was acting in a lawful manner.

Here, because the Defendant is charged with participating in a conspiracy, it is also important to note that the concept of conscious avoidance cannot be used as a substitute for finding that the Defendant joined the conspiracy.  It is logically impossible for the defendant to agree to join the conspiracy unless he knows that the conspiracy exists.  However, if you find that the defendant entered into such an agreement, in considering whether he knew the illegal object or objects of the conspiracy, you may consider whether the defendant was aware of a high probability that facts were so, but took deliberate and conscious action to avoid confirming those facts.  In other words, if you find beyond a reasonable doubt that the defendant deliberately avoided learning or confirming that the illegal object of the conspiracy, such as by purposely closing his eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of learning a fact as the equivalent of knowledge.  If, however, the defendant actually believed that he was not a party to an illegal agreement, or if the defendant was merely negligent or careless with regard to what knowledge he had, he lacked the knowledge necessary to become a co-conspirator.

> Adapted from the charges of the Honorable Paul A. Crotty in *United States v. Campo Flores*, No. 15 Cr. 765 (Nov. 18, 2016) (conscious avoidance instruction affirmed at *United States v. Campo Flores*, 945 F.3d 687, 715 (2d Cir. 2019)), the Honorable Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (Apr. 27, 2018), and from Sand, *Modern Federal Jury Instructions*, Instr. 3A and *United States v. Goffer*, 721 F.3d 113 (2d Cir. 2013).

> The Government "need not choose between an 'actual knowledge' and a 'conscious avoidance' theory." *United States v. Ferguson*, 676 F.3d 260, 278 (2d Cir. 2011). "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995). A conscious avoidance instruction is appropriate in a conspiracy case to prove that the defendant had knowledge of the illegal object of the conspiracy. *United States v. Reyes*, 302 F.3d 48, 55 (2d Cir. 2002) (discussing conscious avoidance in conspiracy cases and

noting that "the jury may use the conscious avoidance doctrine to establish the defendant's knowledge of the aims of the conspiracy but, as just noted, may not use it to establish the defendant's intent to participate in the conspiracy").

A conscious avoidance instruction should include the "high probability" and actual belief language. *See United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam).

**Request No. 47:**          **Motive**

Proof of motive is not a necessary element of the crimes with which the Defendant is charged.  Proof of motive does not establish guilt, nor does a lack of proof of motive establish that the Defendant is not guilty.

If the guilt of the Defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crimes may be, or whether any motive is shown, but the presence or absence of motive is a circumstance that you may consider as bearing on the intent of the Defendant.

> Adapted from Sand, *Modern Federal Jury Instructions* 6-18; *United States v. Simon*, 425 F.2d 796, 808-09 (2d Cir. 1969).

**Request No. 48:**        **False Exculpatory Statements [If Applicable]**

You have heard testimony that the Defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the Defendant exculpated himself are false.  If you find that the Defendant gave a false statement to divert suspicion from his scheme, you may infer that the Defendant believed that he was guilty.  You may not, however, infer on the basis of this alone that the Defendant is, in fact, guilty of the crimes with which he is charged.

Whether the evidence as to a defendant's statements shows that the Defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

> Adapted from the charges given by the Honorable Nelson S. Román in *United States v. Graham*, 16 Cr. 786 (NSR) (S.D.N.Y. 2019); Sand, *Modern Federal Jury Instructions*, Instr. 6-11; *United States v. Cassese*, 428 F.3d 92, 106-07 (2d Cir. 2005) ("… if … false exculpatory statements were indicative only of a defendant's knowledge and intent at the time of those actions, the evidence would be irrelevant to the charged crime and properly excluded. Instead, the law admits consciousness-of-guilt evidence precisely because a jury may properly infer therefrom that the Defendant believes himself to be guilty of the charged crime, which constitutes some evidence that he is, in fact, guilty." (citing Sand, *Modern Federal Jury Instructions*, Instr. 6-9 (flight), 6-11 (false exculpatory statements))).

**Request No. 49:**      **Venue**

In addition to all the elements that I have just described for you, you must also consider the issue of venue as to each offense. The Government must establish what is called "venue," which means that some act pertaining to the charge occurred in the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.

Venue must be examined separately for each count in the Indictment. Venue on one count does not establish venue on another count, although, if applicable, you may rely on the same evidence to establish venue on multiple counts.

With respect to Counts One, Four, and Seven, which charge conspiracies, and Count Three, which charges substantive bank fraud, it is sufficient for the Government to prove that some act in furtherance of the offense occurred within the Southern District of New York. In this regard, the act that occurred in this district need not be a criminal act; it could include, for example, meeting with others involved in the criminal scheme within this District. The act need not be taken by the Defendant or a conspirator, as long as the act was caused by the conduct of the Defendant or a conspirator or was reasonably foreseeable.

