UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                                   Case No.: 22-CR-650 (JPO)

           -against-

MARTIN MIZRAHI,

                                             Defendant.
------------------------------------------------------------------------X


## DEFENDANT MIZRAHI'S RESPONSE TO THE GOVERNMENT'S PROPOSED REQUEST TO CHARGE


Richard Portale, Esq.
Chad Mair, Esq.
Louis Fasulo, Esq.
Portale Randazzo LLP
245 Main Street, Suite 605
White Plains, New York 10601

*Attorneys for the Defendant Martin Mizrahi*

**BACKGROUND**

On January 18, 2024, Martin Mizrahi filed the Defendant Mizrahi's Proposed Request to Charge (Dkt. 72). The Government filed its Proposed Request to Charge on the same day (Dkt. 75). Mr. Mizrahi stands on his Proposed Request to Charge.

Mr. Mizrahi presents these brief submissions in response to the Government's proposed requests.

**ARGUMENT**

As a preliminary note, the Government indicates that many of its proposed requests to charge are "If Applicable". Mr. Mizrahi agrees that many of those requested charges are premature, and reserves the right to made additional submissions on the applicability and scope of such charges.

Requests 6 and 8

Requests 6 and 8 concern the elements of wire fraud. The Government's proposed charge at Request 6 reads in relevant part: "Second, that the Defendant knowingly devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud." (Dkt 75, p. 7). Request 8 spells out Request 6 in further detail.

The two Government requests omit, however, a key word that is present in the Defense proposed requests: "willfully" (Dkt. 72, p. 25). The Department of Justice's Criminal Resource Manual cites multiple cases requiring proof that the defendant "willfully" participated in the scheme or artifice to defraud. *See*, Department of Justice Criminal Resource Manual, Proof of Scheme and Artifice to Defraud § 944, *citing*, *United States v. Maxwell*, 920 F.2d 1028, 1036 (D.C. Cir. 1990) ("All that is required is that [the defendant has] knowingly and willingly participated in the scheme; she need not have performed every key act herself. The "evidence need only show

1

that defendant was a 'knowing and active participant' in scheme to defraud and that scheme involved interstate wire communications." (quoting *United States v. Wiehoff*, 748 F.2d 1158, 1161 (7th Cir. 1984); *United States v. Jordan*, 626 F.2d 928, 930 (D.C. Cir. 1980) ("The Government is not required to prove the details of a scheme; it is, however, required to prove beyond a reasonable doubt…that the defendant…willfully and knowingly devised a scheme or artifice to defraud…"); Department of Justice Criminal Resource Manual, Intent to Defraud § 948, *citing*, *United States v. Bailey*, 859 F.2d 1265, 1273 (7th Cir. 1988) (court held that there must be sufficient evidence that the defendant acted with intent to defraud, that is, "willful participation in [the] scheme with knowledge of its fraudulent nature and with intent that these illicit objectives be achieved." (quoting *United States v. Price*, 623 F.2d 587, 591 (9th Cir. 1980), *cert. denied*, 449 U.S. 1016 (1980), *overruled on other grounds by*, *United States v. DeBright*, 730 F.2d 1255 (9th Cir. 1984)), *cert denied*, 488 U.S. 1010 (1989).

Mr. Mizrahi requests that this Honorable Court adopt the charge as set forth in the Defense Request to Charge, Request number 5. Anything less would impermissibly lower the bar and prejudice Mr. Mizrahi.

<u>Requests 34 and 35</u>

Requests 34 and 35 concern the elements of aggravated identity theft pursuant to Title 18, United States Code, Section 1028A. In neither the list of elements, nor the first element pertaining to Use of Means of Identification, does the Government include that "the means of identification must be specifically used in a manner that is fraudulent or deceptive." The Defense request to charge includes this key language (Dkt. 72, p. 37).

In *Dubin v. United States*, the Supreme Court held that "…with fraud or deceit crimes like the one in this case, the means of identification specifically must be used in a manner that is

fraudulent or deceptive." *Dubin v. United States*, 143 S. Ct. 1557, 1573 (2023). Indeed, the Government cited this language in its Opposition to Defendant Martin Mizrahi's Pretrial Motions (Dkt. 53, p. 10).

Mr. Mizrahi requests that this Honorable Court adopt the charge as set forth in the Defense Request to Charge, Request number 8.

## **CONCLUSION**

For the foregoing reasons, Mr. Mizrahi requests This Honorable Court to adopt the proposed Requests to Charge from the Defense, and specifically adopt the language set forth above regarding Government proposed requests 6, 8, 34, and 35, and Defense proposed requests 5 and 8.

DATED: White Plains, New York
January 25, 2024

Respectfully Submitted,

*/s/ Richard Portale*_____
Portale Randazzo LLP
Richard Portale, Esq.
Chad Mair, Esq.
Louis Fasulo, Esq.
245 Main Street, Suite 605
White Plains, New York 10601

*Attorneys for the Defendant Martin Mizrahi*