UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
UNITED STATES OF AMERICA

          -v-                                  22-CR-650 (JPO)

MARTIN MIZRAHI,                          ORDER
                        Defendant.
———————————————————————

J. PAUL OETKEN, District Judge:

      Defendant Martin Mizrahi has moved to quash the Government's trial subpoena served on him pursuant to Rule 17 of the Federal Rules of Criminal Procedure. (*See* ECF Nos. 97-99.) The trial subpoena calls for the production of several categories of documents by Defendant "if, as, and when" he elects to testify at trial. The Government has filed an opposition to the motion. (*See* ECF No. 100.) Mizrahi asks the Court to quash the subpoena on three grounds: that it improperly circumvents the rules of discovery, that it is too broad and unspecific, and that it violates his Fifth Amendment right against self-incrimination.

      *First*, the Court disagrees with Defendant's contention that the subpoena is tied to the 690 File or is otherwise improper. Issuing a trial subpoena for documents that is returnable only if and when a defendant elects to testify is standard and proper where it seeks documents that are relevant to the reasonably anticipated testimony of the defendant, including to impeachment of his testimony. *See, e.g., United States v. Avenatti*, No. 19-CR-373, 2020 WL 508682, at *3 (S.D.N.Y. Jan. 31, 2020). The facts and circumstances do not show that the Government is seeking to "obtain material that it could have obtained in discovery but chose not to." (ECF No. 99 at 2.)

      *Second*, the Court rejects Defendant's contention that the subpoena is insufficiently specific, with one exception. A trial subpoena must satisfy "three hurdles" to comport with Rule

17: "(1) relevanc[e]; (2) admissibility; (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974). The same general standard has been applied to both pretrial subpoenas and trial subpoenas for documents. *See Avenatti*, 2020 WL 508682, at *3. "[W]hen ruling as to whether a Rule 17(c) subpoena is sufficiently specific, the onus lies on the court 'to cull the good from the bad' by modifying or quashing the subpoena . . . ." *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). Having reviewed the subpoena, the Court concludes that the requested categories of documents are sufficiently specific to meet the *Nixon* standard and do not reflect an improper "fishing expedition," provided that request number 8 is limited to cover only communications from September 1, 2020, forward. The documents are relevant and admissible as they reasonably cover matters within the scope of anticipated testimony by the Defendant. That includes documents that are relevant for impeachment purposes, as to which the subpoena is not premature because it is returnable only "if, as, and when" the Defendant elects to testify, thereby placing his credibility at issue. *See Avenatti*, 2020 WL 508682, at *3.

*Finally*, the Court rejects Defendant's argument that the compelled act of producing the requested documents would violate his Fifth Amendment right against self-incrimination. (ECF No. 97 at 7-8.) As the Government explains, compliance with the subpoena is required only if and when Mizrahi chooses to testify, and "[w]hen a defendant takes the stand in his defense, he surrenders his Fifth Amendment privilege for proper cross-examination." *United States v. Nguyen*, 507 F. App'x 64, 66 (2d Cir. 2013) (summary order) (rejecting defendant's argument that the district court "impermissibly chilled his right to testify . . . by ordering him to produce '[a]ny and all appointment books, calendars, and diaries from 2006 through 2010'"); *see also Kansas v. Cheever*, 571 U.S. 87, 94 (2013) ("[W]hen a defendant chooses to testify in a criminal case, the Fifth Amendment does not allow him to refuse to answer related questions on cross-

examination," as he "has no right to set forth to the jury all the facts which tend in his favor without laying himself open to a cross-examination upon those facts." (internal quotation marks and citation omitted)). Thus, a defendant who "elects to testify" subjects himself to the production of "documents . . . [that] may be used on cross-examination to impeach" him. *United States v. Ovu*, No. 91-CR-922, 1992 WL 309804, at *1-2 (S.D.N.Y. Oct. 9, 1992) (narrowing and upholding a subpoena that required the defendant to "produce at trial, 'if, as and when' he chooses to testify, a broad array of documents").

Accordingly, Defendant's motion to quash the Rule 17 trial subpoena is denied, provided that request number 8 is limited to cover only communications from September 1, 2020, forward.

SO ORDERED.

Dated: February 23, 2024
       New York, New York

                                        _____
                                        J. PAUL OETKEN
                                        United States District Judge