UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

               -v-                     22-CR-650 (JPO)

MARTIN MIZRAHI,
                    Defendant.       ORDER

---

J. PAUL OETKEN, District Judge:

    Attached to this order is the Court's draft of the jury charge provided to the parties today,

February 26, 2024

    SO ORDERED.

Dated: February 26, 2024
      New York, New York

                                   _____
                                        J. PAUL OETKEN
                               United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

MARTIN MIZRAHI,

                                        Defendant.

22 Cr. 650 (JPO)

**<u>JURY CHARGE</u>**

**Table of Contents**

INTRODUCTORY INSTRUCTIONS ...................................................................................................5

A.    Introductory Remarks and Role of the Court ...................................................................5

B.    Role of the Jury ................................................................................................................6

C.    Role of Counsel ................................................................................................................6

D.    All Persons Are Equal Before the Law ............................................................................7

E.    Presumption of Innocence ................................................................................................7

F.    Proof Beyond a Reasonable Doubt ...................................................................................8

G.    Do Not Be Swayed by Sympathy or Prejudice ................................................................9

H.    What Is and Is Not Evidence ..........................................................................................10

1.        Stricken or Excluded Testimony Is Not Evidence ....................................................10

2.        Exhibits Not Received into Evidence Are Not Evidence ...........................................10

3.        Redactions Are Not Evidence ....................................................................................11

4.        Arguments by Lawyers Are Not Evidence .................................................................11

5.        Statements of the Court Are Not Evidence ................................................................11

I.    Direct and Circumstantial Evidence ...............................................................................11

J.    Stipulations .....................................................................................................................13

K.    Translations and Transcripts ..........................................................................................13

L.    Charts and Summaries ....................................................................................................13

M.    Rulings on Evidence and Objections ..............................................................................14

N.    Witness Credibility .........................................................................................................14

O.    Defendant's Right Not to Testify ....................................................................................16

P.    Law Enforcement and Government Employee Witnesses ...............................................16

Q.    Government Cooperating Witnesses ...............................................................................16

R.    Bias of Witnesses ...........................................................................................................18

S.    Testimony of Experts ......................................................................................................19

T.    Persons Not on Trial .......................................................................................................19

U.    Preparation of Witnesses ................................................................................................20

V.    Uncalled Witnesses .........................................................................................................20

W.    Use of Evidence Obtained Pursuant to Searches ...........................................................21

X.    Use of Recordings ...........................................................................................................21

Y.    Statements of Defendant .................................................................................................21

Z.    Excerpts ...........................................................................................................................22

SUBSTANTIVE INSTRUCTIONS ..................................................................................................22

A.    Meaning and Summary of the Indictment ......................................................................22

B.    Count Two: Wire Fraud ..................................................................................................24

C.    Count Two: Wire Fraud (Elements) ...............................................................................24

D.    Count Two: Wire Fraud (First Element—Existence of a Scheme or Artifice to Defraud)................25

E.    Count Two: Wire Fraud (Second Element—Knowledge, Willfulness, Intent to Defraud) ................26

F.    Count Two: Wire Fraud (Third Element—Use of Interstate Wires) ..............................28

G.    Count Three: Bank Fraud ...............................................................................................29

H.    Count Three: Bank Fraud (Elements) .............................................................................29

I. Count Three: Bank Fraud (First Element—Existence of Scheme or Artifice) ................................... 30

J. Count Three: Bank Fraud (Second Element—Participation in Scheme with Intent to Defraud) ....... 32

K. Count Three: Bank Fraud (Third Element—Federally Insured Financial Institution) ..................... 33

L. Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (General Conspiracy Instructions) 33

M. Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (Elements) .................................... 34

N. Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (First Element—Existence of the Conspiracy)............................................................................................................................................ 34

O. Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (First Element—Objectives of the Conspiracy)............................................................................................................................................ 36

P. Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (Second Element—Membership in the Conspiracy) .................................................................................................................................... 37

Q. Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (Liability for Acts and Declarations of Co-Conspirators) ........................................................................................................................... 40

R. Count Five: Money Laundering ......................................................................................................... 40

S. Count Five: Money Laundering (Elements) ....................................................................................... 41

T. Count Five: Money Laundering (First Element—Financial Transaction)........................................... 42

U. Count Five: Money Laundering (Second Element—Proceeds of Specified Unlawful Activity) ....... 43

V. Count Five: Money Laundering (Third Element—Knowledge).......................................................... 43

W. Count Five: Money Laundering (Fourth Element—Intent to Conceal Unlawful Activity)................ 43

X. Count Four: Conspiracy to Commit Money Laundering (Elements) .................................................. 44

Y. Count Four: Conspiracy to Commit Money Laundering (First Element—Existence of Conspiracy) 44

1. Second Object: Transactions in Criminally Derived Property (Elements) ................................. 45

2. Second Object: Transactions in Criminally Derived Property (First Element).......................... 45

3. Second Object: Transactions in Criminally Derived Property (Second Element) ..................... 46

4. Second Object: Transactions in Criminally Derived Property (Third Element) ........................ 46

Z. Count Four: Conspiracy to Commit Money Laundering (Second Element—Membership in the Conspiracy)........................................................................................................................................... 47

AA. Count Six: Aggravated Identity Theft ............................................................................................. 47

BB. Count Six: Aggravated Identity Theft (Elements) ........................................................................... 47

CC. Count Six: Aggravated Identity Theft (First Element—Use of Means of Identification) ................ 48

DD. Count Six: Aggravated Identity Theft (Second Element—Predicate Offense) ................................ 48

EE. Count Six: Aggravated Identity Theft (Third Element—Without Lawful Authority)....................... 49

FF. Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business ....................... 49

GG. Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (Elements)....... 50

HH. Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (First Element— Existence of Conspiracy) ..................................................................................................................... 50

1. Object of the Conspiracy: Operation of an Unlicensed Money Transmitting Business (First Element—Unlicensed Money Transmitting Business) ........................................................... 51

2. Object of the Conspiracy: Operation of an Unlicensed Money Transmitting Business (Second Element—Defendant's Operation).......................................................................................... 52

3. Object of the Conspiracy: Operation of an Unlicensed Money Transmitting Business (Third Element—Effect on Interstate or Foreign Commerce) ........................................................... 53

II. Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (Second Element—Membership in the Conspiracy) ......................................................................................... 53

JJ.    Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (Third Element—Overt Act) ............................................................................................................................53

KK.  Counts Two, Three Five, and Six: Aiding and Abetting Liability...................................................55

LL.   Good Faith ................................................................................................................................56

MM. Conscious Avoidance ...............................................................................................................57

NN.  Motive .....................................................................................................................................58

OO.  Venue ......................................................................................................................................59

PP.   Variance in Dates .....................................................................................................................60

QQ.  Theory of the Defense................................................................................................................61

FINAL INSTRUCTIONS .........................................................................................................................61

A.    Duty to Deliberate and Reach a Unanimous Verdict ...................................................................61

B.    Right to See Exhibits and Hear Testimony; Communications with Court .......................................62

C.    Notes .......................................................................................................................................63

D.    Verdict Form .............................................................................................................................63

E.    Duties of Foreperson.................................................................................................................63

F.    Return of Verdict .......................................................................................................................64

G.    Jury Oath ..................................................................................................................................64

H.    Alternates .................................................................................................................................64

**INTRODUCTORY INSTRUCTIONS**

## A.  Introductory Remarks and Role of the Court

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

My duty at this point is to instruct you as to the law.  There are three parts to these instructions.  First, I'm going to give you some general instructions about your role and about how you are to decide the facts of the case.  These instructions really would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedure.

It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or ought to be.

Listening to these instructions may not be easy.  It is important, however, that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So it's critical that I use exactly the right words.

You'll have copies of what I'm reading in the jury room to consult, so don't worry if you miss a word or two.  But for now, listen carefully and try to concentrate on what I'm saying.

Remember, you are to consider these instructions together as a whole; you are not to isolate or give undue weight to any single instruction.

## B.  Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You pass on the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else that I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.  It is *your* sworn duty, and you have taken the oath as jurors, to determine the facts.

## C.  Role of Counsel

Just as I have my duties as a judge and you have your duties as jurors, it has been the duty of each attorney in this case to object when the other side offered testimony or other evidence that the attorney believed is not properly admissible.  It has been my job to rule on those objections.  Therefore, why an objection was made or how I ruled on it is not your business.  You should draw no inference from the bare fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the lawyers and I had conferences outside of your hearing.  These conferences involved procedural and other matters, and none of the events relating to these

conferences should enter into your deliberations at all.

