O34Wmiz1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                                        22 Cr. 650 (JPO)

MARTIN MIZRAHI,
   a/k/a "Marty Mizrahi,"

              Defendant.
                                              Trial
------------------------------x
                                              New York, N.Y.
                                              March 4, 2024
                                              9:30 a.m.

Before:

                   HON. J. PAUL OETKEN,

                                             District Judge
                                             -and a Jury-

                        APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  EMILY S. DEININGER
     BENJAMIN D. KLEIN
     Assistant United States Attorneys

PORTALE RANDAZZO LLP
     Attorneys for Defendant
BY:  RICHARD A. PORTALE
     CHAD M. MAIR
     -and-
FASULO GIORDANO & DIMAGGIO LLP
BY:  LOUIS V. FASULO

Also Present:   Dean Iannuzzelli, Paralegal Specialist
                  Special Agent Louis Hillyard, FBI
                  Special Agent Lawrence Lonergan, FBI

1           (Trial resumed; jury not present)

2           THE COURT:  Please be seated.

3           Good afternoon, everyone.

4           We did receive this note from the jury.  It's signed by the foreperson, who is juror No. 1.  The note says -- I think we passed this along to you.  The note is dated 12:05 p.m. today.  It's been marked Court Exhibit 1, and it says the following:

9           "What is sufficient to establish venue in the Southern District of New York for Count Seven?"

11          MR. FASULO:  Judge, it seems to me like they're asking for part of the charge read back, and the part they're asking about is about venue, and I think that's the extent of the note.

15          MR. PORTALE:  Judge, I think the charge should be read back (inaudible).

17          MS. DEININGER:  I have to admit I think we understood it a little differently, since they have copies of the jury instructions with them.  We understood they were asking for more questions about the evidence, so we had identified exhibits and pages of transcript that they could be referred to that we think address this issue.

23          MR. PORTALE:  I don't think it's for us to marshal the evidence.  I think it's up to the jurors to determine what is and is not sufficient.  I suggest your Honor just read the

O34Wmiz1

1  charge back.  It does address Count Seven, conspiracy, in the
2  charge.
3              THE COURT:  What exhibits were you going to refer to?
4              MS. DEININGER:  Government Exhibit 702, at page 9.
5              THE COURT:  Which is what?
6              MS. DEININGER:  Government Exhibit 702 is one of the
7  summary charts that shows wires from Sanittek to LV.Net passing
8  through J.P. Morgan Chase in New York City, and then Government
9  Exhibit 211A, which is wire instructions for LV.Net that were
10 texted to David Goran, which also showed that the wire
11 instructions include passing through Bank of America in New
12 York City.  And then there are specific pages of testimony from
13 Zubaid and Goran about those matters that we could also point
14 them to.
15             MR. PORTALE:  My fear --
16             MS. DEININGER:  -- context of those exhibits.
17             MR. PORTALE:  Sorry.
18             MS. DEININGER:  Again, I think, you know, my -- I
19 guess we can ask them to clarify, but my indication, reading
20 this note, was not that they were asking for legal instruction;
21 they're asking for what the facts -- obviously, we're not going
22 to re-present or give any closing, but I think we are permitted
23 to refer them to facts already in evidence.
24             MR. PORTALE:  Judge, I believe that if the Court
25 refers them to the particular evidence, that is then the Court

1    passing on that evidence as sufficient, and I would strongly,

2    you know, recommend against that.  You know, I don't think it's

3    anyone's role to tell the jurors what is and is not sufficient.

4    And I think if you read that to them, you say, take a look over

5    here, government's 702, that's essentially the Court,

6    tantamount to the Court saying that's sufficient, because

7    they're asking what is sufficient, and only the jurors can

8    decide that.

9            MS. DEININGER:  I'd certainly be fine with regiving

10   kind of the instruction of basically you have to decide what

11   the facts show, but I have had multiple other trials that ask

12   questions about what's the evidence on this point and referred

13   the jurors back to, you know, a specific witness's testimony or

14   specific exhibits that were already admitted.

15           THE COURT:  But I think that the defense is right,

16   that asking what is sufficient to establish venue on Count

17   Seven is asking a legal question.  If they follow up with a

18   question about the evidence, I think we could deal with that

19   then.  But as of now, I think they are just -- I mean I was

20   going to basically just far paraphrase the part that's

21   relevant, which is with respect to Count Seven, to establish

22   venue, the government must establish by a preponderance of the

23   evidence that any act in furtherance of the conspiracy took

24   place in the Southern District of New York, period.  And then

25   it is for you to decide what the facts are and what the

1 evidence showed.

