UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                                    Case No.: 22-CR-650 (JPO)

-against-

MARTIN MIZRAHI,

                                        Defendant.
-------------------------------------------------------------------------X

# MEMORANDUM IN SUPPORT OF DEFENDANT MIZRAHI'S MOTIONS FOR JUDGMENT OF ACQUITTAL AND FOR A NEW TRIAL

Richard Portale, Esq.
Chad Mair, Esq.
Louis Fasulo, Esq.
Portale Randazzo LLP
245 Main Street, Suite 605
White Plains, New York 10601

*Attorneys for the Defendant Martin Mizrahi*

**PRELIMINARY STATEMENT**

MARTIN MIZRAHI, by and through his attorneys, Portale Randazzo LLP, respectfully submits this Memorandum of Law in further support of his application pursuant to Rule 29(b) and (c) of the Federal Rules of Criminal Procedure for judgment of acquittal, or in the alternative, for a new trial pursuant to Rule 33.

Mr. Mizrahi submits that there was insufficient evidence for a jury to conclude, beyond a reasonable doubt, that he committed the offenses charged. The Government failed to prove each and every element of the crimes charged beyond a reasonable doubt, and this Honorable Court. should enter a Judgment of Acquittal.

In addition, and in the alternative, Mr. Mizrahi seeks a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

**BACKGROUND**

Jury selection commenced and was completed on February 14, 2024. The trial lasted nine days. The Government called fifteen witnesses, including two co-defendants testifying pursuant to cooperation agreements. Mr. Mizrahi testified on his own behalf and called an additional four witnesses. The Government did not present a rebuttal case.

On March 4, 2024, a jury in the Southern District of New York returned guilty verdicts against Mr. Mizrahi for all seven counts in the superseding indictment. ECF 62.

The superseding indictment charged Mr. Mizrahi with participating in three conspiracies: a conspiracy to commit wire fraud and bank fraud (Count 1), a conspiracy to commit money laundering (Count 4), and a conspiracy to operate an unlicensed money transmitting business

(Count 7). Mr. Mizrahi was also charged substantive wire fraud (Count 2), substantive bank fraud (Count 3), substantive money laundering (Count 5), and aggravated identity theft (Count 6).

Following the close of the Government's case, Mr. Mizrahi moved for a judgment of acquittal pursuant to Rule 29, which was denied without prejudice (Tr. 1401, lines 1-14).

## **LEGAL STANDARD**

The Federal Rules of Criminal Procedure require a Court to "to enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A defendant may move for a judgment of acquittal after the government closes its evidence, after the close of all evidence, or after the jury has returned its verdict or has been discharged. See Fed. R. Crim. P. 29(a), (c)(1) and (c)(2). A defendant may also renew a previously denied Rule 29 motion, so long as renewal occurs within 14 days after the guilty verdict or discharge of the jury, whichever is later. See Fed. R. Crim. P. 29(c)(1).

A judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 must be entered if no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999) (citing *United States v. Mariani*, 725 F.2d 862, 865 (2d Cir. 1984)). A criminal defendant who challenges the sufficiency of evidence shoulders a heavy burden, but not an impossible one. *See*, e.g., *United States v. Samaria*, 239 F.3d 228, 233 (2d Cir. 2001); *United States v. Nusraty*, 867 F.2d 759, 765-67 (2d Cir. 1989); *United States v. Hassan*, 578 F.3d 108, 122 (2d Cir. 2008). A reviewing Court should defer to a jury's assessments with respect to credibility, conflicting testimony, and "the jury's choice of the competing inferences that can be drawn from the evidence," *Samaria*, 239 F.3d at 233 (quoting *United States v. Morrison*, 153 F.3d

34, 49 (2d. Cir. 1998). However, specious inferences should not be credited. *See United States v. Gore*, 154 F.3d 34, 40 (2d Cir. 1998), and "a conviction based on speculation and surmise alone cannot stand." *United States v. D'Amato*, 39 F.3d 1249, 1256 (2d Cir. 1994); *see also*, *United States v. Stewart*, 305 F. Supp 2d 368, 376 (SDNY 2004). However, "if the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt." *United States v. Hawkins*, 547 F.3d 66, 71 (2d Cir. 2008), (quoting *United States v. Glenn*, 312 F.3d 58, 70 (2d Cir. 2002)); *United States v. Cassese*, 428 F.3d 92, 99 (2d Cir. 2005) (same).

In order to prove a conspiracy charge against a defendant, the government must present "some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it." *Gore*, 154 F.3d at 40, *quoting United States v. Sanchez Solis*, 882 F.2d 693, 696 (2d Cir. 1989); *United States v. Gaviria*, 740 F.2d 174, 183 (2d Cir. 1984). A conspiracy conviction cannot be sustained unless the government established beyond a reasonable doubt that the defendant had the specific intent to violate the substantive statute. *Hassan*, 578 F.3d at 123 (*quoting United States v. DiTommaso*, 817 F.2d 201, 218 (2d Cir. 1987)). Thus, a motion for a judgment of acquittal must be granted where, "in order to find the essential element of criminal intent beyond a reasonable doubt, a rational juror would have to speculate." *Stewart*, 305 F. Supp. 2d at 370.

