UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

       - v. -        :

MARTIN MIZRAHI,        :
       a/k/a "Marty Mizrahi,"

       Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

S2 22 Cr. 650 (JPO)

WHEREAS, on or about December 19, 2023, MARTIN MIZRAHI (the "Defendant"), among others, was charged in a seven-count Superseding Indictment, S2 22 Cr. 650 (JPO) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Three); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Four); money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(b)(i) and (2) (Count Five); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A and 2 (Count Six); and conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371 (Count Seven);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) 982(a)(2)(A) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment, including

but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment and the following specific property:

        a.      $690,000.00 in United States currency formerly on deposit in Bank of America, N.A. Account Number XXXXXXXX2359 held in the name of LV.Net LLC LV Net (the "LV Net Funds");

        b.      $81,284.03 in United States currency formerly on deposit in Bank of America, N.A. Account Number XXXXXXXX2488 held in the name of California Iolta Trust Accounts Madaen Law Inc.;

(the "Indictment Property");

WHEREAS, the Indictment included forfeiture allegations as to Counts Four and Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the commission of the offenses charged in Counts Four and Five of the Indictment, including but not limited to a sum of money in United States currency representing the amount of property involved in the offenses in Counts Four and Five of the Indictment and the Indictment Property;

WHEREAS, on or about January 12, 2022, the Government filed a Verified Complaint for Forfeiture, 22 Civ. 266 (PMH), seeking the forfeiture of the Indictment Property;

WHEREAS, on or about March 4, 2024, following a jury trial, the Defendant was found guilty of Counts One through Seven of the Indictment;

WHEREAS, the Government asserts that $4,545,704.00 in United States currency represents: $690,000 in wire fraud proceeds involved in the offenses charged in Counts Four and Five of the Indictment (i.e., the LV Net Funds), and an additional $3,855,704 in narcotics trafficking proceeds involved in the offenses charged in Counts Four and Five of the Indictment;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $4,545,704.00 in United States currency, which represents the amount of property involved in the offenses charged in Counts Four and Five of the Indictment;

WHEREAS, the Government also seeks the forfeiture of all of the Defendant's right, title and interest in the LV Net Funds, which constitutes property involved in the offenses charged in Counts Four and Five of the Indictment (the "Specific Property");

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Three of the Indictment that the Defendant personally obtained, and the property involved in the offenses charged in Counts Four and Five of the Indictment, cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    As a result of the offenses charged in Counts One through Five of the Indictment, to which the Defendant was found guilty, a money judgment in the amount of $4,545,704.00 in United States currency (the "Money Judgment") shall be entered against the Defendant.

2.    As a result of the offenses charged in Counts Four and Five of the Indictment, to which the Defendant was found guilty, all of the Defendant's right, title and interest

in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, MARTIN MIZRAHI, and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty

(30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.    The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

Dated:  September 10, 2024
        New York, New York

J. PAUL OETKEN
United States District Judge