For the substantive wire fraud charge in Count Two, it is sufficient to establish venue if any of the wire communications you found satisfied the fourth element of the offense were transmitted from or to the Southern District of New York, so long as the Defendant reasonably anticipated that a wire communication in furtherance of the scheme would be transmitted from or to the Southern District of New York.

For the substantive money laundering charge in Count Five, it is sufficient to establish venue if any of the financial or monetary transactions involved in the money laundering were conducted, at least in part, in the Southern District of New York, *or* (1) if some act in furtherance

of the predicate specified unlawful activities—the wire fraud charged in Count Two, the bank fraud charged in Count Three, or the sale and distribution of narcotics—occurred in the Southern District of New York, and (2) the Defendant participated in the transfer of proceeds of that specified unlawful activity from the Southern District of New York to another district where a financial or monetary transactions involved in the money laundering was conducted.

For the aggravated identity theft charge in Count Six, it is sufficient to establish venue if some act in furtherance of the relevant predicate offense—the wire fraud charged in Count Two, the bank fraud charged in Count Three, or the wire fraud and bank fraud conspiracy charged in Count One—occurred in the Southern District of New York.

Furthermore, on the issue of venue only, the Government can meet its burden by a preponderance of the evidence rather than proof beyond a reasonable doubt. That means the Government can meet its burden by showing that it was more likely than not that an act in furtherance of a given crime occurred in the Southern District of New York.

> Adapted Sand, *Modern Federal Jury Instructions*, Instr. 3-11, and the from the charges given by Judge Valerie E. Caproni in *United States v. Kaloyeros*, 16 Cr. 776 (S.D.N.Y. 2018); the Honorable Nelson S. Román in *United States v. Graham*, 16 Cr. 786 (NSR) (S.D.N.Y. 2019); and the Honorable Jed S. Rakoff in *United States v. Newkirk*, 14 Cr. 534 (JSR) (S.D.N.Y. Dec. 11, 2015).

**Request No. 50:**          **Variance in Dates**

The Indictment in this case refers to various dates. The Government is not required to prove that the conduct took place on the precise dates alleged in the Indictment. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established through evidence at trial. It is not essential that the Government prove that the conspiracy started and ended within the specified time period. The Government is also not required to prove that the Defendant participated in the charged conspiracy for the entire time period alleged in the Indictment. It is sufficient if you find that a conspiracy was formed and that it existed for some time within the period set forth in the Indictment.

> Adapted from the charges of the Honorable Nelson S. Román in *United States v. Graham*, 16 Cr. 786 (NSR) (S.D.N.Y. 2019); and the Honorable J. Paul Oetken in *United States v. Pauling*, No. 16 Cr. 563 (Feb. 13, 2019); see also Sand, Federal Jury Instructions, Instr. 3-12; *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The Defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member." (citations omitted)).

**Request No. 51:          Particular Investigative Techniques Not Required [If Applicable]**

You have heard reference, [*If applicable:* in the arguments of defense counsel in this case,] to the fact that certain investigative techniques were or were not used by law enforcement authorities. There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why certain techniques were used or why others were not used. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the Defendant have been proven beyond a reasonable doubt.

> Adapted from the jury charges given by the Honorable William H. Pauley III in *United States v. Meregildo*, 11 Cr. 576 (S.D.N.Y. Nov. 28, 2012); the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992); and the Honorable John F. Keenan in *United States v. Medina*, 91 Cr. 894 (S.D.N.Y. 1992).

**Request No. 52:**          **Stipulations [If Applicable]**

You have heard evidence in the form of stipulation[s] of testimony. A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony. You should accept as true the fact that the witness would have given that testimony. It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You should regard such agreed facts as true. It is for you, however, to determine the effect to be given to any stipulated fact.

> Adapted from the jury charge given by the Honorable Sidney H. Stein in *United States v. Pierre*, 19 Cr. 783 (SHS) (S.D.N.Y. May 17, 2021); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 5-6.

**Request No. 53:**     **Charts and Summaries [If Applicable]**

During the course of trial there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence. They are not direct, independent evidence; they are summaries of the evidence. They are admitted into evidence as aids to you.

In understanding the evidence you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based. To the extent that the charts conform to what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5–12, and the charge of the Honorable Katherine B. Forrest in *United States v. Benito Del Rosario*, 12 Cr. 81 (KBF) (S.D.N.Y. 2012).