To be clear, the personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

### D.  All Persons Are Equal Before the Law

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the government is a party and the prosecution is brought in the name of the United States does not entitle the government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less deference. The government and the defendant stand on equal footing before you. It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, gender, sexual orientation, or age. All persons are entitled to the same presumption of innocence, and the government has the same burden of proof with respect to all persons. Similarly, it would be improper for you to consider any personal feelings you have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case. The defendant is entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

### E.  Presumption of Innocence

Now I will instruct you on the presumption of innocence. The law presumes the defendant to be innocent of all charges against him. In this case, the defendant before you has

pleaded not guilty. In so doing, the defendant has denied the charges in the indictment. Thus, the government has the burden of proving the defendant's guilt beyond a reasonable doubt.

This burden never shifts to the defendant. In other words, the defendant does not have to prove his innocence. He is presumed to be innocent of the charges contained in the indictment. The defendant thus began the trial here with a clean slate. The presumption of innocence was in his favor when the trial began, continued in his favor throughout the entire trial, remains with him even as I speak to you now, and persists in his favor during the course of your deliberations in the jury room.

This presumption of innocence is removed if and only if, as members of the jury, you are unanimously convinced that the prosecution has sustained its burden of proving the defendant guilty beyond a reasonable doubt.

## F. Proof Beyond a Reasonable Doubt

Now, the question naturally arises: what, exactly, is a reasonable doubt? The words almost define themselves. A reasonable doubt is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt founded in reason and arising out of the evidence in the case, the conflict in evidence, or the lack of evidence. Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, your common sense. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

I must emphasize that beyond a *reasonable* doubt does not mean beyond all *possible* doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proved with mathematical certainty. In the

criminal law, guilt must be established beyond a *reasonable* doubt, not all *possible* doubt.

Further, the government is not required to prove each element of the offense by any particular number of witnesses.  The testimony of a single witness may be enough to convince you beyond a reasonable doubt of the existence of the elements of the charged offense—if you believe that the witness has testified truthfully and accurately related what he has told you.

That all said, if, after a fair and impartial consideration of all the evidence, you have an abiding belief of the guilt of the defendant beyond a reasonable doubt—a belief that you would be willing to act upon without hesitation in the most important matters in the personal affairs of your own life—then it is your sworn duty to convict the defendant.

On the other hand, if after a fair and impartial consideration of all the evidence, you are not satisfied of the guilt of the defendant with respect to the charge in the indictment; if you do not have an abiding conviction of the defendant's guilt; in sum, if you have such a doubt as would cause you, as prudent persons, to hesitate before acting in matters of the most importance to yourselves—then you have a reasonable doubt, and in that circumstance it is your sworn duty to return a verdict of not guilty as to the defendant.

## G.  Do Not Be Swayed by Sympathy or Prejudice

In reaching that determination, your oath as jurors commands that you are not to be swayed by sympathy or prejudice.  You are to be guided solely by the evidence in this case and you are to apply the law as I instruct you.  As you sift through the evidence, you must ask yourselves whether the prosecution has proven the guilt of the defendant you are considering. Once you let fear or prejudice, or bias or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

The question of possible punishment is of no concern to the jury and should not enter into

or influence your deliberations.  The duty of imposing a sentence in the event of a conviction

rests exclusively upon the Court.  Your function is to weigh the evidence in the case and to

determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the

basis of such evidence.  Under your oath as jurors, you cannot allow any consideration of the

punishment that may be imposed to influence your verdict.

Similarly, it would be improper for you to allow any feelings you might have about the

nature of the crimes charged to interfere with your decision-making process.  Your verdict must

be based exclusively upon the evidence or the lack of evidence in the case.

## H.  What Is and Is Not Evidence

Now, I have repeatedly referred to the evidence in this case.  This raises an important

question: what is evidence?  I instruct you that evidence consists of the sworn testimony of the

witnesses, the exhibits received in evidence, and the stipulations of the parties.  In determining

the facts, you must rely upon your own recollection of the evidence.

What, then, is *not* evidence?  I instruct you that the following does not count as evidence:

### 1.  Stricken or Excluded Testimony Is Not Evidence

*First*, testimony that I have stricken or excluded is not evidence.  You may not use it in

rendering your verdict.  If certain testimony was received for a limited purpose, you must follow

the limiting instructions I have given, and use the evidence only for the limited purpose I

indicated.

### 2.  Exhibits Not Received into Evidence Are Not Evidence

*Second*, any exhibit that was not received into evidence is not evidence.  Thus, exhibits

marked for identification but not admitted are not evidence, nor are materials that were used only

to refresh a witness's recollection.

### 3. Redactions Are Not Evidence

*Third*, among the exhibits received in evidence there may have been some documents and recordings that are redacted. Redacted means that part of the document or recording was taken out. You are to concern yourself only with the item admitted into evidence. You should not consider any possible reason why the other part has been redacted.

### 4. Arguments by Lawyers Are Not Evidence

*Fourth*, arguments by the lawyers are not evidence. The reason is simple: advocates are not witnesses. The opening and closing arguments of each party explain how that party wants you to analyze the evidence. What the lawyers have said to you is intended to help you understand the evidence—or the lack of evidence—as you deliberate to reach your verdict. However, if your recollection of the facts differs from the lawyers' opening statements, questions to witnesses, or summations, it is *your* recollection that controls, not theirs. For the same reasons, you are not to consider a lawyer's or a party's questions as evidence. Only the witnesses' answers are to be considered evidence, not the questions.

### 5. Statements of the Court Are Not Evidence

*Finally*, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## I. Direct and Circumstantial Evidence

There are two types of evidence that you may properly consider in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard.

For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly, by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day outdoors. Assume that the courtroom shades were drawn and that you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet and then, a few moments later, somebody else walked in with a raincoat that was dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one fact that's established the existence or the nonexistence of some other fact.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven.

Many material facts, such as someone's state of mind, are rarely easily proven by direct evidence. Usually such facts are established by circumstantial evidence and the reasonable inferences that you draw. Circumstantial evidence may be given as much weight as direct

evidence.  The law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury must be satisfied that the government has proven a defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

There are times when different inferences may be drawn from the evidence.  The government asks you to draw one set of inferences.  The defendant asks you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

## J.  Stipulations

You have heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.  However, it is for you to decide what weight, if any, to give to those facts.

## K.  Translations and Transcripts

You have seen translations of some of the documents that were admitted into evidence.  Portions of the communications were in Urdu.  With respect to foreign language conversations, the Court has admitted English language translations of those Urdu communications and recordings into evidence.  The written English translations are evidence.  You must accept the translations contained in the transcript as evidence and that's part of the evidence before you.  You must disregard any different meaning.

If you wish to hear any of the recordings again, or to see any of the transcripts, they will be made available to you during your deliberations.

## L.  Charts and Summaries

During the course of trial, there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are not direct, independent evidence; they are summaries of the evidence.  They are admitted into

evidence as aids to you.

In understanding the evidence you have heard, it is sometimes easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based. To the extent that the charts conform to what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.

**M. Rulings on Evidence and Objections**

As I have already explained, you should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections.

By the same token, nothing I say is evidence. If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation. It is your recollection and interpretation that govern.

At times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times I asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

**N. Witness Credibility**

You have had the opportunity to observe the witnesses. It will now be your job to decide

how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

To that end, I am going to give you a few general instructions on how you may determine whether witnesses are credible and reliable, whether witnesses told the truth at this trial, and whether they knew what they were talking about.

First, consider how well the witness was able to observe or hear what he or she testified about.  How did the witness's testimony impress you?  Did the witness appear to be testifying honestly and candidly?  Did the witness appear knowledgeable about what he or she was testifying about?  Were the witness's answers direct or were they evasive?  Consider the witness's intelligence, demeanor, manner of testifying, and the strength and accuracy of the witness's recollection.  Consider whether any outside factors might have affected a witness's ability to perceive events.

Consider the substance of the testimony.  How does the witness's testimony compare with other proof in the case?  Is it corroborated or is it contradicted by other evidence?  If there is a conflict, does any version appear reliable, and if so, which version seems more reliable?

In passing upon the credibility of a witness, you may also consider any inconsistencies or contradictions as to material matters in his or her testimony.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case.

It is for you, the jury, and you alone to decide the credibility of witnesses who testified

and the weight that their testimony deserves.

**O.  Defendant's Right Not to Testify**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or present evidence, because it is the government's burden to prove a defendant's guilt beyond a reasonable doubt.  That burden remains with the government throughout the trial and never shifts to the defendant.  A defendant is never required to prove that he or she is innocent.  You may not attach any significance to the fact that the defendant did not testify.  You may not draw any inference against the defendant because he did not take the witness stand.  You may not speculate as to why he did not testify, and you may not consider this against the defendant in any way in your deliberations.