2 MR. PORTALE:  I would agree with that, Judge, or even,
3 for you and you alone to decide, something like that, but yeah,
4 we agree with your Honor.

5 MS. DEININGER:  Can we at least then tell them that if
6 they want more information, we're happy to try and address
7 other questions, just leave it at that?

8 MR. PORTALE:  They have pens and papers and
9 (inaudible).  I think they can ask if they want more.

10 THE COURT:  Yes, I think that's right.  I think that's
11 right.  I don't want to prompt.

12 MR. KLEIN:  The only concern is that they may think
13 that they are asking that question about the specific evidence,
14 and they may get an answer that is not responsive to what
15 they're asking.

16 THE COURT:  Right.  I could say if this does not
17 answer the question you intended to ask, please send another
18 note.

19 MR. KLEIN:  Yeah.

20 MS. DEININGER:  That's fine.

21 MR. KLEIN:  That would be fine.

22 MR. PORTALE:  And then we'll just hang here for a
23 little while to see if (inaudible).  Does that make sense?

24 THE COURT:  Sure.

25 I was just going send a note in.  Or do you prefer I

1  bring them out?
2           MR. PORTALE:  I suggest sending a note in, yeah.  Let
3  them keep working.
4           MS. DEININGER:  OK.  That's fine.
5           THE COURT:  If this does not answer the question you
6  asked, please send another note.  Is that OK?
7           MR. PORTALE:  Yup.
8           THE COURT:  OK.  We'll print that and send it in.
9           MS. DEININGER:  OK.
10          MR. FASULO:  Judge, will we mark that as Court Exhibit
11 No. 1?
12          THE COURT:  The note was Court Exhibit 1.  This will
13 be Court Exhibit 2.
14          MR. FASULO:  OK.  Thank you.
15          THE COURT:  This is the response I propose, as
16 discussed.  Does this look OK?
17          MS. DEININGER:  Yes, this looks fine to the
18 government.
19          MR. PORTALE:  Looks good.  Thank you.
20          THE COURT:  OK.  I'll have Ms. Lee hand a copy to the
21 CSO, who will give it -- or the marshal, who will give it to
22 the jury, and I will mark a copy as Court Exhibit 2.
23          MR. PORTALE:  Judge, in terms of, like, grabbing
24 lunch, can we have lunch from one to two, or do we still have
25 to run back?  How does your Honor want to handle that?

1          THE COURT:  Well, I wouldn't go to Nobu or anything.
2     I wouldn't do a long lunch.  They're going to have lunch
3     brought in, so they can deliberate during lunch, I assume.  You
4     can go have lunch as long as you're able to get back.  I doubt
5     we'll need to call everybody back in the middle of lunch.
6          MR. PORTALE:  OK.  Appreciate it.  Thank you.
7          THE COURT:  OK.  Thanks.
8          (Recess pending verdict)

1                         AFTERNOON SESSION

2                            1:45 p.m.

3            (In open court; jury not present)

4            THE COURT:  Please be seated.

5            We received a note at 1:15 saying we have reached a
6    verdict.

7            Everybody ready to bring out the jury?

8            MR. PORTALE:  Yes.

9            MS. DEININGER:  Yes.

10           (Jury present)

11           THE COURT:  You may be seated.

12           Good afternoon, members of the jury.

13           I received your note, indicating that you have reached
14   a verdict, from juror No. 1, who I understand is the
15   foreperson.

16           Madam foreperson, has the jury reached a verdict?

17           THE FOREPERSON:  Yes.

18           THE COURT:  And is it unanimous?

19           THE FOREPERSON:  It is.

20           THE COURT:  All right.

21           Would you please hand the verdict form to Ms. Lee.

22           I will now take the verdict, and I'm just going to go
23   through each count and indicate how the jury voted with respect
24   to that count.

25           On Count One, conspiracy to commit wire fraud and bank

```
 1   fraud, how does the jury find?
 2             THE FOREPERSON:  Guilty.
 3             THE COURT:  On Count Two, wire fraud, how do you find?
 4             THE FOREPERSON:  Guilty.
 5             THE COURT:  On Count Three, bank fraud, how do you
 6   find?
 7             THE FOREPERSON:  Guilty.
 8             THE COURT:  On Count Four, conspiracy to commit money
 9   laundering, how do you find?
10             THE FOREPERSON:  Guilty.
11             THE COURT:  On Count Five, money laundering, how do
12   you find?
13             THE FOREPERSON:  Guilty.
14             THE COURT:  On Count Six, aggravated identity theft,
15   how do you find?
16             THE FOREPERSON:  Guilty.
17             THE COURT:  On Count Seven, conspiracy to operate an
18   unlicensed money-transmitting business, how do you find?
19             THE FOREPERSON:  Guilty.
20             THE COURT:  Thank you.
21             The verdict shall be recorded as guilty on Counts One
22   through Seven.  I will now poll the members of the jury, just
23   to confirm that it's a unanimous verdict.
24             Juror No. 1, is this your verdict?
25             JUROR:  Yes.
```