To sustain a conviction for money laundering, the Government must show that the funds laundered were in fact illicit proceeds, not simply that the defendant believed the proceeds were illicit. *See, Hassan*, 578 F.3d at 127 ("The circumstantial evidence that the government presented

does not, in any way, support an inference that [Defendant's] proceeds were the result of the specified illegal activity…").

In considering a motion to vacate pursuant to Federal Rule of Criminal Procedure 33, the Court's discretion is much broader than under a Rule 29 analysis. The Court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. A motion for a new trial under Rule 33 permits the court to evaluate the weight of the evidence and the credibility of witnesses, and it "confers broad discretion upon a trial court to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Polouizzi*, 564 F.3d 142, 159 (2d Cir. 2009). A district court must determine whether "it would be a manifest injustice to let the guilty verdict stand." *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992) (quoting *United States v. Reed*, 875 F.2d 107, 114 (7th Cir. 1989)). The Court must find that the verdict is supported by "competent, satisfactory and sufficient" evidence. *Id*. The Court must "strike a balance between weighing the evidence and credibility of witnesses and not 'wholly usurping' the role of the jury", but in "exceptional circumstances", the Court may "intrude upon the jury function of credibility assessment." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001), *internal cites omitted*. The Court should grant a new criminal trial if there is "a real concern that an innocent person may have been convicted." *United States v. Parkes*, 497 F.3d 220, 232 (2d Cir. 2007) (*quoting Ferguson*, 246 F.3d 129 at 134). Unlike in the context of a Rule 29 motion, in the context of a Rule 33 motion, in making its determination the Court "is not required to view the evidence in the light most favorable to the government," *United States v. Lopac*, 411 F.Supp.2d 350, 359 (SDNY 2006) (emphasis added); *see also United States v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998), but instead must "examine the entire case, take into account all facts and circumstances, and make an objective evaluation[,]" *Ferguson*, 246 F.3d at 134.

## A JUDGMENT OF ACQUITTAL SHOULD BE GRANTED AS THE EVIDENCE WAS LEGALLY INSUFFICIENT TO SUSTAIN THE CONVICTIONS

Even viewed in the light most favorable to the government, the evidence failed to prove beyond a reasonable doubt that Mr. Mizrahi knowingly and intentionally participated in the alleged conspiracies or acted with the requisite intent to further the goals of the alleged conspiracies.

Count 1 required that the Government prove beyond reasonable doubt that from approximately April to June 2021, an agreement or understanding existed among two or more persons to commit wire fraud or bank fraud and that Mr. Mizrahi knowingly and willfully joined the conspiracy, with the intent to commit wire fraud or bank fraud.

Count 4 required that the Government prove beyond reasonable doubt that there was an agreement or understanding between two or more persons to commit laundering and that Mr. Mizrahi knowingly and willfully became a member of the conspiracy, with the intent commit money laundering.

Count 7 required that the Government prove beyond reasonable doubt that an agreement or understanding existed between two or more persons to violate 18, United States Code, Section 1960(a) regarding the operation of an unlicensed money transmitting business, that Mr. Mizrahi knowingly and willfully became a member of the conspiracy, with the intent of furthering its purpose, and that any member of conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

The Government failed to prove the elements of the alleged conspiracies beyond a reasonable doubt. The evidence presented in this case demonstrated that Joel Zubaid, David Goran, and others worked together to perpetrate a series of frauds. The evidence did not demonstrate that Mr. Mizrahi was knowingly and willfully a part of their schemes.

Similarly, the evidence failed to prove beyond reasonable doubt that Mr. Mizrahi committed the substantive crimes alleged in Counts 2, 3, 5, and 6.

Count 2 (wire fraud) required that the Government prove beyond reasonable doubt that there was a scheme or artifice to defraud or to obtain money or property by false or fraudulent pretenses, representations, or promises; that Mr. Mizrahi knowingly and willfully participated in that scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and that in the execution of that scheme, Mr. Mizrahi used or caused the use of interstate wires.

The evidence presented by the Government in this case did not establish the elements of wire fraud beyond reasonable doubt. The Government failed to establish that Mr. Mizrahi maintained the specific intent to defraud through false or fraudulent pretenses, representations, or promises, or that he knowingly and willfully participated in that scheme or artifice to defraud.

Count 3 (bank fraud) required that the Government prove beyond reasonable doubt that there was a scheme or artifice to defraud a bank or a scheme or artifice to obtain money owned by or under the custody or control of a bank, by means of materially false or fraudulent pretenses, representations, or promises; that Mr. Mizrahi executed or attempted to execute the scheme with the intent either to defraud the bank or credit union or to obtain money or funds owned by or under the custody or control of the bank; and that the bank involved was federally insured.