**Request No. 54:**         **Law Enforcement and Government Employee Witnesses**

You have heard testimony from employees of the Government.  The fact that a witness may be employed by the Federal Government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

> Adapted from the charge of the Honorable Nelson S. Román in *United States v. Graham*, 16 Cr. 786 (NSR) (S.D.N.Y. 2019); Sand, *Modern Federal Jury Instructions* 7-16.

**Request No. 55:          Preparation of Witnesses [If Applicable]**

You heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. Feb. 22, 2008).

**Request No. 56:**          **Government Cooperating Witnesses**

You have heard testimony from two witnesses who testified that they were involved in carrying out some of the crimes charged in the Indictment.  These witnesses testified pursuant to cooperation agreements with the Government.  I will refer to these witnesses as "cooperating witnesses" because they were working with the Government.

The law allows the use of this testimony, which is properly considered by the jury. Like the testimony of any other witness, a cooperating witness's testimony should be given such weight as it deserves in light of all the facts and circumstances. I have given you some general considerations on credibility, and I am not going to repeat those here, nor will I repeat the arguments that have been made by both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of cooperating witnesses.

The fact that a witness is a cooperating witness should be considered by you as bearing on his credibility. However, it does not follow that, simply because a person has admitted participation in one or more prior crimes, he is incapable of giving a truthful version of what happened. You should, of course, consider whether the testimony was motivated by reward or self-interest or hostility to the Defendant. You should ask yourself whether the so-called cooperating witnesses would benefit more by lying or by telling the truth. Was his testimony made up in any way because he believed that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interest would best be served by testifying truthfully? If you believe a witness was motivated by personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? And did this motivation color his testimony?  Indeed, you should carefully scrutinize the testimony of such a witness, and it should be viewed cautiously and weighed with great care.

Obviously you should reject the testimony if you find it was false. However, if after a cautious and careful examination of the testimony and the witness's demeanor, you are satisfied that the testimony is true, you should accept it as credible and act on it accordingly. Indeed it is the law in federal courts that the testimony of a cooperating witness may be enough in itself for conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt. You may also accept parts and reject parts of a cooperating witness's, or of any witness's testimony, as I earlier explained.

You have heard testimony and arguments regarding an agreement between the Government and these particular witnesses. It is of no concern of yours why the Government has made an agreement with a witness. Your sole concern is to decide whether the witness has given truthful testimony in this Court before you.

In sum, you should look to all the evidence in deciding what credence and what weight, if any, you will give to the testimony of the cooperating witnesses.

Adapted from the charge in *United States v. Laor*, 03 Cr. 934 (CM).

**Request No. 57:**        **Testimony of Experts [If Applicable]**

You have heard testimony from what we call expert witnesses. An expert is someone who by education or experience has acquired learning or experience in a science or a specialized area of knowledge. Such a witness is permitted to give his or her opinions as to relevant matters in which he or she professes to be expert and give his or her reasons for those opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find that the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt the expert's conclusions, you would be justified in placing great reliance on his or her testimony.

> Adapted from the charge of the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); the charge of the Honorable Michael B. Mukasey in *United States v. Mensah*, 91 Cr. 705 (MBM) (S.D.N.Y. 1991); and from Sand, *Modern Federal Jury Instructions*, Instr. 7-21.

**Request No. 58:          Uncalled Witnesses—Equally Available**

There are individuals whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on the Defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-7; *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

**Request No. 59:**          **Persons Not on Trial**

Some of the people who may have been involved in the events leading to this trial are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the Defendant from the fact that certain persons other than the Defendant were not named as defendants in the Indictment. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore, you may not consider it in any way in reaching your verdict as to the Defendant.

> Adapted from the charge of the Honorable Peter K. Leisure in *United States v. Parra and Ortega*, S1 02 Cr. 348 (PKL) (S.D.N.Y. 2004), and from Sand, *Modern Federal Jury Instructions*, Instr. 3-4.

**Request No. 60:**           **Defendant's Testimony [If Applicable]**

A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the Defendant is presumed innocent. In this case, the Defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any witness.

See *United States v. Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

**Request No. 61:**    **Defendant's Right Not to Testify [If Applicable, and if Requested by the Defendant]**

The Defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or present any evidence, because it is the Government's burden to prove a defendant's guilt beyond a reasonable doubt. That burden remains with the Government throughout the trial and never shifts to a defendant. A defendant is never required to prove that he or she is innocent. You may not attach any significance to the fact that the Defendant did not testify. You may not draw any inference against the Defendant because he did not take the witness stand. You may not speculate as to why he did not testify, and you may not consider this against him in any way in your deliberations.

Adapted from the charge of the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (Sept. 24, 2018).

**Request No. 62:**          **Statements of the Defendant**

There has been evidence that the Defendant made certain statements in which the Government claims they made admissions or denials relevant to the charges in the Indictment.