**P.  Law Enforcement and Government Employee Witnesses**

You have heard testimony from employees of the government.  The fact that a witness may be employed by the federal government as a law enforcement official or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or government employee witness and to give to that testimony the weight you find it deserves.

**Q.  Government Cooperating Witnesses**

You have heard testimony from two witnesses, Joel Zubaid and David Goran, who are cooperating with the government.  Zubaid and Goran pleaded guilty to certain crimes and they each entered into a cooperation agreement with the government.  I will refer to these witnesses as "cooperating witnesses" because they were cooperating with the government.  The law allows

the use of their testimony, which is properly considered by the jury. Like the testimony of any other witness, a cooperating witness's testimony should be given such weight as it deserves in light of all the facts and circumstances. I have given you some general considerations on credibility. However, let me say a few things that you may want to consider during your deliberations on the subject of cooperating witnesses.

Cooperating witness testimony is of such a nature that it should be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe. The fact that a witness is a cooperating witness should be considered by you in evaluating his testimony. The weight to be given to the fact of the witness's cooperation is up to you. A witness who believes that he may be able to obtain his own freedom or receive a lighter sentence by giving testimony favorable to the prosecution may have a motive to testify falsely. However, it does not follow that, simply because a person has admitted participation in one or more prior crimes, he is incapable of giving a truthful version of what happened. You should, of course, consider whether the testimony was motivated by reward or self-interest or hostility to the defendant. You should ask yourself whether the cooperating witness would benefit more by lying or by telling the truth. Was his testimony made up in any way based on a belief that false testimony would somehow result favorable treatment? Or did he believe that his interests would best be served by testifying truthfully? If you believe a witness was motivated by personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? And did this motivation color the witness's testimony?

Obviously, you should reject the testimony if you find it was false. However, if after a cautious and careful examination of the testimony and the witness's demeanor, you are satisfied that the testimony is true, you should accept it as credible and act on it accordingly. You may

also accept parts and reject parts of a cooperating witness's, or of any witness's, testimony, as I have earlier explained.

You have heard testimony and arguments regarding an agreement between the government and these particular witnesses. It is of no concern of yours why the government has made an agreement with a witness. Your sole concern is to decide whether the witness has given truthful testimony in this Court before you. Further, you are to draw no conclusions or inferences about the defendant from the fact that a witness pleaded guilty and entered into an agreement with the government. The fact that a witness decided to plead guilty to certain charges arising from his conduct is a personal decision, and you may not consider the fact that a witness decided to plead guilty against the defendant.

In sum, you should look to all the evidence in deciding what credence and what weight, if any, you will give to the testimony of the cooperating witness.

## R. Bias of Witnesses

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. You are not required to disbelieve an interested witness;

you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

**S.   Testimony of Experts**

You have heard testimony from what we call an expert witness.  An expert is someone who by education or experience has acquired learning or experience in a science or a specialized area of knowledge.  Such a witness is permitted to give his opinions as to relevant matters in which he professes to be expert and give his reasons for those opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you may disregard the opinion of the expert entirely or in part.

On the other hand, if you find that the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt the expert's conclusions, you would be justified in placing reliance on his testimony.

**T.  Persons Not on Trial**

Some of the people who may have been involved in the events leading to this trial are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be

charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the government or the defendant from the fact that certain persons other than the defendant were not named as defendants in the indictment.  Nor may you speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

## U.  Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

## V.  Uncalled Witnesses

There are several people whose names you have heard during the course of the trial but who did not appear here to testify.  Each party had an opportunity to call witnesses.  You should not speculate as to what these people would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a

defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden remains with the government to prove the guilt of the defendant beyond a reasonable doubt.

**W. Use of Evidence Obtained Pursuant to Searches**

You have heard testimony about certain evidence that was seized in searches of certain electronic devices.  Evidence obtained from those searches was properly admitted in this case and may be considered by you.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I now instruct you that the government's use of this evidence is lawful.

**X.   Use of Recordings**

Audio recordings of certain meetings and phone conversations have been admitted into evidence.  Whether you approve or disapprove of the recording or interception of those conversations may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner.

**Y.  Statements of Defendant**

There has been evidence that the defendant made certain statements relevant to the charges in the indictment.

Evidence of these statements was properly admitted in this case and may be properly considered by you.  You are to give the statements such weight as you find they deserve in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that no one's rights were violated, and the government's use of this

evidence is lawful.

**Z.  Excerpts**

Some of the exhibits admitted into evidence consist of excerpts of longer documents that were not admitted into evidence in their entirety.  These excerpts are the portions of the underlying documents considered to be most relevant to the case by the party introducing them.  There is nothing unusual or improper about the use of such excerpts, and you are not to speculate from the use of such excerpts that any relevant portion of a document has been omitted.

**Now I am going to turn to the substantive instructions.**

SUBSTANTIVE INSTRUCTIONS

**A.  Meaning and Summary of the Indictment**

I will now turn to the charges against the defendant as contained in the indictment.  The defendant, Martin Mizrahi, is formally charged in a seven-count indictment.  As I instructed you at the outset of this case, the indictment is a charge or accusation.  It is not evidence.  I will not read the entire indictment to you at this time.  Rather, I will first summarize the offense charged in the indictment and then explain in detail the elements of that offense.

The indictment contains a total of seven counts, or charges.

Count One charges that Mizrahi participated in a conspiracy to commit wire fraud and bank fraud from in or about April 2021 up to and including in or about June 2021.  As I will explain in more detail later, a conspiracy, such as the one charged in Count One, is an agreement or understanding by two or more people to violate the law.

Count Two charges that from in or about April 2021 up to and including in or about June

2021, Mizrahi committed wire fraud.  This is what is called a substantive count.

Count Three charges that from in or about April 2021 up to and including in or about June 2021, Mizrahi committed bank fraud.  This is also a substantive count.

Later on, I will explain to you the differences between a conspiracy count and a substantive count.  For now, just keep in mind that a conspiracy count is different from a substantive count.  Count One charges Mizrahi with conspiring, or agreeing, to commit wire fraud and bank fraud, whereas Counts Two and Three charge Mizrahi with substantive counts of wire fraud and bank fraud, that is, the actual commission of the substantive crimes of wire fraud and bank fraud.

Count Four charges that from in or about February 2021 up to and including in or about June 2021, Mizrahi participated in a conspiracy to commit money laundering.  This is a conspiracy count.

Count Five charges that from in or about in or about February 2021 up to and including in or about June 2021, Mizrahi committed money laundering.  This is a substantive count.

Count Six charges that from in or about April 2021 up to and including in or about June 2021, Mizrahi committed aggravated identity theft.  This is also a substantive count.

Count Seven charges that from in or about February 2021 up to and including in or about June 2021, Mizrahi participated in a conspiracy to operate an unlicensed money transmitting business.  This is a conspiracy count.

In a moment, I will instruct you on each of these charges in more detail.  At the outset, however, let me instruct you that you must consider each individual charge separately, and evaluate each on the proof or lack of proof that relates to that charge.  You must consider each count separately, and you must return a separate verdict for each count.  I also instruct you that

the defendant is not charged with committing any crime other than the offenses contained in the indictment.

The fact that you may think certain conduct is unethical or morally wrong is of no consequence in this case.  Laws enacted by Congress define the crimes charged in this case, and I will talk to you about these laws.  Conduct is only a crime if it is defined as such by a law.

## B.  Count Two: Wire Fraud

Let us turn first to the substantive charges of wire fraud and bank fraud, which are listed in the indictment as Counts Two and Three.  Because the law relating to those counts is relevant to my instructions on the conspiracy that is charged in Count One, I will first instruct you on the substantive fraud charged in Counts Two and Three first.  Then, I will turn back to the law of conspiracy.

Count Two charges the defendant with violating the wire fraud statute.  Specifically, Count Two alleges that the defendant participated in a scheme to defraud corporations, credit card companies, and other entities through business email compromise schemes and by making unauthorized credit card charges using stolen credit card information.

The federal wire fraud statute, Title 18, United States Code, Section 1343, provides as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

## C.  Count Two: Wire Fraud (Elements)

To meet its burden of proof on Count Two, the government must establish three elements

beyond a reasonable doubt.

*First*, that there was a scheme or artifice to defraud or to obtain money or property by false or fraudulent pretenses, representations, or promises.

*Second*, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

*Third*, that in the execution of that scheme, the defendant used or caused the use of interstate wires.

I will now explain each of those three elements in more detail.