O34Wmiz2

1          THE COURT:  Juror No. 2, is this your verdict?
2          JUROR:  Yes.
3          THE COURT:  Juror No. 3, is this your verdict?
4          JUROR:  Yes.
5          THE COURT:  Juror No. 4, is this your verdict?
6          JUROR:  Yes.
7          THE COURT:  Juror No. 5, is this your verdict?
8          JUROR:  Yes.
9          THE COURT:  Juror No. 6, is this your verdict?
10         JUROR:  Yes.
11         THE COURT:  Juror No. 7, is this your verdict?
12         JUROR:  Yes.
13         THE COURT:  Juror No. 8, is this your verdict?
14         JUROR:  Yes.
15         THE COURT:  Juror No. 9, is this your verdict?
16         JUROR:  Yes.
17         THE COURT:  Juror No. 10, is this your verdict?
18         JUROR:  Yes.
19         THE COURT:  And juror No. 11, is this your verdict?
20         JUROR:  Yes.
21         THE COURT:  And juror No. 12, is this your verdict?
22         JUROR:  Yes.
23         THE COURT:  The verdict is unanimous.
24         Counsel, is there any reason the jury may not now be
25  released at this time?

1    MR. PORTALE:  No.

2    MR. KLEIN:  No, your Honor.

3    THE COURT:  Members of the jury, I want to thank you
4 for your service.  This was a long trial, and those of you who
5 haven't done this before, you've learned that trials are much
6 more detailed than they are on TV and they're much longer.  But
7 you guys have been attentive.  You've paid attention, and
8 you've done your job as jurors, and I appreciate that, so I
9 really want to thank you on behalf of the Court and the parties
10 for performing that role.

11    Now you're released from your jury service.  The
12 admonition I've given about talking about the case no longer
13 applies, so you're welcome to talk about the case.  You don't
14 have to talk about the case.  Sometimes the lawyers will want
15 to talk you after, as you're leaving the courthouse, or
16 whatever.  You're welcome to talk to them, but you're also
17 welcome to just say I'd rather not talk about it and leave.

18    The one thing I'd ask is if you do talk to anyone,
19 including the lawyers, about your verdict or about the case,
20 that you please not reveal what other jurors said out of
21 respect for them and really not reveal the details of what
22 people were saying in the jury room, because that's really
23 meant to be a confidential conversation and decision in those
24 deliberations.  But you are welcome to talk about your views of
25 the case.  You could talk to the lawyers or, again, you do not

1  have to. It's completely up to you.
2      You're welcome to go back now. You're now done with
3  jury service. I want to make sure you leave your placards in
4  the jury room or give them to Ms. Lee. Mr. Hampton had to be
5  out today for a family matter. He sends his best.
6      Also, don't take anything with you. Just leave your
7  notes and any other papers you have. We shred those at the end
8  of the case.
9      Again, I will come back in about five or ten minutes
10 just to thank you all for your service, answer any questions
11 about the process, if you have any questions. You're not
12 required to stay for that. You're welcome now to go back and
13 leave as long as you leave your placards. But if you would
14 like to stay behind for a few minutes for me to come back and
15 answer any questions and thank you, you're welcome to do that.
16     Again, thank you all for your service. You are now
17 released from jury duty. You may go back to the jury room now.
18     (Jury discharged)
19     THE COURT: All right. As to posttrial motions,
20 they'll be due according to the federal rules unless the
21 parties want to ask for an extension, which you can do on
22 consent. But you must do it within the time provided for in
23 the rules.
24     Are there any other matters you'd like to address at
25 this time?

O34Wmiz2

1           MR. PORTALE:  Not here, Judge.
2           MR. KLEIN:  Not at this time, your Honor.
3           THE COURT:  OK.  We could set a sentencing date, but I
4  can also have you confer and we can do that at a later time.
5           MR. FASULO:  Judge, we'd like to confer.
6           THE COURT:  You'd like to confer?
7           MR. FASULO:  Yes.
8           MS. DEININGER:  OK.  We can confer and get back to
9  you.
10          THE COURT:  OK.  You can propose a date by letter to
11 Mr. Hampton.
12          OK.  Thanks, everyone.  We're adjourned.
13          (Adjourned)