The evidence presented by the Government in this case did not establish the elements of bank fraud beyond reasonable doubt. The Government failed to establish that Mr. Mizrahi intended to defraud a bank or credit union or obtain funds owned by or under the custody or control of the bank.

Count 5 (money laundering) required that the Government prove beyond reasonable doubt that Mr. Mizrahi knowingly conducted or attempted to conduct a financial transaction that in some way affected interstate commerce; that this transaction involved the proceeds of specified unlawful activity—in this case meaning wire fraud, bank fraud, or the sale and distribution of narcotics; that Mr. Mizrahi knew that the financial transaction involved the proceeds of some form of unlawful activity; and that Mr. Mizrahi acted with intent to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity.

The evidence presented by the Government in this case did not establish the elements of money laundering beyond reasonable doubt. The Government failed to establish that the proceeds at issue in this case were the proceeds of specified unlawful activity, that Mr. Mizrahi knew that the financial transaction involved the proceeds of some form of unlawful activity, or that Mr. Mizrahi acted with intent to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity.

Count 6 (aggravated identity theft) required that the Government prove beyond reasonable doubt that Mr. Mizrahi knowingly used (or transferred or possessed) a means of identification of another person; that Mr. Mizrahi used the means of identification during and in relation to the offense of wire fraud, bank fraud, or conspiracy to commit wire fraud and bank fraud; and that Mr. Mizrahi acted without lawful authority.

The evidence presented by the Government in this case did not establish the elements of money laundering beyond reasonable doubt. The Government failed to establish that Mr. Mizrahi knowingly used (or transferred or possessed) a means of identification of another person without lawful authority.

The court should enter a judgment of acquittal for each of the counts of conviction because the evidence adduced at trial gives equal, or nearly equal, circumstantial support as to a theory of guilt as it does to a theory of innocence on the issue. The Government's evidence was simply insufficient.

## **A NEW TRIAL SHOULD BE ORDERED AS THE JURY'S VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE**

In the alternative, this Honorable Court should vacate the judgment and grant a new trial pursuant to Rule 33 (a) of the Federal Rules of Criminal Procedure. After this Honorable Court weighs the evidence for itself, including assessing the credibility of the witnesses, *Sanchez*, 969 F.2d at 1413; *see also Landau*, 155 F.3d at 104 ("It is inherent in the proposition that the district judge may weigh the evidence that the judge will consider the credibility of witnesses."), *citing, Song v. Ives Laboratories, Inc.,* 957 F.3d 1041, 1047 (2d Cir. 1992) (upholding grant of new trial in wrongful termination case where the evidence of unsatisfactory job performance "rested almost entirely on the testimony of [appellant's] co-workers regarding his allegedly poor inter-personal skills and professional relationships"), "it would be a manifest injustice to let the guilty verdict stand." *Sanchez*, 969 F.2d at 1414.

Mr. Mizrahi does not dispute that he knew and was friendly with Joel Zubaid. While the testimony of Zubaid and Goran may have indicated that Mr. Mizrahi was aware of what was happening, examining the whole of their testimony, no rationale jury could have relied upon such testimony to find proof beyond a reasonable doubt of Mr. Mizrahi's guilt. Zubaid's testimony in particular was so self-serving and inconsistent that this Court should find that his testimony was, in fact, not credible.

There was no evidence of his knowing involvement in the conspiracies charged, nor was there any evidence of Mr. Mizrahi's purposeful behavior from which a rational juror could find Mr. Mizrahi's knowing participation in the conspiracies. No rational juror could have found guilt beyond a reasonable doubt that Mr. Mizrahi knowingly and willfully joined and/or formed an agreement with others to commit the frauds identified in the superseding indictment. The evidence before the jury did not establish beyond reasonable doubt Mr. Mizrahi's guilt for any of the three conspiracies charged in the superseding indictment (Counts 1, 4, 7).

Similarly, it was against the weight of the evidence for the jury to find that Mr. Mizrahi possessed the requisite *mens rea* to satisfy the elements of Counts 2, 3, 5, and 6.

The foregoing reasons support the granting of a new trial.

## CONCLUSION

For the foregoing reasons, Mr. Mizrahi respectfully request This Honorable Court grant his motion for acquittal pursuant to Rule 29, or in the alternative, order a new trial pursuant to Rule 33.

DATED:   White Plains, New York
         April 1, 2024

Respectfully Submitted,

 _/s/ Richard Portale_____
Portale Randazzo LLP
Richard Portale, Esq.
Chad Mair, Esq.
Louis Fasulo, Esq.
245 Main Street, Suite 605
White Plains, New York 10601

*Attorneys for the Defendant Martin Mizrahi*

9