Evidence of these statements was properly admitted in this case, and may be properly considered by you. You are to give the statements such weight as you feel they deserve in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations. I instruct you that no one's rights were violated, and the Government's use of this evidence is entirely lawful.

> Adapted from the charge of the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); the Honorable Richard M. Berman in *United States v. Brunson*, 05 Cr. 109 (RMB) (S.D.N.Y. 2005); and the charge of the Honorable Lewis A. Kaplan in *United States v. Ernest Roberts*, 03 Cr. 1369 (LAK) (S.D.N.Y. 2004). *See also* Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-9, 5-10.

**Request No. 63:**        **Use of Evidence Obtained in Searches**

You have heard testimony about certain evidence that was seized in searches of certain electronic devices. Evidence obtained from those searches was properly admitted in this case, and may be considered by you. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proven the guilt of the Defendant beyond a reasonable doubt.

> Adapted from the charges of the Honorable Pierre N. Leval in *United States v. Ogando*, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), *aff'd*, 968 F.2d 146 (2d Cir. 1992), and in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

**Request No. 64:**      **Use of Recordings [If Applicable]**

Audio recordings of certain meetings and phone conversations have been admitted into evidence. Whether you approve or disapprove of the recording or interception of those conversations may not enter your deliberations. I instruct you that these recordings were made in a lawful manner, that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the Defendant.

Adapted from the charge of the Honorable Laura Taylor Swain in
*United States v. Nelson Solano*, 05 Cr. 563 (LTS) (S.D.N.Y. 2010).

**Request No. 65:**          **Transcripts and Translations [If applicable]**

You have seen transcripts of some of the recordings that were admitted into evidence. Portions of the communications and recordings were in Urdu.  With respect to foreign language conversations, the Court has admitted English language translations of those Urdu communications and recordings into evidence. The written English translations are evidence. You must accept the translations contained in the transcript as evidence and that's part of the evidence before you. You must disregard any different meaning.

With respect to English language recordings that were transcribed, these transcripts were given to you as an aid or guide to assist you in listening to the recordings. However, the transcripts for the English language recordings are not themselves evidence. You should draw your own conclusions as to what you heard in those recordings. If you think you heard something differently from what appears in a transcript, then what you heard is controlling.

If you wish to hear any of the recordings again, or to see any of the transcripts, they will be made available to you during your deliberations.

> Adapted from the charge of the Honorable P. Kevin Castel in *United States v. Stasiv*, S1 18 Cr. 259 (PKC) (S.D.N.Y. 2019).

**Request No. 66:**          **Similar Acts Evidence [If Applicable]**

You have heard evidence that on earlier occasions, the Defendant engaged in conduct similar in nature to the conduct charged in the Indictment.

Let me remind you that the Defendant is only on trial for knowingly and willingly participating in the crimes charged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the Defendant committed the crimes charged in the Indictment. Nor may you consider this evidence as proof that the Defendant has a criminal personality or bad character. This evidence was admitted for a limited purpose, and you may consider it for that purpose only.

If you determine that the Defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the Defendant acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the Defendant committed the other acts he must also have committed the crimes charged in the Indictment.

> Adapted from the charge of the Honorable John F. Keenan, *United States v. Carrero*, 91 Cr. 365, and from the charge of the Honorable Vernon S. Broderick, *United States v. Frazier*, *et al.*, 15 Cr. 153; Sand, *Modern Federal Jury Instructions*, Instr. 5-25.

**Request No. 67:**          **Conclusion**

Before you begin to deliberate, I want to remind you that you must be guided solely by the evidence in the case. The question you must ask yourselves as you consider and analyze the evidence is this: where do I find the truth? The only triumph in any case is whether or not the truth has come out and been found. If it has, then justice will have been done; if it has not, justice will not have been done.

You are to determine the guilt or lack of guilt of the Defendant based solely upon the evidence and subject to the law as I have instructed you on that law.

Your job is to decide whether the evidence established the guilt of the Defendant on each of the crimes charged in the Indictment beyond a reasonable doubt.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

> Adapted from charge of the Honorable John F. Keenan in *United States v. Paa Smith*, 02 Cr. 104 (JFK) (S.D.N.Y. July 31, 2002).

In submitting these requests to charge, the Government reserves its right to request additional or modified requests at or near the close of evidence.

Dated:   New York, New York
             January 18, 2024

                                                    Respectfully submitted,

                                                    DAMIAN WILLIAMS
                                                    United States Attorney
                                                    Southern District of New York

                                    by:         _____/s/_____
                                                    Benjamin Klein
                                                    Emily Deininger
                                                    Assistant United States Attorneys
                                                    (914) 993-1908 / (212) 637-2472