## D. Count Two: Wire Fraud (First Element—Existence of a Scheme or Artifice to Defraud)

The first element is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false representations, suggestions, or suppression of the truth, or deliberate disregard for the truth. Thus, a "scheme to defraud" is a plan to deprive another of money or property by trick, deceit, deception, or swindle.

The scheme to defraud is alleged to have been carried out by making false or fraudulent statements, representations, claims, and documents. A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely

made with the intention to deceive.

Deceitful statements, half-truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The false representations and pretenses involved in the scheme to defraud must be "material." A "material" fact is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement in making a decision. That means if you find a particular statement or omission to have been untruthful or misleading, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such a decision.

**E.  Count Two: Wire Fraud (Second Element—Knowledge, Willfulness, Intent to Defraud)**

The second element of wire fraud is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud.

To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with the scheme, while it is ongoing, with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

To satisfy this element, it is not necessary for the government to establish that the defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the defendant participated in or had knowledge of all of the operations of the scheme.  The guilt of the defendant is not governed by the extent of his participation.

It also is not necessary that the defendant have participated in the alleged scheme from the beginning.  A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless equally guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

As I have previously noted, before the defendant may be convicted of the fraud charged here, he must also be shown to have acted knowingly and willfully and with a specific intent to defraud.

A person acts "knowingly" when he acts voluntarily and deliberately, and not because of ignorance, mistake, accident, or carelessness.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.  The defendant need not have known that he was breaking any particular law or any particular statute.  The defendant need only have been aware of the generally unlawful nature of his act.  "Willfully" means to act deliberately and with a bad purpose, rather than innocently.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

## F.  Count Two: Wire Fraud (Third Element—Use of Interstate Wires)

The third and final element that the government must establish beyond a reasonable doubt is the use of an interstate wire communication in furtherance of the scheme to defraud. Wire communications include telephone calls, emails, and text messages. The wire communication must pass between two or more states as, for example, a telephone call or email between two states.

The use of the wires need not itself be fraudulent. It must, however, further or assist in the carrying out of the scheme to defraud. It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others.  When a defendant does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

The government must establish beyond a reasonable doubt the particular use charged in the indictment.  However, the government does not have to prove that the wire was used on the exact date charged in the indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the wire was used on a date reasonably near the date alleged in the indictment.

The jury must unanimously agree that at least one such wire communication in furtherance of a scheme to defraud was proven by the government beyond a reasonable doubt.

## G.  Count Three: Bank Fraud

Count Three of the indictment charges Mizrahi with violating the federal bank fraud statute.  In other words, the **i**ndictment charges that the defendant devised a scheme to defraud a federally insured bank.  The bank fraud statute, Title 18, United States Code, Section 1344, provides that it is a crime to:

> knowingly execute[], or attempt[] to execute, a scheme or artifice—
> (1) to defraud a financial institution; or
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

## H.  Count Three: Bank Fraud (Elements)

To find the defendant guilty of the crime charged in Count Three, the government must establish three elements beyond a reasonable doubt.

*First*, that there was a scheme or artifice to defraud a bank, OR a scheme or artifice to obtain money owned by or under the custody or control of a bank, by means of materially false or fraudulent pretenses, representations, or promises.

*Second*, that the defendant executed or attempted to execute the scheme with the intent either to defraud the bank or credit union or to obtain money or funds owned by or under the custody or control of the bank.

*Third*, that the bank involved was federally insured.

I will now explain each of these three elements in more detail.

## I.   Count Three: Bank Fraud (First Element—Existence of Scheme or Artifice)

The first element of bank fraud is that the defendant either—(1) executed or attempted to execute a scheme or artifice to defraud a bank, OR (2) executed or attempted to execute a scheme or artifice to obtain money owned by or in the custody and control of the bank by means of false or fraudulent pretenses, representations, or promises that were material to the scheme.

The government must prove only that the defendant did one of these.  They are not necessarily mutually exclusive.  If you find that the defendant committed one of these, or both, then the first element is satisfied.  However, you must be unanimous in your view as to the manner in which the defendant violated the bank fraud statute.  If half of you think (1), but not (2), and the other half think (2), but not (1), then you must vote to acquit the defendant.

To establish the first theory of bank fraud—that there was a "scheme to defraud a bank or credit union"—the government must prove beyond a reasonable doubt that there was a pattern or course of conduct as described in the indictment concerning a material matter designed to deceive a federally insured bank or credit union into releasing property with the intent to cause the bank to suffer an actual or potential loss.

To establish the second theory of bank fraud, the government must prove beyond a reasonable doubt that there was a scheme or artifice to obtain money owned by or in the custody and control of a bank or credit union by means of false or fraudulent pretenses, representations, or promises as described in the indictment, and that those means were directed at the bank with the intention of deceiving it.  A representation is fraudulent if it was falsely made with the intent to deceive.  Deceitful statements of half-truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

For both theories, a fraudulent representation must relate to a material fact or matter.  A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.  The same principle applies to fraudulent half truths or omissions of material facts.

In considering this element of bank fraud, it does not matter whether any decision makers at the bank actually relied upon the misrepresentation.  It is sufficient if the misrepresentation is one that is capable of influencing the bank's decision and is intended by the defendant to do so.  It also does not matter whether the bank involved might have discovered the fraud had it probed further, or been more careful.  If you find that a scheme or artifice existed, it is irrelevant whether you believe that the bank was careless, gullible, or even negligent.

Moreover, the deception need not be premised upon spoken or written words alone.  The arrangement of the words, the omission of words, or the circumstances in which they are used may convey a false and deceptive appearance.  If there is intentional deception, the manner in

which it is accomplished does not matter.

## J.  Count Three: Bank Fraud (Second Element—Participation in Scheme with Intent to Defraud)

The second element of bank fraud is that, while engaging in the course of conduct covered by the first element, the defendant acted knowingly, willfully, and with the intent to defraud the bank or to obtain a bank's money.

The definitions of "knowingly" and "willfully" here are the same definitions that I gave you earlier.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial loss to another.

As explained earlier, direct proof of knowledge and fraudulent intent is almost rarely available.  Such direct proof is not required.

Accordingly, the ultimate facts of knowledge and criminal intent may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from the evidence.  But regardless of whether you look to direct evidence, circumstantial evidence, or a combination thereof, the government must establish the essential elements of the crime charged beyond a reasonable doubt—including the requisite mental states.

The government must prove that the defendant engaged in, or participated in, the scheme alleged with an understanding of its fraudulent or deceptive nature and with an intent to help it succeed.  I have already instructed you, when discussing the wire fraud charged in Count Two, what is and is not necessary to reach such a conclusion.  You should apply those same

instructions here.

**K.  Count Three: Bank Fraud (Third Element—Federally Insured Financial Institution)**

The third element of bank fraud is that the bank in question was federally insured at the time of the scheme.  This simply means that the bank's deposits had to be insured by the Federal Deposit Insurance Corporation (FDIC).

The Government need not show that the defendant knew that the banks in question were federally insured to satisfy this third element.  It must prove, however, that the defendant intended to defraud a financial institution that was federally insured, or to obtain money or funds owned or under the custody or control of such an institution.

**L.  Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (General Conspiracy Instructions)**

Now I will turn back to Count One, conspiracy to commit wire fraud and bank fraud. Count One charges Mizrahi with violating Title 18, United States Code, Section 1349, by participating in a conspiracy to commit wire fraud and bank fraud, from in or about April 2021 up to and including in or about June 2021.

Before I give you more specific instructions about Count One, let me explain generally about the crime of conspiracy.  A conspiracy is a criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

Conspiracy simply means agreement, and the crime of conspiracy to violate a federal law is an independent offense, separate and distinct from the actual violation of any specific federal laws.  Thus, if a conspiracy exists, it is still punishable as a crime, even if it fails to achieve its purpose.  Consequently, for a defendant to be guilty of conspiracy, there is no need for the government to prove that he, or any other conspirator, was actually successful in their criminal

goals.  You may thus find a defendant guilty of the crime of conspiracy even if you find that the substantive crimes that were the objects of the conspiracy were never actually committed.  By the same token, you may find the defendant guilty of committing the substantive crime with which he is charged, even if you find him not guilty of conspiracy.

**M. Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (Elements)**

To find Mizrahi guilty on Count One, the government must prove beyond a reasonable doubt the following two elements:

*First*, that the conspiracy charged in Count One existed.  In other words, that from at least in or about April 2021 up to and including in or about June 2021, or any portion of that time period, there was an agreement or understanding among two or more persons to violate one or more of those provisions of the law which make it illegal to commit (1) wire fraud or (2) bank fraud.

*Second,* that the defendant knowingly and willfully became a member of the conspiracy, with intent to further its illegal purpose—that is, with the intent to achieve the illegal object of the charged conspiracy; and

I will now explain each of these two elements in more detail.

**N.  Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (First Element— Existence of the Conspiracy)**

The first element of conspiracy to commit wire fraud and bank fraud is that the conspiracy existed.

What is a conspiracy?  Simply defined, a conspiracy is an agreement by two or more persons to accomplish one or more unlawful objectives by working together.

The essence of the crime of conspiracy is the unlawful agreement to violate the law.  It is

not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed. Indeed, you may find a defendant guilty of conspiracy despite the fact that it was factually impossible for the defendant to commit the substantive crime or goal of the conspiracy. This is because the success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator. The crime of conspiracy is complete once the unlawful agreement is made and an act is taken in furtherance of that agreement.

To establish a conspiracy, the government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator. Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans. From its very nature, a conspiracy is almost invariably secret in its origin and execution. I remind you that a conspiracy must include two or more persons.

It is sufficient if two or more persons in any way, either explicitly or implicitly, come to a common understanding to violate the law. Express language or specific words are not required to indicate assent or attachment to a conspiracy. Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed. You need only find two or more persons entered into the unlawful agreement alleged in the indictment and that an act was committed in furtherance of that

agreement in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose. The saying "actions speak louder than words" is applicable here. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

Often, the only evidence of a conspiracy available is that of disconnected acts that, when taken together and considered as a whole, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof, such as evidence of an express agreement.

Of course, proof concerning the accomplishment of the object or objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself. But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In considering whether a conspiracy existed, you should consider all of the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator and any inferences that may reasonably be drawn from that conduct and those statements.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators agreed, as I have explained, to work together in furtherance of one or more of the objects alleged in Count One of the indictment.

**O. Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (First Element—**

**Objectives of the Conspiracy)**

In this case, Count One of the indictment charges that there were two objectives of the conspiracy: wire fraud and bank fraud.  I have already instructed you on the elements of these substantive crimes in connection with my instructions for Count Two and Count Three.

If you find that the conspirators agreed to accomplish either one or both of these two objectives, then the illegal purpose element will be satisfied.  In other words, you need not find that the conspirators agreed to accomplish both these two objectives, as any one is sufficient.

However, you must be unanimous as to that objective or those objectives.  That is, you must all be in agreement with respect to *at least one* of the two alleged objectives of the conspiracy. You all have to be in agreement on the specific object of the conspiracy that you find to exist before you can find the conspiracy charged in the indictment existed.

## P.  Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (Second Element— Membership in the Conspiracy)

The second element of conspiracy to commit wire fraud and bank fraud is that the defendant unlawfully, willfully, and knowingly entered into the conspiracy, that is, that the defendant agreed to take part in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

"Unlawfully" simply means contrary to law.  A defendant need not have known that he was breaking any particular law or any particular rule, but he must have been aware of the generally unlawful nature of his acts.

I have already provided you with the definitions of "knowingly" and "willfully," and you should apply those same definitions here.

Now, knowledge is a matter of inference from the proven facts.  Science has not yet

devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and conversations alleged to have taken place involving the defendant or in their presence. You may consider this evidence in determining whether the government has proven beyond a reasonable doubt a defendant's knowledge of the unlawful purposes of the conspiracy.

It is not necessary for the government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his or her part. To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of the activities of all of its participants. It is not even necessary for a defendant to know every other member or activity of the conspiracy. Furthermore, a defendant need not have joined in all of the conspiracy's unlawful objectives.

Nor is it necessary that a defendant received any monetary benefit from his participation in the conspiracy, or had a financial stake in the outcome. However, although proof of a financial interest in the outcome of a scheme is not essential or determinative, if you find that a defendant had a financial or other interest, that is a factor you may properly consider in determining whether a defendant was a member of the conspiracy.

The duration and extent of a defendant's participation has no bearing on the issue of his guilt. He need not have joined the conspiracy at the outset. A defendant may have joined it at any time in its progress, and he will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member, if those acts were reasonably foreseeable and within the scope of the defendant's agreement.

Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles

in the scheme.  One participating in a conspiracy is no less liable because his part is minor and subordinate.  An equal role or an important role is not what the law requires.  In fact, even a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

A person's mere association with a member of the conspiracy, however, does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  A person may know, work with, or enter into business or friendship with an individual who is committing a crime without being a criminal himself.  You may not find that the defendant is a member of a conspiracy merely because of a friendship or business association with alleged co-conspirators.  Furthermore, mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without agreement and participation is not sufficient.  What is necessary is that a defendant participate in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members.  So too, once a person is found to be a participant in the conspiracy, that person is presumed to continue being a participant in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and dissociated himself from it.

It is not essential that the government prove that a particular conspiracy alleged in the indictment started or ended on any of the specific dates described for that conspiracy.  It is sufficient if you find that the conspiracy was formed and that it existed for some time around or within the dates set forth in the indictment.

In sum, the government must prove beyond a reasonable doubt that a defendant, with an

understanding of the unlawful nature of the conspiracy, knowingly and intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking. Only through that does a defendant become a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

## Q.  Count One: Conspiracy to Commit Wire Fraud and Bank Fraud (Liability for Acts and Declarations of Co-Conspirators)

I have admitted into evidence the acts and statements of certain individuals who the government alleges were co-conspirators of the defendant.

You may consider as evidence against a defendant the acts and statements of those who were co-conspirators of that defendant. The reason for this rule has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each member becomes an agent for the other conspirators in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.

In determining the factual issues before you, you may consider against the defendant any acts or statements made by any of the people who you find, under the standards I have already described, to have been their co-conspirators, even though such acts or statements were not made in their presence, or were made without their knowledge.

## R.  Count Five: Money Laundering

I will now turn to Counts Four and Five. Counts Four alleges that the defendant

conspired to commit money laundering, and Count Five alleges that the defendant committed the substantive offense of money laundering.  Because the law relating to the money laundering that is charged in Count Five is relevant to my instructions on the conspiracy that is charged in Count Four, I will first instruct you on the substantive crime of money laundering that is charged in Count Five.  Then I will turn back to the law of conspiracy.

Count Five alleges that the defendant committed money laundering, between in or about February 2021 up to and including June 2021, by agreeing to launder the proceeds of the wire fraud charged in Count Two, the bank fraud charged in Count Three, and proceeds from the sale and distribution of narcotics.

The federal money laundering statute, Title 18, United States Code, Section 1956, provides as follows:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . knowing that the transaction is designed in whole or in part . . . to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity . . . shall be [guilty of a crime].

## S.  Count Five: Money Laundering (Elements)

In order to prove the crime of money laundering in violation of Section 1956, the government must establish beyond a reasonable doubt each of the following elements:

*First*, that the defendant knowingly conducted or attempted to conduct a financial transaction that in some way affected interstate commerce.

*Second*, that this transaction involved the proceeds of specified unlawful activity, which here was wire fraud, bank fraud, or the sale and distribution of narcotics.

*Third*, that the defendant knew that the financial transaction involved the proceeds of

some form of unlawful activity.

*Fourth*, that the defendant acted with intent to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity.

I will now explain each of these four elements in more detail.

## T.  Count Five: Money Laundering (First Element—Financial Transaction)

The first element of money laundering is that the defendant knowingly conducted or attempted to conduct a financial transaction.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

The term "financial transaction" means a transaction involving a financial institution that is engaged in, or engaged in activities which affect, interstate commerce in any way or degree, or a transaction that involves the movement of funds by wire or other means and in any way or degree affects interstate commerce, or involves one or more monetary instruments.

The phrase "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit; purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument; use of a safety deposit box, or any other payment, transfer, or delivery by, throughout, or to a financial institution by whatever means.  And the term "monetary instrument," which I just used, includes things like the coins or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank checks and money orders, and other things.

The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services, including digital or cryptocurrency.

The term "interstate commerce" means commerce between any combination of states, territories, or possessions of the United States.

## U.  Count Five: Money Laundering (Second Element—Proceeds of Specified Unlawful Activity)

The second element of money laundering is that the financial transactions must involve the proceeds of specified unlawful activity.  In this case, the specified unlawful activity charged in the indictment is the wire fraud scheme charged in Count Two, the bank fraud scheme charged in Count Three, and the sale and distribution of narcotics.  I instruct you as a matter of law that wire fraud, bank fraud, and narcotics trafficking constitute "specified unlawful activity."

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specific unlawful activity.

## V.  Count Five: Money Laundering (Third Element—Knowledge)

The third element of money laundering is that the defendant knew that the financial transactions at issue involved the proceeds of unlawful activity.  I have previously instructed you on what constitutes knowledge, and you should apply those instructions here.

## W. Count Five: Money Laundering (Fourth Element—Intent to Conceal Unlawful Activity)

The fourth element of money laundering is that the defendant acted with the intent to conceal or disguise the nature, location, source, ownership, or control of the property.

To take an action "intentionally" means to act deliberately and purposefully, not by mistake or accident.  To satisfy this requirement, the government must prove that the defendant intended that the transaction conceal or disguise the origin, nature, location, source, ownership, or control of the property in question as he believed it to be.

43

## X.  Count Four: Conspiracy to Commit Money Laundering (Elements)

We have discussed Count Five of the indictment, which charges money laundering.  Now I will turn back to Count Four, which charges Mizrahi with participating in a conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), which makes it unlawful to conspire to commit, among other crimes, money laundering.

As previously discussed, a conspiracy is an agreement, or an understanding, of two or more persons to accomplish by concerted action one or more unlawful objects.  To meet its burden of proof on this charge, the government must prove the following two elements beyond a reasonable doubt:

*First*, that the conspiracy charged existed.

*Second*, that the defendant knowingly, willfully, and intentionally became a member of the conspiracy, with intent to further its illegal purpose.

## Y.  Count Four: Conspiracy to Commit Money Laundering (First Element—Existence of Conspiracy)

I previously instructed you, in connection with Count One, on the law relevant to determining whether a conspiracy existed and whether a defendant became a member of such a conspiracy.  Those instructions apply here as well, with the difference here being the object or goal of the conspiracy.  The government alleges that there were two objects of the conspiracy in Count Four.  The first object was to commit money laundering, which I just described in Count Four.  The second object was to engage in monetary transactions greater than $10,000 in property derived from specified unlawful activity, which I will describe momentarily.  In deciding whether the conspiracy existed, you must unanimously determine and agree as to

whether the conspirators agreed to accomplish at least one of those two objects.

Because I have already described the first object, I will now describe the second object.

### 1.   Second Object: Transactions in Criminally Derived Property (Elements)

The second alleged object of the conspiracy charged in Count Four is engaging in monetary transactions over $10,000 in property derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.  Section 1957 provides that:

> Whoever [is a United States person or while in the United States] . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be [guilty of a crime].

The elements of this object are as follows:

*First*, that the defendant was a United States person or in the United States and engaged in a monetary transaction with a value greater than $10,000.

*Second*, that the defendant knew the property involved in the transaction was criminally derived property.

*Third*, that the property involved in the transaction was actually derived from specified unlawful activity.

### 2.   Second Object: Transactions in Criminally Derived Property (First Element)

The first element of this object is that the defendant was a United States person or in the United States and agreed to engage in a monetary transaction with a value greater than $10,000.

A "United States person" is a citizen or national of the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate commerce" means commerce between any combination of states, territories, or possessions of the United States.

You must find that, had the object of the conspiracy been completed, the transaction would have affected interstate commerce in some way, however minimal. The effect on interstate commerce can be established in several ways, including, but not limited to, that the source of the funds used in the transaction affected interstate commerce, or that the transaction itself involved an interstate transfer of funds.

The amount or value of the "financial transaction" must be greater than $10,000.

### 3. Second Object: Transactions in Criminally Derived Property (Second Element)

The second element of this object is that the defendant knew the property involved in the transaction was criminally derived property. "Criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The government must prove that the defendant knew the transaction involved criminally derived property. However, the government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived.

### 4. Second Object: Transactions in Criminally Derived Property (Third Element)

The third element of this object is that the property involved in the transaction was actually derived from specified unlawful activity. Here, the "specified unlawful activity" is the wire fraud scheme charged in Count Two, the bank fraud scheme charged in Count Three, and the sale and distribution of narcotics. I instruct you, as a matter of law, that the term "specified unlawful activity" includes wire fraud, bank fraud, and narcotics trafficking.

**Z.  Count Four: Conspiracy to Commit Money Laundering (Second Element—Membership in the Conspiracy)**

If you find that the government has proved one or both objects of the money laundering conspiracy beyond a reasonable doubt, you should consider the second element.  The second element of Count Four is that the defendant knowingly and willfully joined and participated in the conspiracy to commit money laundering.  I have already instructed you in connection with Count One on what it means for a defendant to knowingly and willfully become a member of and join a conspiracy, and you should apply those instructions here.

**AA.    Count Six: Aggravated Identity Theft**

Count Six charges the defendant with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A.  Count Six alleges that, in connection with the wire fraud, bank fraud, and wire fraud and bank fraud conspiracy charged in Counts One, Two, and Three, the defendant used images of a driver's license and credit card belonging to a third party to make charges on that person's credit card.

Section 1028A of Title 18 of the United States Code provides in relevant part:

Whoever, during and in relation to any [enumerated] felony violation . . .
knowingly transfers, possesses, or uses, without lawful authority, a means of
identification of another person shall [be guilty of a crime].

**BB.    Count Six: Aggravated Identity Theft (Elements)**

In order to prove the defendant guilty of aggravated identity theft, the government must separately establish beyond a reasonable doubt the following three essential elements:

*First*, that the defendant knowingly used (or transferred or possessed) a means of identification of another person.

*Second*, that the defendant used the means of identification during and in relation to the offense of wire fraud, bank fraud, or conspiracy to commit wire fraud and bank fraud; and

*Third*, that the defendant acted without lawful authority.

## CC.   Count Six: Aggravated Identity Theft (First Element—Use of Means of Identification)

The first element of aggravated identity theft is that the defendant knowingly used (or transferred or possessed) a means of identification of another person.

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, Social Security number, date of birth, official state or government-issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number, or a unique electronic identification number, address, or routing code.

In addition, the government must prove both that the means of identification was that of an actual person (living or dead), and that the defendant knew that the means of identification was that of an actual person.

I instructed you earlier on what it means to act knowingly, and those same instructions apply to your decision here.

## DD.   Count Six: Aggravated Identity Theft (Second Element—Predicate Offense)

The second element of aggravated identity theft is that the defendant used (or transferred or possessed) the means of identification during and in relation to the offense of wire fraud (as charged in Count Two), bank fraud (as charged in Count Three), or conspiracy to commit wire fraud and bank fraud (as charged in Count One).

48

A defendant uses a person's means of identification "[d]uring and in relation to" an offense when the use of the means of another person's identification is at the crux of what makes that conduct criminal. Put differently, the use of a means of identification of another person cannot merely be ancillary to what makes the conduct charged in Counts One, Two, or Three fraudulent. Instead, the means of identification specifically must be used in a manner that is fraudulent or deceptive.

If you find the defendant not guilty on all three of Counts One, Two, and Three, then you must find the defendant not guilty on this Count Six.

### EE.   Count Six: Aggravated Identity Theft (Third Element—Without Lawful Authority)

The third element of aggravated identity theft is that the defendant acted without lawful authority.

The term "without lawful authority" means to act without the authorization of the issuing authority to use the means of identification. It does not require that the means of identification be stolen or taken without the owner's permission, although proof of that would satisfy this this element. Without lawful authority also includes situations in which the defendant comes into lawful possession of identifying information and had the lawful authority to use that information for a lawful purpose, but used the information for an unlawful purpose.

### FF.  Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business

Count Seven charges the defendant with conspiring to operate an unlicensed money transmitting business between in or about February 2021 and in or about June 2021, in violation of Title 18, United States Code, Section 371, which makes it unlawful to conspire to violate Title 18, United States Code, Section 1960(a). That latter section reads:

> Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be [guilty of a crime].

**GG.    Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (Elements)**

In order to sustain its burden of proof with respect to the conspiracy charged in Count Seven, the government must prove beyond a reasonable doubt each of the following three elements:

*First*, the existence of the conspiracy to operate an unlicensed money transmitting business.

*Second*, that the defendant knowingly and willfully became a member of the conspiracy, with the intent of furthering its purpose.

*Third*, that any member of conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

**HH.    Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (First Element—Existence of Conspiracy)**

I previously instructed you, in connection with Count One, on the law relevant to determining the first element, whether a conspiracy existed.  You should rely on those instructions and apply them to Count Seven here, except that the conspiracy charged in Count Seven has as its object operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

The crime of operating an unlicensed money transmitting business has three elements:

*First*, that an unlicensed money transmitting business existed.

*Second*, that the defendant or a co-conspirator controlled, conducted, managed, supervised, directed, or owned all or part of that business with knowledge that it was used as an unlicensed money transmitting business; and

*Third*, that operation of the money transmitting business affected interstate commerce.

**1. Object of the Conspiracy: Operation of an Unlicensed Money Transmitting Business (First Element—Unlicensed Money Transmitting Business)**

The first element of the object of the conspiracy charged in Count Seven is that the business in question was an unlicensed money transmitting business.

A "money transmitting business" is a business which accepts funds for transfer within or outside the United States. As I instructed earlier, the term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services, including digital or cryptocurrency. The term "money transmitting" includes transferring funds on behalf of the public by any and all means, including but not limited to transfers within the United States or to locations abroad by wire, check, draft, facsimile, or courier.

A "business" is an enterprise that is carried on for profit or financial gain. Thus, a single isolated transmission of money is not a business under this definition. However, a business need not have a physical storefront, be formally incorporated, or otherwise operate in a conventional manner to be a money transmitting business. There is also no requirement under the law that the business exist solely for the purpose of engaging in money transmitting. Nor is there a requirement that the business offer its services to the general public, as opposed to some subset of the public.

The money transmitting business must also be unlicensed. For purposes of your deliberation, there are three different ways a money transmitting business can be unlicensed.

*First*, a money transmitting business must register with the U.S. Department of Treasury. If it fails to register, the business is unlicensed.

*Second*, a money transmitting business is unlicensed if it operates without an appropriate money transmitting license in a state where such operation is punishable as a crime under state law.

*Third*, a money transmitting business is unlicensed if it otherwise involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity.

Although any of those ways is sufficient to show that the business is unlicensed, you must be unanimous that the money transmitting business was proven to be unlicensed for one of these reasons beyond a reasonable doubt.

The government has the burden of proving that the defendant knew that the business was unlicensed.  However, you do not need to find that the defendant—or any other member of the conspiracy—was aware that federal law required that the money transmitting business be licensed or registered.  In other words, the government does not need to prove that the defendant knew the unlicensed money transmission business was illegal.

## 2. Object of the Conspiracy: Operation of an Unlicensed Money Transmitting Business (Second Element—Defendant's Operation)

The second element of the object of the conspiracy charged in Count One is that the defendant joined a conspiracy to "operate" such an unlicensed money transmitting business.  In this context, to "operate" an unlicensed money transmitting business means to conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business.

The government need not prove that the defendant, in fact, actually operated an unlicensed money transmitting business, only that he intentionally joined a conspiracy knowing

that the object of the conspiracy was to conduct, control, manage, supervise, direct, or own all or part of an unlicensed money transmitting business.

### 3. Object of the Conspiracy: Operation of an Unlicensed Money Transmitting Business (Third Element—Effect on Interstate or Foreign Commerce)

The third and final element of the object of the conspiracy charged in Count Seven is that the operation of the unlicensed money transmitting business had some effect on interstate commerce. I have previously instructed you regarding the relevant definitions and law, and you should apply those instructions here.

## II. Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (Second Element—Membership in the Conspiracy)

If you find that the government has proved beyond a reasonable doubt that a conspiracy existed to operate an unlicensed money transmitting business, you should consider the second element. The second element of Count Seven is that the defendant knowingly and willfully joined and participated in the conspiracy to operate an unlicensed money transmitting business. I have already instructed you in connection with Count One on what it means for a defendant to knowingly and willfully become a member of and join a conspiracy, and you should apply those instructions here.

## JJ. Count Seven: Conspiracy to Operate an Unlicensed Money Transmitting Business (Third Element—Overt Act)

The last element of Count Seven is that at least one overt act was knowingly committed by at least one of the co-conspirators in furtherance of the conspiracy. An overt act is an independent act that tends to carry out the conspiracy but need not necessarily be the object of the crime. The function of the overt act requirement is to ensure that the agreement went beyond the mere

talking or agreeing stage.

You need not find that the defendant in this case committed the overt act. It is sufficient if you find that at least one overt act was in fact performed by at least one co-conspirator, whether a defendant or another co-conspirator, to further the conspiracy within the time frame of the conspiracy. Remember that the act of any member of the conspiracy done in furtherance of the conspiracy becomes the act of all of the members. Nor is it necessary for the defendant to commit an overt act in order to be a member of the conspiracy. An overt act must have been knowingly and willfully done by at least one co-conspirator in furtherance of the object or purpose of a conspiracy that is charged in the indictment.

In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy. It must be an act that furthers the object of the conspiracy.

The government can satisfy this element by proving any overt act, provided that the overt act is committed by one of the co-conspirators and is done to further the object of the conspiracy. It is sufficient if you find beyond a reasonable doubt that any one overt act occurred while the conspiracy was still in existence.

Nor is it necessary for you to reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one

overt act was so committed.

**KK.   Counts Two, Three Five, and Six: Aiding and Abetting Liability**

In addition to charging the defendant, in Count Two, with wire fraud, in Count Three, with bank fraud, in Count Five, with money laundering, and in Count Six, with aggravated identity theft, Counts Two, Three, Five, and Six of the indictment also charge the defendant with what is called aiding and abetting others in the commission of these crimes.

A person may be guilty of a substantive offense, such as the ones I just listed, if he "aids and abets," which essentially means if he assists another person in committing the offense.  Thus, for example, you may find that the defendant is guilty of wire fraud, bank fraud, money laundering, or aggravated identity theft if you find beyond a reasonable doubt that the government has proven that another person actually committed the crime, and that the defendant helped or assisted that person in the commission of the offense.

The legal principle that an aider or abettor of a crime is also liable is codified in a statute called Title 18, United States Code, Section 2.  Under this federal statute, whoever "aids, abets, counsels, commands, induces, or procures" the commission of an offense "is punishable as a principal."  You should give those words their ordinary meaning.  A person "aids" or "abets" a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime to be committed.  To "counsel" means to give advice or recommend.  To "induce" means to lead or move by persuasion or influence as to some action or state of mind.  To "procure" means to bring about by unscrupulous or indirect means.  To "cause" means to bring something about, to effect something.

As you can see, the first requirement for aiding and abetting liability is that the crime charged was committed.  Obviously, no one can be convicted of aiding and abetting a crime if no

crime was committed.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

However, I emphasize, to aid and abet another to commit a crime, it is necessary that a person willfully and knowingly associated himself in some way with the crime, and willfully and knowingly sought to help make the crime succeed.  Participation in a crime is willful if action is taken voluntarily and knowingly.

To determine whether the defendant aided and abetted the commission of the crime with which he is charged, ask yourself these questions:

1. Did he participate in the crime charged as something he wished to bring about?

2. Did he associate himself with the criminal venture knowingly and willfully?

3. Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If he did not, then the defendant is not an aider and abettor and is not guilty as an aider and abettor.

The mere presence of a person where a crime is being committed, even coupled with knowledge by that person that a crime is being committed, or the mere acquiescence by a person in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture and must take some action to assist or encourage the commission of the crime.

## LL.    Good Faith

Because the government must prove that the defendant acted willfully or with corrupt intent to establish his guilt on each of the charges, the "good faith" of a defendant is a complete defense to each count.  Good faith means having a state of mind that is honest and absent of criminal intent.  I say it is a "defense," but I want to make it clear a defendant has no burden of

establishing his good faith.  The burden remains on the government to prove beyond a reasonable

doubt that a defendant acted willfully or with corrupt intent and, consequently, that he lacked

good faith.

A person who acts or causes another person to act based on a belief that the intended

action complies with the law is not punishable under the statutes relevant to this case merely

because that belief turns out to be inaccurate, incorrect, or wrong.  If a defendant believed in

good faith that he was acting lawfully, even if he was mistaken in that belief, and even if others

were harmed by his conduct, there would be no crime.  Again, the burden of proving good faith

does not rest with the defendant because the defendant does not have an obligation to prove

anything in this case.

Whether a person acted in good faith, like whether he acted knowingly, intentionally,

willfully, or with corrupt intent, is a question of fact for you to determine like any other question

of fact.

## MM.   Conscious Avoidance

As I explained, the government is required to prove that the defendant acted knowingly.

In addition to a person actually being aware of a fact, the law also allows you to find that the

defendant had knowledge of a fact when the evidence shows that they were aware of a high

probability of that fact but intentionally avoided confirming that fact.  The law calls this

"conscious avoidance" or "willful blindness."

Thus, if you find beyond a reasonable doubt that the defendant acted with a conscious

purpose to avoid learning some relevant fact, then you may treat the defendant as though he

knew that the fact existed.  However, guilty knowledge may not be established by demonstrating

that the defendant was merely negligent, foolish, or mistaken.  Further, if you find that the

defendant actually believed that a fact was not so, then he may not have acted knowingly with respect to that fact. It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

In determining whether the defendant acted with a conscious purpose to avoid learning some relevant fact, you may consider whether the defendant deliberately ignored what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.

Here, because the defendant is charged with participating in a conspiracy, it is also important to note that the concept of conscious avoidance cannot be used as a substitute for finding that the defendant joined the conspiracy. It is logically impossible for the defendant to agree to join the conspiracy unless he knows that the conspiracy exists. However, if you find that the defendant entered into such an agreement, in considering whether he knew the illegal object or objects of the conspiracy, you may consider whether the defendant was aware of a high probability that facts were so, but took deliberate and conscious action to avoid confirming those facts. In other words, if you find beyond a reasonable doubt that the defendant deliberately avoided learning or confirming that the illegal object of the conspiracy, then you may treat this deliberate avoidance of learning a fact as the equivalent of knowledge. If, however, the defendant actually believed that he was not a party to an illegal agreement, or if the defendant was merely negligent or careless with regard to what knowledge he had, then he lacked the knowledge necessary to become a co-conspirator.

## NN.   Motive

Proof of motive is not a necessary element of the crimes with which the defendant is charged. Proof of motive does not establish guilt, nor does a lack of proof of motive establish

that the defendant is not guilty.

If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crimes may be, or whether any motive is shown, but the presence or absence of motive is a circumstance that you may consider as bearing on the intent of the defendant.

## OO.   Venue

In addition to dealing with the elements of each of the offenses, you must also consider the issue of venue as to each count, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York.  The Southern District of New York includes Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties.

The government does not need to prove that the complete crime for any count was committed within the Southern District of New York or that the defendant himself was ever in the Southern District of New York.

Venue must be examined separately for each count in the indictment.  Venue on one count does not establish venue on another count, although, if applicable, you may rely on the same evidence to establish venue on multiple counts.

With respect to Counts One, Four, and Seven, which charge conspiracies, and Count Three, which charges substantive bank fraud, it is sufficient to establish venue if the government proves that any act in furtherance of the crime charge occurred in the Southern District of New York.  The act itself need not be a criminal act.  And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.

For the substantive wire fraud charge in Count Two, it is sufficient to establish venue if an interstate wire transmission in furtherance of the scheme originated or terminated in this

District.

For the substantive money laundering charge in Count Five, it is sufficient to establish venue if any of the financial or monetary transactions involved in the money laundering were conducted, at least in part, in the Southern District of New York, or (1) if some act in furtherance of the predicate specified unlawful activities—the wire fraud charged in Count Two, the bank fraud charged in Count Three, or the sale and distribution of narcotics—occurred in the Southern District of New York, and (2) the defendant participated in the transfer of proceeds of that specified unlawful activity from the Southern District of New York to another district where a financial or monetary transactions involved in the money laundering was conducted.

For the aggravated identity theft charge in Count Six, it is sufficient to establish venue if some act in furtherance of the relevant predicate offense—the wire fraud charged in Count Two, the bank fraud charged in Count Three, or the wire fraud and bank fraud conspiracy charged in Count One—occurred in the Southern District of New York.

I should note that on this issue—and this issue alone—the government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means that the government must prove that it is more likely than not that any act in furtherance of a given crime occurred in the Southern District of New York.

## PP.  Variance in Dates

The indictment in this case refers to various dates. The government is not required to prove that the conduct took place on the precise dates alleged in the indictment. The law only requires a substantial similarity between the dates alleged in the indictment and the dates established through evidence at trial. It is not essential that the government prove that the

conspiracy started and ended within the specified time period.  The government is also not required to prove that the defendant participated in the charged conspiracy for the entire time period alleged in the indictment.  It is sufficient if you find that a conspiracy was formed and that it existed for some time within the period set forth in the indictment.

**QQ.    Theory of the Defense**

It is Mizrahi's position that he acted at all times in good faith and that the transactions at issue were for what he understood to be legitimate business.  Mizrahi denies that he ever engaged in bank fraud, wire fraud, or money laundering, or that he ever entered a criminal conspiracy to commit those crimes.  He also denies that he committed aggravated identity theft or entered a criminal conspiracy to operate an unlicensed money transmitting business.

**FINAL INSTRUCTIONS**

**A.      Duty to Deliberate and Reach a Unanimous Verdict**

You are about to go into the jury room to begin your deliberations.  Your function is to weigh the evidence in this case and to determine the guilt or lack of guilt of the defendant with respect to the charges in the indictment.  You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

Your verdict must be unanimous.  This means that each and every one of you must agree upon your verdict.  Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors.  This is the very essence of jury deliberation.  It is your duty to consult with one another and to deliberate with a view to reaching an agreement.  If you start with one point of view, but after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if

you are convinced that the opposite point of view is one that truly satisfies your judgment and conscience.  But you are not to surrender a view of the case that you conscientiously believe, merely because you are outnumbered or because other jurors appear firmly committed to their views.  You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.

In sum, you, the jury, must deliberate as a body, but each of you, as an individual juror, must discuss and weigh your opinions dispassionately, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

I instruct you that you are not to discuss the case unless all jurors are present.  Four or five or ten jurors together are only a gathering of individuals.  Only when all jurors are present do you constitute a jury and only then may you deliberate.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to impartially assess the evidence to determine whether the government has met its burden of proving guilt beyond a reasonable doubt as to each of the charges.

If you are divided, do <u>not</u> report how the vote stands.  Simply state that you are divided. If you have reached a verdict, do <u>not</u> report what it is until you are asked in open court.  Simply inform me that you have reached a verdict.

### B.    Right to See Exhibits and Hear Testimony; Communications with Court

The exhibits that were received into evidence will be provided to you in the jury room. You will be provided with a laptop that contains the exhibits.

If you want any of the testimony to review, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in

62

requesting portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for testimony—in fact, any communications with the Court—should be made to me in writing, signed by your foreperson, and given to the Marshal or the deputy clerk. In any event, do not tell me or anyone else how the jury stands on any issue until there is a unanimous verdict.

### C.     Notes

If you took notes during the trial, those notes are only an aid to recollection—they are not evidence, nor are they a substitute for your recollection of the evidence in the case.  Your notes are not entitled to any greater weight than your actual recollection or the impression of each juror as to what the evidence actually is.  I emphasize that if you took notes, you should not show your notes to any other juror during your deliberations, they are only for yourself.

If you did not take notes during the trial, you should not be influenced by the notes of another juror, but instead you should rely upon your own recollection of the evidence.  The fact that a particular juror has taken notes does not entitle that juror's views to any greater weight.

### D.     Verdict Form

I have prepared a verdict form for you to use in recording your decision.  Please use that form to report your verdict.  The verdict form does not represent either evidence or instructions on the law.

### E.     Duties of Foreperson

At the beginning of deliberations, you must choose a foreperson.  The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion does not count for any more than any other juror's vote or opinion.  The foreperson is merely your

spokesperson to the Court.  He or she will send out any notes, and when the jury has reached a

verdict, he or she will notify the Marshal that the jury has reached a verdict, and you will come

into open court and give the verdict.

### F.      Return of Verdict

After you have reached a unanimous verdict, your foreperson will fill in the form that has

been given to you, sign and date it, and advise the marshal outside your door that you are ready

to return to the courtroom.

I will stress that each of you must be in agreement with the verdict that is announced in

Court.  Once your verdict is announced in open court and officially recorded, it cannot ordinarily

be revoked.

### G.      Jury Oath

You are reminded that you took an oath to render judgment impartially and fairly,

without prejudice or sympathy, solely upon the evidence in the case and the applicable law.

I am sure that if you follow your oath, listen to the views of your fellow jurors, and apply

your own common sense, you will reach a fair verdict here.  Remember that your verdict must be

rendered without fear, without favor, and without prejudice or sympathy.

### H.      Alternates

Before you retire into the jury room I must inform you that the law provides for a jury of

twelve people in this case.  Therefore, one person—juror 13—is an alternate.  Juror 13 will be

allowed to leave the courthouse during deliberations, but you are not yet excused as a juror in

this case.  In the event that one of the non-alternate jurors can no longer deliberate, you will be

recalled to continue your service, so I am releasing you for now but I am not excusing you from

jury service yet.  For now, though, you may leave.  You have been very attentive and very

64

patient.  I am sorry that you may miss the experience of deliberating with the jury, but the law provides for a jury of twelve people in this case.  Before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start.

Please do not discuss the case with anyone over the next few days.  If you would like to be advised of the outcome of the trial, please make sure that Mr. Hampton has a phone number at which you can be reached.

(Alternate released.)

Members of the jury, you may now retire to deliberate on your verdict.

(Marshal sworn.)